SILVERMAN & ASSOCIATES
ROBERT B. SILVERMAN SBN 170517
25 S. OAK KNOLL AVE., SUITE 504
PASADENA, CA 91101
TEL: (714) 936-7499
FAX: (888) 308-5099

FILED
11 JAN 18 AM 10:47
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ______

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| 1 800 GET THIN, LLC<br>Plaintiff,<br>vs.<br>Michael Hiltzik; Does 1-~~50~~ 10, inclusive;<br>Defendants | Case Number: CV11 0505 ODW (Ex)<br><br>COMPLAINT FOR VIOLATION OF THE LANHAM ACT |

**PLEASE TAKE NOTICE THAT** Plaintiff 1 800 GET THIN, LLC hereby asserts and alleges a cause of action against defendants as follows:

## JURISDICTION

1. This is an action for violation of the Lanham Act under 15 U.S.C. § 1125(a). This court has subject matter of this claim for violation of the Lanham Act under 28 U.S.C. § 1331.

## PARTIES

2. Plaintiff is a company that is organized under the laws of the state of California. Its principal place of business is Beverly Hills, California.

3. Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, Defendant, Michael Hiltzik ("HILTZIK"), is a columnist with the

Los Angeles Times, a newspaper of general circulation and is believed to be an individual who resides in the County of Los Angeles, State of California.

4. Defendants John Does 1-29 ("Defendants") are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that each of Plaintiff's damages as herein allege were proximately caused by such Defendants.

## GENERAL ALLEGATIONS

5. Plaintiff is a marketing service that seeks prospective individuals to call a free phone number where they will receive a free seminar on the Lap-Band surgical weight loss procedure. At the free seminar, the prospective individual will meet with a medical professional who along with other medical professionals will handle all medical care and procedures. Plaintiff advertises the phone number 1 800 GET THIN. As part of its business, Plaintiff does not provide any type of medical care or treatment and is purely a marketing service.

6. Plaintiff is in the process of registering 1 800 GET THIN as a federally protected trademark.

7. HILTZIK, in his position as a columnist, authored four (4) negative columns about Plaintiff. The columns were published on or about February 14, 2010, March 4, 2010, April 18, 2010, and December 19, 2010 in the print newspaper LOS ANGELES TIMES and were subsequently published either on the same day or the next calendar day on LATIMES.COM.

8. Each of the identified DOE Defendants has published or has caused to be published comments relating to Plaintiff's business on the website identified as LATIMES.COM. The website is available to any individual within the County of Los Angeles including worldwide accessibility. As a result, Plaintiff has been

damaged and continues to be damaged at Plaintiff's business offices in Los Angeles County.

9. Plaintiff herein alleges that all of the comments by the DOE Defendants constituting the causes of actions stated herein were published on the website known as LATIMES.COM. The LATIMES.COM website is an independent entity and/or organization but has unknown affiliations with the newspaper of general circulation known as the LOS ANGELES TIMES. Plaintiff herein alleges that the major difference between the two media forums is that the LATIMES.COM website allows for the posting of comments by the public in reaction to the published column. LATIMES.COM website allows certain posted comments immediately following the published column. Each organization has common ownership under an umbrella company known as LOS ANGELES TIMES MEDIA GROUP and ultimately is a wholly owned subsidiary of an organization known as TRIBUNE COMPANY.

10. All of the comments that form the basis of this Complaint were posted by the DOE Defendants in response to the columns authored by HILTZIK and published on the LATIMES.COM website.

11. Plaintiff herein alleges that HILTZIK has been engaged and continues to be engaged in a personal vendetta to cause financial harm to Plaintiff by intentionally publishing false and fraudulent information about Plaintiff via his published columns. HILTZIK has openly acknowledged to at least one individual that he will continue to write articles about Plaintiff until such time that Plaintiff is placed out of business.

12. Plaintiff herein alleges that the LOS ANGELES TIMES and/or LATIMES.COM acknowledges that HILTZIK is a columnist, a person who writes articles of opinion and is not a journalist. In fact, Plaintiff herein alleges that as described herein, HILTZIK was removed as a journalist due to his inappropriate and unethical conduct. HILTZIK is not edited for content by the LOS ANGELES

TIMES as he is not considered to be a journalist and his published articles are not considered to be newsworthy but rather glorified op-ed pieces. HILTZIK'S columns are published by the LOS ANGELES TIMES and LATIMES.COM twice weekly with a mid-week publication on Wednesday and a Sunday column.

13. Plaintiff herein alleges that on or about 2005; the LOS ANGELES TIMES published a set of ethical guidelines and mandated that its employees follow such standards. Plaintiff asserts that the Ethic Guidelines are published on the LATIMES.COM website. The Ethic Guidelines, among other things, require that employees do not use the LOS ANGELES TIMES for their own personal financial benefit or in pursuit of personal vendettas. The Guidelines, among other things, also require that employees act with Fairness when publishing columns in the LOS ANGELES TIMES. As alleged herein in the Complaint, HILTZIK has operated and continues to operate in a manner inconsistent with the Ethical Guidelines all with the knowledge and consent of the LOS ANGELES TIMES and/or LATIMES.COM.

14. Plaintiff on several occasions has notified the LOS ANGELES TIMES about the inappropriate and unethical conduct of HILTZIK. To date, the LOS ANGELES TIMES has either failed to respond to said allegations, failed to investigate and/or have failed to take any action whatsoever.

15. Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified and alerted to the fact that HILTZIK on more than one occasion has lied about his identity in order to obtain information about Plaintiff in an attempt to use such coerced information in columns targeted against Plaintiff.

16. Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified and alerted to the fact that HILTZIK on more than one occasion has misrepresented facts to individuals, in fact, asserting that the individual was participating in a federal crime by working for Plaintiff, all in an effort to obtain information for use in columns targeted against Plaintiff. To date, Plaintiff has

never been charged with the commission of any crimes, as falsely alleged by HILTZIK.

17. Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified and alerted to the fact that HILTZIK has personally and continually coordinates the sharing and disclosure of information discovered with private attorneys who are currently engaged in litigation with Plaintiff all in an effort to either obtain personal financial gain and/or to use such information in his columns against the Plaintiff and/or use such information to directly influence the outcome of the pending litigation concerning the Plaintiff. Specifically, Plaintiff herein alleges that HILTZIK uses his column to the advantage of party(s) adverse to Plaintiff and/or to taint the jury pool in favor of the parties adverse to Plaintiff by intentionally writing false and misleading facts or intentionally omitting material facts about the case all in an effort to place Plaintiff in a false and defamatory light.

18. Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified that HILTZIK intentionally misrepresented to individuals that HILTZIK was going to write a positive column about Plaintiff in an effort to obtain confidential information about Plaintiff and use such information obtained in his columns against Plaintiff.

19. Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified that HILTZIK intentionally misrepresented in his columns about Plaintiff that one particular individual had his medical license suspended in 2009 when in fact the license was actually revoked in 2007. Plaintiff hereby asserts that HILTZIK had access to and was in possession of the public Medical Board records documenting the true facts and despite this information, HILTZIK intentionally published such false and misleading facts to intentionally create a fabricated illusion that this individual was involved in the practice of medicine during periods of time that were the focus of the columns against Plaintiff.

20. Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified and alerted to the fact that HILTZIK has intentionally provided false, fraudulent and misleading facts in his columns about Plaintiff. In fact, Plaintiff herein alleges that the acts of HILTZIK were so intentionally false, fraudulent and misleading, that the LOS ANGELES TIMES actually issued two (2) corrections to the April 18, 2010 column published by HILTZIK.

21. Plaintiff hereby asserts that one such correction to which the LOS ANGELES TIMES has been notified and alerted was the fact that HILTZIK intentionally stated that a deceased individual was a foot taller than his actual height. By making such false and fraudulent assertions, HILTZIK implied to all readers that Plaintiff engaged in insurance fraud and provided a surgical procedure to an otherwise unqualified candidate, all accusations asserted by HILTZIK in his columns written against Plaintiff and further published by DOE Defendants in the comment section following the column. HILTZIK knew or should have known that the facts as reported were false and fraudulent as HILTZIK was in possession of the Los Angeles County Coroner report, interviewed the family of the individual and obtained other information which would have provided HILTZIK with the true facts. Despite having such true and correct information, HILTZIK via the LOS ANGELES TIMES and the LATIMES.COM website intentionally published such false and fraudulent information.

22. Plaintiff herein alleges that the LOS ANGELES TIMES has been notified and alerted to the fact that individuals attempted to post positive comments about Plaintiff in response to the false, fraudulent, misleading and negative attacks about Plaintiff and that such positive comments were edited and/or otherwise denied publication. Plaintiffs herein allege that when HILTZIK operated his own blog with the LOS ANGELES TIMES, HILTZIK inappropriately controlled the publication of content on the blog and was reprimanded for such conduct. Plaintiff herein alleges on information and belief that HILTZIK was either directly or

indirectly involved in the censorship of the positive comments in support of the Plaintiffs.

23. Plaintiff herein alleges that on or about 1993, HILTZIK was caught snooping into the emails of his colleagues. Specifically, it was alleged that HILTZIK obtained other individual passwords and entered those passwords into the computer system at times that those individuals were not present to log into the system. It is further alleged that HILTZIK was caught when 2 fake emails were intercepted by HILTZIK and HITLZIK later inquired about the content of the fake intercepted emails. As a result of the inappropriate conduct, HILTZIK was disciplined by the LOS ANGELES TIMES and removed from his assigned post in Moscow.

24. Plaintiff herein alleges that on or about 2006; HILTZIK was suspended by the LOS ANGELES TIMES for such inappropriate and unprofessional behavior known as "sock-puppeting." Sock puppeting is when a person uses an alias and then posts either positive or negative comments in an effort to either create false positive or negative comments thereby creating an illusion that such comments are legitimately being done by neutral disinterested third parties. As a result of the inappropriate and unethical conduct, HILTZIK's on-line blog with the LOS ANGELES TIMES was removed, HILTZIK was temporarily suspended for his actions and HILTZIK was reassigned to a position as a columnist and not as a journalist as his integrity and credibility as a journalist was completely destroyed based upon this and other acts of unethical conduct.

25. Plaintiff herein alleges that HILTZIK has demonstrated and continues to demonstrate inappropriate, unethical and possible illegal conduct associated with the publication of columns against Plaintiff, all with the consent and approval of the LOS ANGELES TIMES and/or LATIMES.COM.

26. Plaintiff herein alleges on information and belief that HILTZIK has personally created through the use of aliases, some of the comments attributable to

the DOE Defendants listed herein, all consistent with HILTZIK's documented inappropriate and unethical past acts of sock-puppeting for which HILTZIK was previously suspended and otherwise sanctioned.

27. In the alternative, Plaintiff herein alleges that HILTZIK has personally assisted the Doe Defendant(s) in providing them with specific information to post in the comments in support of the columns against the Plaintiffs and/or as against other individuals who posted positive comments in support of the Plaintiffs all as documented by HILTZIK's past behavior of inappropriate and unethical conduct.

28. Plaintiff herein alleges on information and belief that HILTZIK has acted in such a manner to support his personal attacks and vendetta against Plaintiff and to use the forum of posting anonymous third party comments to attack Plaintiff in a way that would not otherwise subject HILTZIK to liability.

29. Plaintiff herein alleges that the LATIMES.COM website specifically states and informs any individual posting comments that, any comments posted to its website are neither protected nor privileged forms of speech. The LATIMES.COM website also requires individuals posting comments to register with the website and agree to the "Terms of Service". The LATIMES.COM website claims that after registration, comments are reviewed for content and screened prior to actual publication on the website.

30. With regard to the "Terms of Service", said Terms place responsibilities on individual posters with regard to the comments they submit, as well as informing the individual user that LATIMES.COM will provide access to the user(s) information should the user cause injury to others in providing such content to LATIMES.COM. And as further alleged herein, the "Terms of Service" specifically do not provide protection from liability for any comments made by registered users of LATIMES.COM.

31. Plaintiff hereby alleges that the "Terms of Service" state:

"Registration. Registration is not required to view certain Content. However, you are required to register if you wish to post a comment or upload a video, or view certain other Content. If you become a Registered Member of latimes.com, you accept responsibility for all activities that occur under your Registration Account."

32. Plaintiff asserts that as explicitly made clear by the LATIMES.COM website, a party commenting on LATIMES.COM remains fully liable for any injuries his/her comments may cause.

33. Plaintiffs hereby allege that with regard to user liability, the "Terms of Service" further state:

User Content Assumption of Risk. latimes.com cannot and does not monitor or manage all User Content, and does not guarantee the accuracy, integrity, or quality of User Content. All User Content provided to latimes.com is the sole responsibility of the person who provided it. This means that you are entirely responsible for all User Content that you provide.

34. Plaintiff further asserts this section of the "Terms of Service" again makes explicitly clear that a party commenting on latimes.com does remain fully liable for any injuries his/her comments may cause.

35. In addition to the LATIMES.COM statement that liability for a user's comments lies with the user, the "Terms of Service" also contain representations and warranties that every user must agree to make in registering with the cite. Those representations and warranties state:

User Content Representations and Warranties. By placing material on latimes.com, including but not limited to posting content or communications to any latimes.com bulletin board, forum, blogspace,

> message or chat area, or posting text, images, audio files or other audio-visual content to the site ("User Content"), you represent and warrant: (1) you own or otherwise have all necessary rights to the User Content you provide and the rights to provide it under these Terms of Service; and, (2) the User Content will not cause injury to any person or entity.

36. The Terms of Service also provide "User Content Posting Rules" which contain a list of proscribed activities in which users of latimes.com are not to engage.

> User Content Posting Rules. Any decisions as to whether User Content violates any Posting Rule will be made by latimes.com in its sole discretion and after we have actual notice of such posting. When you provide User Content, you agree to the following Posting Rules:
>
> ...Do not provide User Content that:...
>
> - is defamatory, threatening, disparaging, grossly inflammatory, false, misleading, fraudulent, inaccurate, unfair, contains gross exaggeration or unsubstantiated claims, violates the privacy rights of any third party, is unreasonably harmful or offensive to any individual or community.
> - violates any right of latimes.com or any third party...
> - violates or encourages the violation of any municipal, state, federal or international law, rule, regulation or ordinance.

37. Should any of the User Content Posting Rules be violated, LATIMES.COM reserves the right to remove such User Content as it sees fit. Specifically, the "Terms of Service" state:

> User Content Screening and Removal. You acknowledge that latimes.com and/or its designees may or may not pre-screen User Content, and shall have the right (but not the obligation), in their sole discretion, to move, remove, block, edit, or refuse any User Content for any reason, including without limitation that such User Content violates these Terms of Service or is otherwise objectionable.

38. In addition to giving LATIMES.COM the right to do with User Content as it will in the face of the "Terms of Service" violations, the "Terms of Service" also allow third-parties access to such information and information disclosed in a user's registration submission. The "Terms of Service" state:

> Use of Information by latimes.com. You acknowledge, consent and agree that latimes.com may preserve and disclose your Registration Account information and the contents of your online communications if required to do so by law, or in good faith belief that preservation and/or disclosure is reasonably necessary for the following purposes:
>
> (1) to comply with legal process, such as a court order, search warrant, or subpoena; (2) to enforce the terms of this Terms of Service; (3) to render service to you request; (4) to protect the rights or property of latimes.com, TI, and their third party suppliers and licensors; or (5) in circumstances that we deem, in our sole discretion, to pose a threat to the safety of you or others.

39. Plaintiff asserts that as a third-party, having been injured by users of the LATIMES.COM website, Plaintiff is entitled to access not only User Content but a user's registration information in the ordinary course of business in pursuing a lawsuit for damages as against said users.

40. The Privacy Policy for LATIMES.COM, likewise, does not provide any further protection for a user's information than that provided in the "Terms of Service". Specifically, the Privacy Policy provides:

> Information sharing and disclosure.
>
> ...We may disclose your information in response to subpoenas, court orders, or other legal process, or to establish or exercise our legal rights or to defend against legal claims.
>
> We may disclose your information when we believe it necessary or desirable in order to investigate, prevent, or take action regarding illegal activities, suspected fraud, situations involving potential threats to the physical safety of any person, violations of[sic] our Terms of Service, and/or to protect our rights and property (emphasis added).

41. When reviewing the "Terms of Service" and "Privacy Policy" for LATIMES.COM, it is clear that any comments posted to the site are not protected speech and information regarding users is discoverable in legal actions regarding any injuries allegedly caused by user comments.

**<u>First Cause of Action</u>**

**<u>Violation of the Lanham Act</u>**

**<u>(Against Michael Hiltzik)</u>**

42. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference, as though set forth in full.

43. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

44. HILTZIK has written four columns regarding Plaintiff during the past year. The columns were published on or about February 14, 2010, March 4, 2010, April 18, 2010, and December 18, 2010 in the print newspaper LOS ANGELES TIMES and were subsequently published either on the same day or the next calendar day on LATIMES.COM.

45. Throughout his columns, HILTZIK has sought to equate Plaintiff with both a former and current outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

46. For example, in his most recent column of December 19, 2010, HILTZIK wrote:

> "Renteria's death may finally prompt California's medical regulators to take a close look at the weight-loss surgeries marketed by an outfit called TopSurgeons through the 1-800-GET-THIN number."

Plaintiff herein alleges that this is a false statement and was made with the purpose of disparaging and/or otherwise diluting the trademark of 1-800-GET-THIN. In addition, Plaintiff herein alleges that HILTZIK also published or allowed to be published 1 800 GET THIN next to patient death, thereby creating at least an inference that 1 800 GET THIN was responsible for the death of the Ms. Renteria for which act has further caused dilution of the trademark.

47. In that same column, HILTZIK also stated:

> "The Medical Board of California informed Renertia's family July 27 that it was reviewing the medical care she had received from Dr. Atul Madan, who is identified by the coroner as her surgeon at a Beverly Hills clinic connected to the billboard campaign."

48. Both this statements equate Plaintiff with other entities, with the latter equating Plaintiff with a surgery center. These statements also seem to imply Plaintiff is the cause of the patient's death and that Plaintiff is a medical practitioner. These statements are demonstrative of the pattern and practice of HILTZIK throughout the four columns mentioned in which he wrongfully equates Plaintiff with medical facilities and/or medical professionals.

49. As stated above, Plaintiff is a marketing service that places people seeking medical services in contact with medical professionals through a free phone call and free seminar. Plaintiff does not engage in the practice of medicine.

50. The columns and comments therein written by HILTZIK were of and concerning Plaintiff and would be understood as such by any other individual who read the publication.

51. By those comments, HILTZIK in connection with goods or services, used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

52. Specifically, HILTZIK has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

53. Plaintiff is informed and believes that HILTZIK's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

54. Plaintiff is informed and believes that HILTZIK, by his actions, has caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

55. Plaintiff alleges that HILTZIK, based on his actions, has violated 15 U.S.C. § 1125(a) which gives rise to this action.

56. As a result of HILTZIK's actions, Plaintiff has and continues to suffer injury including a decrease in phone calls which ultimately results in a loss of profit. Plaintiff will seek to amend this Complaint if necessary and when said amount has been ascertained.

**Second Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #1)**

57. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference, as though set forth in full.

58. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

59. On or about February 14, 2010, Doe Defendant #1, an anonymous user identified with the screen name of SNAPSHOTS ("SNAPSHOTS") published the following on the website of LATIMES.COM: "Thank you for researching what could very clearly be a public health and personal financial risk to many unwitting people who may be desperate and frustrated in their attempts to stop overeating. Dishonesty and bad medical practices are a recipe for disaster."

60. This comment was published in response to and directly below the February 14, 2010 published column written by HILTZIK.

61. The publication SNAPSHOTS made was of and concerning Plaintiff and would be understood as such by any other individual who read the publication.

62. By those comments, Defendant in connection with goods or services, used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

63. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

64. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

65. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

66. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Third Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #2)**

67. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

68. On or about February 14, 2010, Doe Defendant #2, an anonymous user identified with the screen name of Adrian_Dallas ("Adrian") published the following on the website of LATIMES.COM: "And I don't want to be inundated in the months and years to come by the inevitable sad little lawsuits of those fleeced by the clearly (almost?) criminal con-men who own 1-800-GET-THIN."

69. This comment was published in response to and directly below the February 14, 2010 column written by HILTZIK.

70. The publication Adrian made was of and concerning Plaintiff and would be understood as such by any other individual who read the publication.

71. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

72. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

73. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

74. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

75. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Fourth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #3)**

76. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

77. On or about February 14, 2010, Doe Defendant #3, an anonymous user identified with the screen name of jkrischel ("Jkrischel") published the following on the website of LATIMES.COM: "The fact that we're suggesting to people that surgery should be considered, when it is simply carbohydrate intake that is the problem, is macabre."

78. This comment was published in response to and directly below the February 14, 2010 column written by HILTZIK.

79. The publication Jkrischel made was of and concerning Plaintiff and would be understood as such by any other individual who read the publication.

80. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

81. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

82. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

83. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

84. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Fifth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #4)**

85. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

86. On or about February 14, 2010, Doe Defendant #4, an anonymous user identified with screen name neoserf ("Neoserf") published the following on the website of LATIMES.COM: "This is not some big controversy or earth-shaking conspiracy, but the shady business practices employed by this company validate the inkling engendered by the profusion of billboards that it's all about the money machine, and not about helping obese people make a good decision when embarking on a profound change in every aspect of their nutritional lives such as gastric bypass surgery."

87. This comment was published in response to and directly below the February 14, 2010 column written by HILTZIK.

88. The publication Neoserf made was of and concerning Plaintiffs and was so understood by those who read the publication.

89. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

90. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

91. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

92. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

93. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits

**Sixth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #5)**

94. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

95. On or about February 14, 2010, Doe Defendant #5, an anonymous user identified by screen name paulmayer ("Mayer") published the following on the website of LATIMES.COM: "It is amazing how characters like these are given so much freedom to perform procedures that do not fall within the guidelines established by the National Institute of Health. They are liars and cheats whose licenses have been revoked. Were I ever in need of such a procedure, I would never go to Topsurgeons."

96. This comment was published in response to and directly below the February 14, 2010 column written by HILTZIK.

97. The publication Mayer made was of and concerning Plaintiff as it directly related to the column about Plaintiff and was so understood by those who read the publication by Mayer to be about Plaintiff.

98. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

99. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

100. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

101. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

102. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Seventh Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #6)**

103. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

104. On or about February 15, 2010, Doe Defendant #6, an anonymous user identified by screen name dalefogden ("Fogden") published the following on the website of LATIMES.COM: "Let's hope these crooks get what's coming to them. It seems there is significant possibility of criminal fraud activity."

105. This comment was published in response to and directly below the February 14, 2010 published column written by HILTZIK.

106. The publication Fogden made was of and concerning Plaintiff and was so understood by those who read the publication.

107. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

108. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

109. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

110. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

111. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Eighth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #7)**

112. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

113. On or about February 16, 2010, Doe Defendant #7, an anonymous user identified by screen name wtharvey ("Harvey") published the following on the website of LATIMES.COM: "I'd be careful of the lap-band device. We see a lot of complications such as erosion into the stomach and slippage. Probably the formal gastric bypass roux-en-y procedure works best, but requires a highly skilled team to get good results."

114. This comment was published in response to and directly below the February 14, 2010 published column written by HILTZIK.

115. The publication Harvey made was of and concerning Plaintiff and was so understood by those who read the publication.

116. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

117. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

118. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

119. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

120. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Ninth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #8)**

121. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

122. On or about March 3, 2010, Doe Defendant #8, an anonymous user identified by screen name matt_powers ("Powers") published the following on the website of LATIMES.COM: "Even giving these businesses the benefit of the doubt, it's quite telling that no one is offering any evidence of having 'learned their lessons' from the previous inspection findings. Ridiculous..."

123. This comment was published in response to and directly below the March 3, 2010 preview to the March 4, 2010 published column written by HILTZIK.

124. The publication Powers made was of and concerning Plaintiff and was so understood by those who read the publication.

125. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

126. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

127. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

128. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

129. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Tenth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #9)**

130. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

131. On or about March 4, 2010, Doe Defendant #9, an anonymous user identified by screen name callcenterjohnny ("CCJ") published the following on the website of LATIMES.COM: "They have attempted to refix [sic] their deficiencies but not quietly. After so many failures they changed their name to Beverly Hills surgery center, and oddly, their next door neighbors were Beverly hills center or something of that sort.... Money breaks people or makes people, you can be successful with less problems or be successful have problems but its [sic] dirty money. Workers comp, would be going out of business and all over latimes if people at the center actually reported everything on a daily basis."

132. On or about March 5, 2010, CCJ published the following on the website of LATIMES.COM: "… its [sic] not about what the lapband can do for you...its [sic] about the the [sic] surgery center itself and the scam that is behind it."

133. On or about March 7, 2010, CCJ published the following on the website of LATIMES.COM: "PEOPLE...do you not understand..who cares about the doctors..believe me, if you only knew the BEHIND THE SCENES AT what almont or Beverly hills surgery center.. you should care about the ownership of the company..they have failed [sic] countless times due to inadequate and unsafe care of patients and thus have changed their name to beverly hills surgery center...you may have had a pleasant visit and surgery went well, guess you were lucky how about those..how about the deaths that have occurred that you are not aware of , [sic] or the complications. lap band is a good way for weight loss BUT the surgery center does NOT ABIDE medical protocols ensuring a safe procedure for patients."

134. These comments were published in response to and directly below the March 4, 2010 published column written by HILTZIK and in response to other comments posted.

135. The publications CCJ made were of and concerning the plaintiff and were so understood by those who read the publications.

136. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

137. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

138. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

139. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

140. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Eleventh Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #10)**

141. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

142. On or about March 4, 2010, Doe Defendant #10, an anonymous user identified by screen name Ebuckly ("Ebuckly") published the following on the website of LATIMES.COM: "They had people overflowing in the place, a former patient was in the waiting room telling everyone that she should have never had the surgery due to issues with her esophagus, but they performed surgery anyway, and she has multiple health issues since. Bottom line, I walked out! I waited 10 years to have this surgery, and as excited as I was, I knew that this place was shady.... After reading this article it has confirmed the feeling I had, and I am so grateful I walked out that day! They are money hungry!!"

143. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

144. The publication Ebuckly made was of and concerning Plaintiff and was so understood by those who read the publication.

145. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

146. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

147. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

148. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

149. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Twelfth Cause of Action
## Violation of the Lanham Act
## (Against Doe Defendant #11)

150. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

151. On or about March 4, 2010, Doe Defendant #11, an anonymous user identified by screen name bigsouthern ("Bigsouthern") published the following on the website of LATIMES.COM: "It's too easy to just assume every medical center in the US follows standard procedures to maintain a safe, sterile environment. It's scary to think about the possibilities with lapses in these basic practices."

152. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

153. The publication Bigsouthern made was of and concerning Plaintiff and was so understood by those who read the publication.

154. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

155. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

156. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

157. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

158. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Thirteenth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #12)**

159. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

160. On or about March 4, 2010, Doe Defendant #12, an anonymous user identified by screen name OCChick ("OCChick") published the following on the website of LATIMES.COM: "I don't know why but I have always had a feeling something was not quite right with this place. On almost all freeways in the southland is 5-6-7 of these bill boards in a row, how can they afford this? They are all over AM radio and TV, How is it all insurance PPOs are covering it. I would suggest an insurance audit as well."

161. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

162. The publication OCChick made was of and concerning Plaintiff and was so understood by those who read the publication.

163. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

164. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

165. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

166. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

167. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Fourteenth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #13)**

168. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

169. On or about March 4, 2010, Doe Defendant #13, an anonymous user identified by screen name AllenGillespie ("AllenGillespie") published the following on the website of LATIMES.COM: "The comments supporting the disreputable medical facility described in this article generally appear to have been written by the same person."

170. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

171. The publication AllenGillespie made was of and concerning Plaintiff and was so understood by those who read the publication.

172. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

173. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

174. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

175. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

176. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Fifteenth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #14)**

177. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

178. On or about March 4, 2010, Doe Defendant #14, an anonymous user identified by screen name dhaettig ("Dhaettig") published the following on the website of LATIMES.COM: "[T]hose billboards and ads are like spam..... It doesn't solve the obesity problem. Getting this procedure done doesn't teach people about portion control or good nutrition, or get to the psychological issues behind overeating."

179. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

180. The publication Dhaettig made was of and concerning Plaintiff and was so understood by those who read the publication.

181. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

182. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

183. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

184. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

185. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Sixteenth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #15)**

186. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

187. On or about March 4, 2010, Doe Defendant #15, an anonymous user identified by screen name Baseballhead ("Baseballhead") published the following on the website of LATIMES.COM: "Hiltzik didn't shut down their previous surgical venture, he wasn't the one who had a 22-page report made out detailing all the violations at the surgical center that they're accountable for... For the more

discriminating consumers who suffer from obesity and are looking at surgical options, Hiltzik's column is a terrific reason to investigate Lap Band more thoroughly %u2014 and then look elsewhere %u2014 before putting their health and wallets on the line."

188. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

189. The publication Baseballhead made was of and concerning Plaintiff and was so understood by those who read the publication.

190. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

191. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

192. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

193. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

194. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Seventeenth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #16)**

195. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

196. On or about March 4, 2010, Doe Defendant #16, an anonymous user identified by screen name mattemons ("Mattemons") published the following on the website of LATIMES.COM: "There are plenty of reputable healthcare providers and facilities in the area that are highly qualified to perform these procedures. Why would anyone want to take a chance by going to a facility with such a shady past?"

197. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

198. The publication Mattemons made was of and concerning Plaintiff and was so understood by those who read the publication.

199. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

200. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

201. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

202. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

203. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Eighteenth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #17)**

204. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

205. On or about March 4, 2010, Doe Defendant #17, an anonymous user identified by screen name JulyPostOp ("JulyPostOp") published the following on the website of LATIMES.COM: "I was a patient who had so many test [sic] ordered for me that I had to call other doctors just to confirm. When I attended seminars at three different centers, I was told that none of these tests was necessary, and had my syrgery [sic] with just the tests that the Lap Band professors perform. Very disappointing that there are so many idiots, myself included, who look at the ads and think this is the real deal. The surgery is great. Just do it elsewhere. July"

206. On or about March 4, 2010, JulyPostOp published the following on the website of LATIMES.COM: "The biggest scam ever. I went there because they are from my country. I trust them. They charge my insurance $70,000 for surgery cost $18,000 cash. My isurance say [sic] too much. My whole life I only get one million, they take 10%. Mohammed"

207. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

208. The publications JulyPostOp made were of and concerning Plaintiff and were so understood by those who read the publication.

209. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

210. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

211. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

212. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

213. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Nineteenth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #18)**

214. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

215. On or about March 4, 2010, Doe Defendant #18, an anonymous user identified by screen name DrBruin2 ("DrBruin2") published the following on the website of LATIMES.COM: "This company should be closed down permanently and all of their licenses should be revoked."

216. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

217. The publication DrBruin2 made was of and concerning Plaintiff and was so understood by those who read the publication.

218. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

219. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

220. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

221. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

222. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Twentieth Cause of Action
## Violation of the Lanham Act
## (Against Doe Defendant #19)

223. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

224. On or about March 4, 2010, Doe Defendant #19, an anonymous user identified by screen name RUJoking?! ("RUJoking") published the following on the website of LATIMES.COM: "Mr. Hiltzik's articles here are doing a public service to aid law enforcement in shutting down these quacks as soon as possible."

225. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

226. The publication RUJoking made was of and concerning Plaintiff and was so understood by those who read the publication.

227. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

228. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

229. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

230. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

231. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Twenty-First Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #20)**

232. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

233. On or about March 4, 2010, Doe Defendant #20, an anonymous user identified by screen name InstructorP ("InstructorP") published the following on the website of LATIMES.COM: "Thank you Mike for exposing this fraud and the few customers who would rather take the easy dangerous approach to losing weight instead of just plain old exercise! $18,000 for a surgical procedure by discredited doctors should be on 60 minutes or another expose show."

234. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

235. The publication InstructorP made was of and concerning Plaintiff and was so understood by those who read the publication.

236. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

237. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

238. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

239. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

240. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Twenty-Second Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #21)**

241. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

242. On or about March 5, 2010, Doe Defendant #21, an anonymous user identified by screen name 1Friend ("1Friend") published the following on the website of LATIMES.COM: "A typical california [sic] insurance rip-off scam."

243. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

244. The publication 1Friend made was of and concerning Plaintiff and was so understood by those who read the publication.

245. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

246. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

247. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

248. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

249. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Twenty-Third Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #22)**

250. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

251. On or about March 5, 2010, Doe Defendant #21, an anonymous user identified by screen name darmaggi ("Darmaggi") published the following on the website of LATIMES.COM: "Just the ever presence of that annoying and simplistic ad in their multiform media campaign was enough to cause concern and create doubt as to the quality and veracity of who they are and the kind of work they are really performing. With any luck you may have helped put some obviously unscrupulous medical practitioners out of business, and in the process saved some lives, and saved us all from over exposure to those obnoxious ads. When the medial [sic] boards removed their certifications they just reconstituted

under new names without losing too much time or money, but hopefully, you have connected the dots for those concerned, between the Omidi's [sic] and their odious ad campaign, which would probably be much more costly to retool and relaunch than their actual medical corporation."

252. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

253. The publication Darmaggi made was of and concerning Plaintiffs and was so understood by those who read the publication.

254. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

255. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

256. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

257. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

258. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Twenty-Fourth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #23)**

259. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

260. On or about March 7, 2010, Doe Defendant #23, an anonymous user identified by screen name RamonaInCorona ("RamonaInCorona") published the following on the website of LATIMES.COM: "[T]here are PLENTY of other surgeons out in LA that practice at hospitals designated as Bariatric Center [sic] of Excellence. If you have the choice, I'm not sure why anyone would choose TopSurgeons. This is your life folks and if you are taking it seriously enough to go through major surgery, take the extra step and go to a reputable facility."

261. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

262. The publication RamonaInCorona made was of and concerning Plaintiff and was so understood by those who read the publication.

263. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

264. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

265. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

266. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

267. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Twenty-Fifth Cause of Action

## Violation of the Lanham Act

## (Against Doe Defendant #24)

268. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

269. On or about April 18, 2010, Doe Defendant #24, an anonymous user identified by screen name dianne.m.daniels ("Daniels") published the following on the website of LATIMES.COM: "Please, let's make this more about the fact that this 'physician' lied about his qualifications and experience and that the information about his lack of knowledge should have been easier to find. It is tragic that this young man died because of medical incompetence - but it was not the lap band that killed him."

270. This comment was published in response to and directly below the April 18, 2010 published column written by HILTZIK.

271. The publication Daniels made was of and concerning Plaintiff and was so understood by those who read the publication.

272. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

273. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

274. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

275. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

276. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Twenty-Sixth Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #25)**

277. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

278. On or about April 18, 2010, Doe Defendant #25, an anonymous user identified by screen name LAX.Prepster ("LAX.Prepster") published the following on the website of LATIMES.COM: "I have a feeling if you were to dive deeper into this group as well as others, you'll probably find, these so called surgeons do not even have prviledges [sic] at any local hospitals (to admit in case of complications) which right there is a red flag. There's much controversy if these Lap Bands should be performed on an outpatient basis. I'm sure there still [sic] a large group of surgeons out there who insist on keeping patients in the hospital at least a night or two for observation, especially in those cases, [sic] where there's diabetes, hypertension, breathing issues, history of infections etc. involved as no two patients are the same. There are many serious issues with performing this less invasive surgery over the laparascopic [sic] bypass."

279. This comment was published in response to and directly below the April 18, 2010 published column written by HILTZIK.

280. The publication LAX.Prepster made was of and concerning Plaintiff and was so understood by those who read the publication.

281. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

282. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

283. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

284. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

285. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Twenty-Seventh Cause of Action**

**Violation of the Lanham Act**

**(Against Doe Defendant #26)**

286. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

287. On or about April 19, 2010, Doe Defendant #26, an anonymous user identified by screen name Isabelle1106 ("Isabelle1106") published the following on the website of LATIMES.COM: "Is this insurance fraud too? If Mr. Brooks was 6'6 and 300lbs his BMI would only be 34.7. In order for insurance to pay, a patient must have a BMI of 40 or greater or 35 with some sort of co-morbidity (sleep apnea, diabetes, hypertension). Someone should look into the information submitted to the insurance company. Based on his height and weight given Mr. Brooks wouldn't have even qualified for surgery."

288. This comment was published in response to and directly below the April 18, 2010 published column written by HILTZIK.

289. The publication Isabelle1106 made was of and concerning Plaintiffs and was so understood by those who read the publication.

290. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

291. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

292. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

293. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

294. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## **Twenty-Eighth Cause of Action**

## **Violation of the Lanham Act**

## **(Against Doe Defendant #27)**

295. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

296. On or about April 21, 2010, Doe Defendant #27, an anonymous user identified by screen name AlanSmyth1 ("AlanSmyth") published the following on the website of LATIMES.COM: "The 1 800 GET THIN or GET SLIM group have had so many different surgeons go through their facility. How can all these sub-standard surgeons continue to practice in a facility that continues to change their [sic] name? … Unfortunately, innocent patients will be mesmerized by their continuous billboard and tv ads. '1 800 GET SLIM-Y and SHADY' is more appropriate for this group."

297. This comment was published in response to and directly below the April 18, 2010 published column written by HILTZIK.

298. The publication AlanSmyth made was of and concerning Plaintiff and was so understood by those who read the publication.

299. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

300. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

301. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

302. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

303. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Twenty-Ninth Cause of Action

## Violation of the Lanham Act

## (Against Doe Defendant #28)

304. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

305. On or about December 19, 2010, Doe Defendant #28, an anonymous user identified by screen name Ed Wood ("Ed Wood") published the following on the website of LATIMES.COM: "Thanks to Hiltzik. This is the best public service LAT columnists can provide: expose corruption and incompetence, Unfortunate that this type of topic will attract a lot of comments by shills for the Omidi family,

and also by the opportunistic competitors to these fine gentlemen. Not to diminish the surgery itself, because I'm familiar with one person who had it, using a surgeon well ranked by her group insurer (not the Omidi family)…"

306. This comment was published in response to and directly below the December 19, 2010 published column written by HILTZIK.

307. The publication Ed Wood made was of and concerning Plaintiff and was so understood by those who read the publication.

308. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

309. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

310. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

311. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

312. As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Thirtieth Cause of Action
## Violation of the Lanham Act
## (Against Doe Defendant #29)

313. Plaintiff hereby incorporates Paragraphs 1 through 41, inclusive, herein by reference as though set forth in full.

314. On or about December 19, 2010, Doe Defendant #29, an anonymous user identified by screen name KatherineLicariVenturoso

("KatherineLicariVenturoso") published the following on the website of LATIMES.COM: "These doctors are CROOKS who have had their licenses suspended or revoked.. and THEY are hiring the surgeons who do the procedure? DON'T DO THE SURGERY WITH CROOKS!!!...If you are considering surgery, DO NOT CHOOSE YOUR DOCTOR BY BILLBOARDS…GO THROUGH YOUR INSURANCE…AND CHECK OUT THEIR REFERENCES."

315. This comment was published in response to and directly below the December 19, 2010 published column written by HILTZIK.

316. The publication KatherineLicariVenturoso made was of and concerning Plaintiff and was so understood by those who read the publication.

317. Defendant, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

318. Specifically, Defendant has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

319. Plaintiff is informed and believes that Defendant's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

320. Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

As a result of Defendant's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Prayer for Relief

Wherefore Plaintiff prays for judgment as follows:

1. Defendants are enjoined from making false and misleading statements against Plaintiff;

2. Defendants are ordered to reimburse Plaintiff for any damages suffered by Plaintiff in an amount to be proven at trial;

3. Defendants' be ordered to reimburse Plaintiff for reasonable attorney fees and the cost of suit herein pursuant to 15 USC § 1117;

4. and, For such other and further relief as the Court may determine is just and proper.

Dated this 17th day of January, 2011

**SILVERMAN & ASSOCIATES**

Robert B. Silverman
Attorneys For Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

**CV11- 505 ODW (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Robert B. Silverman SBN 170517
25 S. Oak Knoll Ave., Suite 504
Pasadena, CA 91101
714-936-7499 888-308-5099 - Fax

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 1 800 GET THIN, LLC<br>PLAINTIFF(S)<br>v.<br>Michael Hiltzik; Does 1-~~50~~ 10, inclusive;<br>DEFENDANT(S). | CASE NUMBER<br>CV11 0505 ODW (Ex)<br><br>**SUMMONS** |

TO: DEFENDANT(S): Michael Hiltzik; Does 1-~~50~~ 10, inclusive

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Robert B. Silverman, whose address is 25 S. Oak Knoll Ave., Suite 504, Pasadena, CA 91101. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 1 8 2011

By: CHRISTOPHER POWERS
Deputy Clerk

*(Seal of the Court)*

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>1-800-GET-THIN, LLC. | **DEFENDANTS**<br>Michael Hiltzik and Doe Defendants |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Robert B. Silverman SBN 170517<br>25 S. Oak Knoll Ave., Suite 504<br>Pasadena, CA 91101 | Attorneys (If Known)<br>Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT: $** 10,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

LANHAM ACT 15 USC 1125(a) - Defendants has committed Trademark Disparagement and Dilution through publication of false statements

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☑ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV11 0505

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| 1-800-GET-THIN, LLC., principal place of business - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Michael Hiltzik resides in Los Angeles County<br>Doe Defendants - unknown | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ____ **Date** January 14, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |