**SILVERMAN & ASSOCIATES**
**ROBERT B. SILVERMAN SBN 170517**
**25 S. OAK KNOLL AVE., SUITE 504**
**PASADENA, CA 91101**
**TEL: (714) 936-7499**
**FAX: (888) 308-5099**
**EMAIL: SILVERATTY@GMAIL.COM**

FILED

2011 MAR 31 AM 10: 13
CLERK U.S. DISTRICT COURT
CENTRAL DIST. G. CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| 1 800 GET THIN, LLC | Case Number: 2:11-CV-0505-ODW (Ex) |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT FOR VIOLATION OF THE LANHAM ACT** |
| Michael Hiltzik, an individual; Los Angeles Times Communications, LLC; Stuart Pfeifer, an individual; SNAPSHOTS, an individual; Adrian_Dallas, an individual; jkrischel, an individual; neoserf, an individual; paulmayer, an individual; dalefogden, an individual; wtharvey, an individual; matt_powers, an individual; callcenterjohnny, an individual; Ebuckly, an individual; bigsouthern, an individual; OCChick, an individual; AllenGillespie, an individual; dhaettig, an individual; Baseballhead, an individual; mattemons, an individual; JulyPostOp, an individual; DrBruin2, an individual; RUJoking?!, an individual; InstructorP, an individual; 1Friend, an individual; darmaggi, an individual; RamonaInCorona, an individual; dianne.m.daniels, an individual; LAX.Prepster, an individual; | |

Isabelle1106, an individual;
AlanSmyth1, an individual; Ed Wood,
an individual;
KatherineLicariVenturoso , an
individual; Does 1-10, inclusive;

    Defendants

**PLEASE TAKE NOTICE THAT** Plaintiff 1 800 GET THIN, LLC hereby asserts and alleges a cause of action against defendants as follows:

## JURISDICTION

1.   This is an action for violation of the Lanham Act under 15 U.S.C. § 1125(a). This court has subject matter of this claim for violation of the Lanham Act under 28 U.S.C. § 1331.

## PARTIES

2.   Plaintiff is a company that is organized under the laws of the state of California. Its principal place of business is Beverly Hills, California.

3.   Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, Defendant, Michael Hiltzik ("HILTZIK"), is a columnist with the Los Angeles Times, a newspaper of general circulation and is believed to be an individual who resides in the County of Los Angeles, State of California.

4.   Plaintiff is informed and believes that, at all times herein relevant, Defendant Los Angeles Times Communications, LLC ("LOS ANGELES TIMES") is a Delaware limited liability corporation whose principal place of business is in Los Angeles, California. Defendant LOS ANGELES TIMES operates the newspaper, the LOS ANGELES TIMES, and for purposes of this First Amended Complaint, both the newspaper and corporation will be treated as synonymous with each other.

   First Amended Complaint for Lanham Act Violation

5.      Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, Defendant, Stuart Pfeifer ("PFEIFER"), is a columnist with the LOS ANGELES TIMES, a newspaper of general circulation and is believed to be an individual who resides in the County of Los Angeles, State of California.

6.      Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant SNAPSHOTS is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

7.      Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant Adrian_Dallas is an is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

8.      Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant jkrischel is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

9.      Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant neoserf is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

10.      Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant paulmayer is an unknown individual who used this name as a screen name on the LATIMES.COM website.   Los Angeles Times has refused to provide the identity of this individual.

11.      Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant dalefogden is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

First Amended Complaint for Lanham Act Violation

12.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant wtharvey is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

13.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant matt_powers is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

14.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant callcenterjohnny is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

15.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant Ebuckly is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

16.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant bigsouthern is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

17.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant OCChick is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

18.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant AllenGillespie is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

First Amended Complaint for Lanham Act Violation

19.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant dhaettig is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

20.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant Baseballhead is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

21.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant mattemons is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

22.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant JulyPostOp is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

23.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant DrBruin2 is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

24.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant RUJoking?! is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

25.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant InstructorP is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

26.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant 1Friend is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

27.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant darmaggi is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

28.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant RamonaInCorona is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

29.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant dianne.m.daniels is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

30.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant LAX.Prepster is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

31.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant Isabelle1106 is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

32.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant AlanSmyth1 is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

33.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant Ed Wood is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

34.     Plaintiff is informed and believes and thereon alleges that, at all times herein relevant, defendant KatherineLicariVenturoso is an unknown individual who used this name as a screen name on the LATIMES.COM website.  Los Angeles Times has refused to provide the identity of this individual.

35.     Defendants Does 1-10 ("Defendants") are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that each of Plaintiff's damages as herein allege were proximately caused by such Defendants.

## GENERAL ALLEGATIONS

36.     Plaintiff is a marketing service that places people seeking medical services in contact with medical professionals.  Plaintiff operates publicly as 1-800-GET-THIN.  As part of its business, Plaintiff does not provide any type of medical care or treatment and is purely a marketing service.

37.     Plaintiff is in the process of registering 1 800 GET THIN as a federally protected trademark.  The mark has been approved the USPTO case examiner and has been set for publication.

38.     HILTZIK, in his position as a columnist, authored four (4) negative columns about Plaintiff.  The columns were published on or about February 14, 2010, March 4, 2010, April 18, 2010, and December 19, 2010 in the print newspaper LOS ANGELES TIMES and were subsequently published either on the same day or the next calendar day on LATIMES.COM.

First Amended Complaint for Lanham Act Violation

39.    PFEIFER, in his position as a reporter, authored three (3) negative articles about Plaintiff. The columns were published on or about February 3, 2011, February 5, 2011, and February 10, 2011 in the print newspaper LOS ANGELES TIMES and were subsequently published either on the same day or the next calendar day on LATIMES.COM.

40.    Defendant LOS ANGELES TIMES owns and operates the paper LOS ANGELES TIMES in which HILTZIK's columns and PFEIFFER's articles appeared. LOS ANGELES TIMES also owns, operates, and maintains the website, LATIMES.COM.

41.    Plaintiff is informed and believes that each of the remaining named defendants and DOE defendants (collectively "DOE Defendants") are individuals who posted comments at LATIMES.COM. The identities of the other named defendants are not known beyond their screen names used at LATIMES.COM. DOE Defendants have published or have caused to be published comments relating to Plaintiff's business on the website identified as LATIMES.COM. The website is available to any individual within the County of Los Angeles including worldwide accessibility. As a result, Plaintiff has been damaged and continues to be damaged at Plaintiff's business offices in Los Angeles County.

42.    All of the comments that form the basis of this Complaint against the DOE Defendants were posted by the DOE Defendants in response to the columns authored by HILTZIK and published on the LATIMES.COM website.

43.    Plaintiff herein alleges that HILTZIK has been engaged and continues to be engaged in a personal vendetta to cause financial harm to Plaintiff by intentionally publishing false and fraudulent information about Plaintiff via his published columns. HILTZIK has openly acknowledged to at least one individual that he will continue to write articles about Plaintiff until such time that Plaintiff is placed out of business.

First Amended Complaint for Lanham Act Violation

44.    Plaintiff herein alleges that the LOS ANGELES TIMES acknowledges that HILTZIK is a columnist, a person who writes articles of opinion and not a journalist.  In fact, Plaintiff herein alleges that as described herein, HILTZIK was removed as a journalist due to his inappropriate and unethical conduct.  HILTZIK is not edited for content by the LOS ANGELES TIMES as he is not considered to be a journalist and his published articles are not considered to be newsworthy but rather glorified op-ed pieces.  HILTZIK'S columns are published by the LOS ANGELES TIMES and posted on LATIMES.COM twice weekly with a mid-week publication and a Sunday column.

45.    Plaintiff herein alleges that on or about 2005; the LOS ANGELES TIMES published a set of ethical guidelines and mandated that its employees follow such standards.  Plaintiff asserts that the Ethic Guidelines are published on the LATIMES.COM website.  The Ethic Guidelines, among other things, require that employees do not use the LOS ANGELES TIMES for their own personal financial benefit or in pursuit of personal vendettas.  The Guidelines, among other things, also require that employees act with Fairness when publishing columns in the LOS ANGELES TIMES.  As alleged herein in the Complaint, HILTZIK has operated and continues to operate in a manner inconsistent with the Ethical Guidelines all with the knowledge and consent of the LOS ANGELES TIMES and/or LATIMES.COM.

46.    Plaintiff on several occasions has notified the LOS ANGELES TIMES about the inappropriate and unethical conduct of HILTZIK.  To date, the LOS ANGELES TIMES has either failed to respond to said allegations, failed to investigate and/or have failed to take any action whatsoever.

47.    Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified and alerted to the fact that HILTZIK on more than one occasion has lied about his identity in order to obtain information about Plaintiff in an attempt to use such coerced information in columns targeted against Plaintiff.

9        First Amended Complaint for Lanham
           Act Violation

48.   Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified and alerted to the fact that HILTZIK on more than one occasion has misrepresented facts to individuals, in fact, asserting that the individual was participating in a federal crime by working for Plaintiff, all in an effort to obtain information for use in columns targeted against Plaintiff.  To date, Plaintiff has never been charged with the commission of any crimes, as falsely alleged by HILTZIK.

49.   Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified and alerted to the fact that HILTZIK has personally and continually coordinates the sharing and disclosure of information discovered with private attorneys who are currently engaged in litigation with Plaintiff all in an effort to either obtain personal financial gain and/or to use such information in his columns against the Plaintiff and/or use such information to directly influence the outcome of the pending litigation concerning the Plaintiff.  Specifically, Plaintiff herein alleges that HILTZIK uses his column to the advantage of party(s) adverse to Plaintiff and/or to taint the jury pool in favor of the parties adverse to Plaintiff by intentionally writing false and misleading facts or intentionally omitting material facts about the case all in an effort to place Plaintiff in a false and defamatory light.

50.   Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified that HILTZIK intentionally misrepresented to individuals that HILTZIK was going to write a positive column about Plaintiff in an effort to obtain confidential information about Plaintiff and use such information obtained in his columns against Plaintiff.

51.   Plaintiff hereby asserts that the LOS ANGELES TIMES has been notified that HILTZIK intentionally misrepresented in his columns about Plaintiff that one particular individual had his medical license suspended in 2009 when in fact the license was actually revoked in 2007.  Plaintiff hereby asserts that HILTZIK had access to and was in possession of the public Medical Board records

10          First Amended Complaint for Lanham
                                         Act Violation

documenting the true facts and despite this information, HILTZIK intentionally

published such false and misleading facts to intentionally create a fabricated

illusion that this individual was involved in the practice of medicine during periods

of time that were the focus of the columns against Plaintiff.

52.     Plaintiff hereby asserts that the LOS ANGELES TIMES has been

notified and alerted to the fact that HILTZIK has intentionally provided false,

fraudulent and misleading facts in his columns about Plaintiff.  In fact, Plaintiff

herein alleges that the acts of HILTZIK were so intentionally false, fraudulent and

misleading, that the LOS ANGELES TIMES actually issued two (2) corrections to

the April 18, 2010 column published by HILTZIK.

53.     Plaintiff hereby asserts that one such correction to which the LOS

ANGELES TIMES has been notified and alerted was the fact that HILTZIK

intentionally stated that a deceased individual was a foot taller than his actual

height.  By making such false and fraudulent assertions, HILTZIK implied to all

readers that  Plaintiff engaged in insurance fraud and provided a surgical procedure

to an otherwise unqualified candidate, all accusations asserted by HILTZIK in his

columns written against Plaintiff and further published by DOE Defendants in the

comment section following the column.  HILTZIK knew or should have known

that the facts as reported were false and fraudulent as HILTZIK was in possession

of the Los Angeles County Coroner report, interviewed the family of the individual

and obtained other information which would have provided HILTZIK with the true

facts.  Despite having such true and correct information, HILTZIK via the LOS

ANGELES TIMES and the LATIMES.COM website intentionally published such

false and fraudulent information.

54.     Plaintiff herein alleges that the LOS ANGELES TIMES has been

notified and alerted to the fact that individuals attempted to post positive comments

about Plaintiff in response to the false, fraudulent, misleading and negative attacks

about Plaintiff and that such positive comments were edited and/or otherwise

denied publication.  Plaintiffs herein allege that when HILTZIK operated his own blog with the LOS ANGELES TIMES, HILTZIK inappropriately controlled the publication of content on the blog and was reprimanded for such conduct.  Plaintiff herein alleges on information and belief that HILTZIK was either directly or indirectly involved in the censorship of the positive comments in support of the Plaintiffs.

55.   Plaintiff herein alleges that LOS ANGELES TIMES has long been aware that HILTZIK has engaged in conduct that is considered unethical.  Plaintiff herein alleges that on or about 1993, HILTZIK was caught snooping into the emails of his colleagues.  Specifically, it was alleged that HILTZIK obtained other individual passwords and entered those passwords into the computer system at times that those individuals were not present to log into the system.  It is further alleged that HILTZIK was caught when 2 fake emails were intercepted by HILTZIK and HITLZIK later inquired about the content of the fake intercepted emails.  As a result of the inappropriate conduct, HILTZIK was disciplined by the LOS ANGELES TIMES and removed from his assigned post in Moscow.

56.   Plaintiff herein alleges that on or about 2006; HILTZIK was suspended by the LOS ANGELES TIMES for such inappropriate and unprofessional behavior known as "sock-puppeting."  Sock puppeting is when a person uses an alias and then posts either positive or negative comments in an effort to either create false positive or negative comments thereby creating an illusion that such comments are legitimately being done by neutral disinterested third parties.  As a result of the inappropriate and unethical conduct, HILTZIK's on-line blog with the LOS ANGELES TIMES was removed, HILTZIK was temporarily suspended for his actions and HILTZIK was reassigned to a position as a columnist and not as a journalist as his integrity and credibility as a journalist was completely destroyed based upon this and other acts of unethical conduct.

57.    Plaintiff herein alleges that HILTZIK has demonstrated and continues to demonstrate inappropriate, unethical and possible illegal conduct associated with the publication of columns against Plaintiff, all with the consent and approval of the LOS ANGELES TIMES and/or LATIMES.COM.

58.    Plaintiff herein alleges on information and belief that HILTZIK has personally created through the use of aliases, some of the comments attributable to the DOE Defendants listed herein, all consistent with HILTZIK's documented inappropriate and unethical past acts of sock-puppeting for which HILTZIK was previously suspended and otherwise sanctioned.

59.    In the alternative, Plaintiff herein alleges that HILTZIK has personally assisted the Doe Defendant(s) in providing them with specific information to post in the comments in support of the columns against the Plaintiffs and/or as against other individuals who posted positive comments in support of the Plaintiffs all as documented by HILTZIK's past behavior of inappropriate and unethical conduct. Plaintiff is informed and believes that some of the Doe Defendant(s) may be Plaintiff's competitors and that HILTZIK and Doe Defendant(s) engaged in a coordinated effort to dilute Plaintiff's trademark.

60.    Plaintiff herein alleges on information and belief that HILTZIK has acted in such a manner to support his personal attacks and vendetta against Plaintiff and to use the forum of posting anonymous third party comments to attack Plaintiff in a way that would not otherwise subject HILTZIK to liability.

61.    Plaintiff herein alleges on information and belief that HILTZIK and LOS ANGELES TIMES have also engaged PFEIFFER to write additional articles that are disparaging toward Plaintiff that would come from another writer other than HILTZIK.

62.    Plaintiff herein alleges that the LATIMES.COM website specifically states and informs any individual posting comments that, any comments posted to its website are neither protected nor privileged forms of speech.  The

1  LATIMES.COM website also requires individuals posting comments to register

2  with the website and agree to the "Terms of Service".  The LATIMES.COM

3  website claims that after registration, comments are reviewed for content and

4  screened prior to actual publication on the website.

5      63.    With regard to the "Terms of Service", said Terms place

6  responsibilities on individual posters with regard to the comments they submit, as

7  well as informing the individual user that LATIMES.COM will provide access to

8  the user(s) information should the user cause injury to others in providing such

9  content to LATIMES.COM.  And as further alleged herein, the "Terms of Service"

10  specifically do not provide protection from liability for any comments made by

11  registered users of LATIMES.COM.

12      64.    Plaintiff hereby alleges that the "Terms of Service" state:

13          "Registration.  Registration is not required to view certain

14          Content.  However, you are required to register if you wish to

15          post a comment or upload a video, or view certain other

16          Content.  If you become a Registered Member of latimes.com,

17          you accept responsibility for all activities that occur under your

18          Registration Account."

19      65.    Plaintiff asserts that as explicitly made clear by the

20  LATIMES.COM website, a party commenting on LATIMES.COM remains

21  fully liable for any injuries his/her comments may cause.

22      66.    Plaintiffs hereby allege that with regard to user liability, the

23  "Terms of Service" further state:

24          User Content Assumption of Risk.  latimes.com cannot and

25          does not monitor or manage all User Content, and does not

26          guarantee the accuracy, integrity, or quality of User Content.

27          All User Content provided to latimes.com is the sole

28          responsibility of the person who provided it.  This means that

                      14      First Amended Complaint for Lanham
                              Act Violation

you are entirely responsible for all User Content that you
provide.

67.    Plaintiff further asserts this section of the "Terms of Service" again
makes explicitly clear that a party commenting on latimes.com does remain fully
liable for any injuries his/her comments may cause.

68.    In addition to the LATIMES.COM statement that liability for a user's
comments lies with the user, the "Terms of Service" also contain representations
and warranties that every user must agree to make in registering with the cite.
Those representations and warranties state:

> User Content Representations and Warranties.  By placing material
> on latimes.com, including but not limited to posting content or
> communications to any latimes.com bulletin board, forum, blogspace,
> message or chat area, or posting text, images, audio files or other
> audio-visual content to the site ("User Content"), you represent and
> warrant: (1) you own or otherwise have all necessary rights to the
> User Content you provide and the rights to provide it under these
> Terms of Service; and, (2) the User Content will not cause injury to
> any person or entity.

69.    The Terms of Service also provide "User Content Posting Rules"
which contain a list of proscribed activities in which users of latimes.com are not
to engage.

> User Content Posting Rules.  Any decisions as to whether User
> Content violates any Posting Rule will be made by latimes.com
> in its sole discretion and after we have actual notice of such posting.
> When you provide User Content, you agree to the following Posting
> Rules:
>     …Do not provide User Content that:…

15      First Amended Complaint for Lanham
        Act Violation

- is defamatory, threatening, disparaging, grossly inflammatory, false, misleading, fraudulent, inaccurate, unfair, contains gross exaggeration or unsubstantiated claims, violates the privacy rights of any third party, is unreasonably harmful or offensive to any individual or community.
- violates any right of latimes.com or any third party…
- violates or encourages the violation of any municipal, state, federal or international law, rule, regulation or ordinance.

70.     Should any of the User Content Posting Rules be violated, LATIMES.COM reserves the right to remove such User Content as it sees fit. Specifically, the "Terms of Service" state:

> User Content Screening and Removal.  You acknowledge that latimes.com and/or its designees may or may not pre-screen User Content, and shall have the right (but not the obligation), in their sole discretion, to move, remove, block, edit, or refuse any User Content for any reason, including without limitation that such User Content violates these Terms of Service or is otherwise objectionable.

71.     In addition to giving LATIMES.COM the right to do with User Content as it will in the face of the "Terms of Service" violations, the "Terms of Service" also allow third-parties access to such information and information disclosed in a user's registration submission.  The "Terms of Service" state:

> Use of Information by latimes.com.  You acknowledge, consent and agree that latimes.com may preserve and disclose your Registration Account information and the contents of your online communications if required to do so by law, or in good faith belief

16     First Amended Complaint for Lanham Act Violation

that preservation and/or disclosure is reasonably necessary for the following purposes:

(1) to comply with legal process, such as a court order, search warrant, or subpoena; (2) to enforce the terms of this Terms of Service; (3) to render service to you request; (4) to protect the rights or property of latimes.com, TI, and their third party suppliers and licensors; or (5) in circumstances that we deem, in our sole discretion, to pose a threat to the safety of you or others.

72.   Plaintiff asserts that as a third-party, having been injured by users of the LATIMES.COM website, Plaintiff is entitled to access not only User Content but a user's registration information in the ordinary course of business in pursuing a lawsuit for damages as against said users.

73.   The Privacy Policy for LATIMES.COM, likewise, does not provide any further protection for a user's information than that provided in the "Terms of Service". Specifically, the Privacy Policy provides:

Information sharing and disclosure.

…We may disclose your information in response to subpoenas, court orders, or other legal process, or to establish or exercise our legal rights or to defend against legal claims.

We may disclose your information when we believe it necessary or desirable in order to investigate, prevent, or take action regarding illegal activities, suspected fraud, situations involving potential threats to the physical safety of any person, violations of[sic] our Terms of Service, and/or to protect our rights and property (emphasis added).

74.   When reviewing the "Terms of Service" and "Privacy Policy" for LATIMES.COM, it is clear that any comments posted to the site are not protected

1  speech and information regarding users is discoverable in legal actions regarding

2  any injuries allegedly caused by user comments.

3  **First Cause of Action**

4  **Violation of the Lanham Act**

5  **(Against Michael Hiltzik, Los Angeles Times Communications, LLC, Stuart**

6  **Pfeiffer)**

7  75.   Plaintiff hereby incorporates Paragraphs 1 through 74, inclusive,

8  herein by reference, as though set forth in full.

9  76.   This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

10  77.   HILTZIK has written four columns regarding Plaintiff during the past

11  year.  The columns were published on or about February 14, 2010, March 4, 2010,

12  April 18, 2010, and December 19, 2010 in the print newspaper LOS ANGELES

13  TIMES and were subsequently published either on the same day or the next

14  calendar day on LATIMES.COM.

15  78.   Throughout his columns, HILTZIK has sought to equate Plaintiff with

16  both a former and current outpatient surgery center even thought Plaintiff does not

17  own or operate any medical facilities.

18  79.   For example, in his most recent column of December 19, 2010,

19  HILTZIK wrote:

20        "Renteria's death may finally prompt California's medical regulators

21        to take a close look at the weight-loss surgeries marketed by an outfit

22        called TopSurgeons through the 1-800-GET-THIN number."

23  80.   In that same column, HILTZIK also stated:

24        "The Medical Board of California informed Renertia's family July 27

25        that it was reviewing the medical care she had received from Dr. Atul

26        Madan, who is identified by the coroner as her surgeon at a Beverly

27        Hills clinic connected to the billboard campaign."

28

81.    Both this statements equate Plaintiff with other entities, with the latter equating Plaintiff with a surgery center.  These statements also imply Plaintiff is a medical practitioner and the cause of the patient's death.  These statements are demonstrative of the pattern and practice of HILTZIK, throughout the four columns mentioned, by which he wrongfully equates Plaintiff with medical facilities and/or medical professionals.

82.    Plaintiff is also informed and believes that HILTZIK has worked with or received assistance from Plaintiff's competitors in obtaining information to write his columns.  Plaintiff is informed and believes that some of the Doe Defendants may be Plaintiff's competitors and that HILTZIK and those Doe Defendants were working together in a concerted effort to dilute Plaintiff's trademark through the publication of false, misleading, and deceptive statements.

83.    For example, Plaintiff is informed and believes that HILTZIK published a letter issued from Dr. Jonathan Fielding, director of the Los Angeles County Public Health Department.  Plaintiff is informed and believes that Dr. Fielding has a conflict of interest in making statements against Plaintiff.  Plaintiff is marketing Lap Band® surgical procedures while Dr. Fielding worked for, and maintains investments in, Johnson & Johnson which produces medical supplies in competition with the Lap Band®.  Even though this letter was addressed only to federal government officials, HILTZIK obtained a copy of the letter and did not report the conflict Fielding had with PLAINTIFF.  HILTZIK, thus, worked with and aided Plaintiff's competitor to dilute and tarnish Plaintiff's trademark.

84.    Plaintiff is informed and believes PFEIFFER has written three (3) articles regarding Plaintiff which follow the tone and content of HILTZIK's articles.  Those articles were published on February 3, 2011, February 5, 2011, and February 10, 2011 and as with HILTZIK's columns, the thrust of the articles were the dilution and tarnishing of Plaintiff's trademark.

First Amended Complaint for Lanham Act Violation

85.     Plaintiff is informed and believes LOS ANGELES TIMES allowed HILTZIK's and PFEIFFER's columns and articles to be published even though it was aware that such articles would dilute and tarnish Plaintiff's trademark.

86.     As stated above, Plaintiff is a marketing service that places people seeking medical services in contact with medical professionals.  Plaintiff does not engage in the practice of medicine.

87.     The columns and comments therein written by HILTZIK and PFEIFFER and published by the LOS ANGELES TIMES were of and concerning Plaintiff and would be understood as such by any other individual who read the publication.

88.     By those comments, HILTZIK, PFEIFFER, and LOS ANGELES TIMES in connection with goods or services, used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

89.     Plaintiff is informed and believes that HILTZIK's and Pfeiffer's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

90.     Plaintiff is informed and believes that HILTZIK, PFEIFFER, and LOS ANGELES TIMES, by their actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

91.     Plaintiff alleges that HILTZIK, PFEIFFER, and LOS ANGELES TIMES, based on their actions, have violated 15 U.S.C. § 1125(a) which gives rise to this action.

92.     As a result of HILTZIK's, PFEIFFER"s, and LOS ANGELES TIMES' actions, Plaintiff has and continues to suffer injury including loss of sales and profits and tarnishment of trademark.

**Second Cause of Action**

**Violation of the Lanham Act**

**(Against SNAPSHOTS)**

93.    Plaintiff hereby incorporates Paragraphs 1 through 92, inclusive, herein by reference, as though set forth in full.

94.    This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

95.    On or about February 14, 2010, SNAPSHOTS (a LATIMES.COM user identified with the screen name of SNAPSHOTS) published the following on the website of LATIMES.COM: "Thank you for researching what could very clearly be a public health and personal financial risk to many unwitting people who may be desperate and frustrated in their attempts to stop overeating. Dishonesty and bad medical practices are a recipe for disaster."

96.    This comment was published in response to and directly below the February 14, 2010 published column written by HILTZIK.

97.    The publication SNAPSHOTS made was of and concerning Plaintiff and would be understood as such by any other individual who read the publication.

98.    By those comments, SNAPSHOTS in connection with goods or services, used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

99.    Specifically, SNAPSHOTS has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

100.   Plaintiff is informed and believes that SNAPSHOTS' statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

101.   Plaintiff is informed and believes that SNAPSHOTS, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

102.   As a result of SNAPSHOTS' actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Third Cause of Action
## Violation of the Lanham Act
## (Against Adrian_Dallas)

103.   Plaintiff hereby incorporates Paragraphs 1 through 102, inclusive, herein by reference as though set forth in full.

104.   On or about February 14, 2010, Adrian_Dallas (a LATIMES.COM user identified with the screen name of Adrian_Dallas) published the following on the website of LATIMES.COM: "And I don't want to be inundated in the months and years to come by the inevitable sad little lawsuits of those fleeced by the clearly (almost?) criminal con-men who own 1-800-GET-THIN."

105.   This comment was published in response to and directly below the February 14, 2010 column written by HILTZIK.

106.   The publication Adrian_Dallas made was of and concerning Plaintiff and would be understood as such by any other individual who read the publication.

107.   Adrian_Dallas, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

108.   Specifically, Adrian_Dallas has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

First Amended Complaint for Lanham
Act Violation

109. Plaintiff is informed and believes that Adrian_Dallas' statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

110. Plaintiff is informed and believes that Adrian_Dallas, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

111. As a result of Adrian_Dallas' actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Fourth Cause of Action

## Violation of the Lanham Act

## (Against jkrischel)

112. Plaintiff hereby incorporates Paragraphs 1 through 111, inclusive, herein by reference as though set forth in full.

113. On or about February 14, 2010, jkrischel (a LATIMES.COM user identified with the screen name of jkrischel) published the following on the website of LATIMES.COM: "The fact that we're suggesting to people that surgery should be considered, when it is simply carbohydrate intake that is the problem, is macabre."

114. This comment was published in response to and directly below the February 14, 2010 column written by HILTZIK.

115. The publication jkrischel made was of and concerning Plaintiff and would be understood as such by any other individual who read the publication.

116. jkrischel, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

117. Specifically, jkrischel has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

23        First Amended Complaint for Lanham
          Act Violation

118.   Plaintiff is informed and believes that jkrischel's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

119.   Plaintiff is informed and believes that jkrischel, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

120.   As a result of jkrischel's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Fifth Cause of Action

## Violation of the Lanham Act

## (Against neoserf)

121.   Plaintiff hereby incorporates Paragraphs 1 through 120, inclusive, herein by reference as though set forth in full.

122.   On or about February 14, 2010, neoserf (a LATIMES.COM user identified with screen name neoserf) published the following on the website of LATIMES.COM: "This is not some big controversy or earth-shaking conspiracy, but the shady business practices employed by this company validate the inkling engendered by the profusion of billboards that it's all about the money machine, and not about helping obese people make a good decision when embarking on a profound change in every aspect of their nutritional lives such as gastric bypass surgery."

123.   This comment was published in response to and directly below the February 14, 2010 column written by HILTZIK.

124.   The publication neoserf made was of and concerning Plaintiffs and was so understood by those who read the publication.

125.   neoserf, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

24      First Amended Complaint for Lanham
        Act Violation

126.   Specifically, neoserf has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

127.   Plaintiff is informed and believes that neoserf's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

128.   Plaintiff is informed and believes that neoserf, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

129.   As a result of neoserf's actions, Plaintiff has and continues to suffer injury including loss of sales and profits

## Sixth Cause of Action

## Violation of the Lanham Act

## (Against paulmayer)

130.   Plaintiff hereby incorporates Paragraphs 1 through 129, inclusive, herein by reference as though set forth in full.

131.   On or about February 14, 2010, paulmayer, an anonymous user identified by screen name paulmayer ("Mayer") published the following on the website of LATIMES.COM: "It is amazing how characters like these are given so much freedom to perform procedures that do not fall within the guidelines established by the National Institute of Health. They are liars and cheats whose licenses have been revoked. Were I ever in need of such a procedure, I would never go to Topsurgeons."

132.   This comment was published in response to and directly below the February 14, 2010 column written by HILTZIK.

133.   The publication Mayer made was of and concerning Plaintiff as it directly related to the column about Plaintiff and was so understood by those who read the publication by Mayer to be about Plaintiff.

134.   paulmayer, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

135.   Specifically, paulmayer has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

136.   Plaintiff is informed and believes that paulmayer's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements. paulmayer Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

137.   As a result of paulmayer's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Seventh Cause of Action**

**Violation of the Lanham Act**

**(Against dalefogden)**

138.   Plaintiff hereby incorporates Paragraphs 1 through 137, inclusive, herein by reference as though set forth in full.

139.   On or about February 15, 2010, dalefogden (a LATIMES.COM user identified by screen name dalefogden) published the following on the website of LATIMES.COM: "Let's hope these crooks get what's coming to them. It seems there is significant possibility of criminal fraud activity."

140.   This comment was published in response to and directly below the February 14, 2010 published column written by HILTZIK.

141.   The publication dalefogden made was of and concerning Plaintiff and was so understood by those who read the publication.

142.   dalefogden, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

143.   Specifically, dalefogden has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

144.   Plaintiff is informed and believes that dalefogden's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

145.   Plaintiff is informed and believes that dalefogden, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

146.   As a result of dalefogden's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Eighth Cause of Action

## Violation of the Lanham Act

## (Against wtharvey)

147.   Plaintiff hereby incorporates Paragraphs 1 through 146, inclusive, herein by reference as though set forth in full.

148.   On or about February 16, 2010, wtharvey (a LATIMES.COM user identified by screen name wtharvey) published the following on the website of LATIMES.COM: "I'd be careful of the lap-band device. We see a lot of complications such as erosion into the stomach and slippage. Probably the formal gastric bypass roux-en-y procedure works best, but requires a highly skilled team to get good results."

149.   This comment was published in response to and directly below the February 14, 2010 published column written by HILTZIK.

First Amended Complaint for Lanham
Act Violation

150.   The publication wtharvey made was of and concerning Plaintiff and was so understood by those who read the publication.

151.   wtharvey, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

152.   Specifically, wtharvey has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

153.   Plaintiff is informed and believes that wtharvey's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

154.   Plaintiff is informed and believes that wtharvey, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

155.   As a result of wtharvey's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Ninth Cause of Action

## Violation of the Lanham Act

## (Against matt_powers)

156.   Plaintiff hereby incorporates Paragraphs 1 through 155, inclusive, herein by reference as though set forth in full.

157.   On or about March 3, 2010, matt_powers (a LATIMES.COM user identified by screen name matt_powers) published the following on the website of LATIMES.COM: "Even giving these businesses the benefit of the doubt, it's quite telling that no one is offering any evidence of having 'learned their lessons' from the previous inspection findings. Ridiculous..."

158.   This comment was published in response to and directly below the March 3, 2010 preview to the March 4, 2010 published column written by HILTZIK.

159.   The publication matt_powers made was of and concerning Plaintiff and was so understood by those who read the publication.

160.   matt_powers, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

161.   Specifically, matt_powers has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

162.   Plaintiff is informed and believes that matt_powers's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

163.   Plaintiff is informed and believes that matt_powers, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

164.   As a result of matt_powers's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Tenth Cause of Action**

**Violation of the Lanham Act**

**(Against callcenterjohnny)**

165.   Plaintiff hereby incorporates Paragraphs 1 through 164, inclusive, herein by reference as though set forth in full.

166.   On or about March 4, 2010, callcenterjohnny (a LATIMES.COM user identified by screen name callcenterjohnny) published the following on the website of LATIMES.COM: "They have attempted to refix [sic] their deficiencies but not quietly. After so many failures they changed their name to Beverly Hills surgery

center, and oddly, their next door neighbors were Beverly hills center or something of that sort.... Money breaks people or makes people, you can be successful with less problems or be successful have problems but its [sic] dirty money. Workers comp, would be going out of business and all over latimes if people at the center actually reported everything on a daily basis."

167. On or about March 5, 2010, CCJ published the following on the website of LATIMES.COM: "... its [sic] not about what the lapband can do for you...its [sic] about the the [sic] surgery center itself and the scam that is behind it."

168. On or about March 7, 2010, CCJ published the following on the website of LATIMES.COM: "PEOPLE...do you not understand..who cares about the doctors..believe me, if you only knew the BEHIND THE SCENES AT what almont or Beverly hills surgery center.. you should care about the ownership of the company..they have failed [sic] countless times due to inadequate and unsafe care of patients and thus have changed their name to beverly hills surgery center...you may have had a pleasant visit and surgery went well, guess you were lucky how about those..how about the deaths that have occurred that you are not aware of , [sic] or the complications. lap band is a good way for weight loss BUT the surgery center does NOT ABIDE medical protocols ensuring a safe procedure for patients."

169. These comments were published in response to and directly below the March 4, 2010 published column written by HILTZIK and in response to other comments posted.

170. The publications callcenterjohnny made were of and concerning the plaintiff and were so understood by those who read the publications.

171. callcenterjohnny, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to

30        First Amended Complaint for Lanham
          Act Violation

1  cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's
2  business.

3      172.   Specifically, callcenterjohnny has sought to equate Plaintiff's business
4  with a former outpatient surgery center even thought Plaintiff does not own or
5  operate any medical facilities.

6      173.   Plaintiff is informed and believes that callcenterjohnny's statements
7  have deceived or are likely to deceive a substantial portion of the audience reading
8  those statements.

9      174.   Plaintiff is informed and believes that callcenterjohnny, by its actions,
10  have caused members of the public to believe Plaintiff does operate medical
11  facilities and is engaged in conducting medical services.

12      175.   As a result of callcenterjohnny's actions, Plaintiff has and continues to
13  suffer injury including loss of sales and profits.

14              **Eleventh Cause of Action**
15              **Violation of the Lanham Act**
16              **(Against Ebuckly)**

17      176.   Plaintiff hereby incorporates Paragraphs 1 through 175, inclusive,
18  herein by reference as though set forth in full.

19      177.   On or about March 4, 2010, Ebuckly (a LATIMES.COM user
20  identified by screen name Ebuckly) published the following on the website of
21  LATIMES.COM: "They had people overflowing in the place, a former patient was
22  in the waiting room telling everyone that she should have never had the surgery
23  due to issues with her esophagus, but they performed surgery anyway, and she has
24  multiple health issues since. Bottom line, I walked out! I waited 10 years to have
25  this surgery, and as excited as I was, I knew that this place was shady.... After
26  reading this article it has confirmed the feeling I had, and I am so grateful I walked
27  out that day! They are money hungry!!"

28

                          31      First Amended Complaint for Lanham
                                      Act Violation

178.   This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

179.   The publication Ebuckly made was of and concerning Plaintiff and was so understood by those who read the publication.

180.   Ebuckly, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

181.   Specifically, Ebuckly has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

182.   Plaintiff is informed and believes that Ebuckly's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

183.   Plaintiff is informed and believes that Ebuckly, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

184.   As a result of Ebuckly's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Twelfth Cause of Action**

**Violation of the Lanham Act**

**(Against bigsouthern)**

185.   Plaintiff hereby incorporates Paragraphs 1 through 184, inclusive, herein by reference as though set forth in full.

186.   On or about March 4, 2010, bigsouthern (a LATIMES.COM user identified by screen name bigsouthern) published the following on the website of LATIMES.COM: "It's too easy to just assume every medical center in the US follows standard procedures to maintain a safe, sterile environment. It's scary to think about the possibilities with lapses in these basic practices."

32          First Amended Complaint for Lanham
            Act Violation

187.   This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

188.   The publication bigsouthern made was of and concerning Plaintiff and was so understood by those who read the publication.

189.   bigsouthern, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

190.   Specifically, bigsouthern has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

191.   Plaintiff is informed and believes that bigsouthern's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

192.   Plaintiff is informed and believes that bigsouthern, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

193.   As a result of bigsouthern's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

### Thirteenth Cause of Action
### Violation of the Lanham Act
### (Against OCChick)

194.   Plaintiff hereby incorporates Paragraphs 1 through 193, inclusive, herein by reference as though set forth in full.

195.   On or about March 4, 2010, OCChick (a LATIMES.COM user identified by screen name OCChick) published the following on the website of LATIMES.COM: "I don't know why but I have always had a feeling something was not quite right with this place. On almost all freeways in the southland is 5-6-7 of these bill boards in a row, how can they afford this? They are all over AM radio

1   and TV, How is it all insurance PPOs are covering it. I would suggest an insurance

2   audit as well."

3       196.   This comment was published in response to and directly below the

4   March 4, 2010 published column written by HILTZIK.

5       197.   The publication OCChick made was of and concerning Plaintiff and

6   was so understood by those who read the publication.

7       198.   OCChick, thusly, in connection with goods or services used a false or

8   misleading representation of fact which was likely to cause confusion, to cause

9   mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

10       199.   Specifically, OCChick has sought to equate Plaintiff's business with a

11   former outpatient surgery center even thought Plaintiff does not own or operate

12   any medical facilities.

13       200.   Plaintiff is informed and believes that OCChick's statements have

14   deceived or are likely to deceive a substantial portion of the audience reading those

15   statements.

16       201.   Plaintiff is informed and believes that OCChick, by its actions, have

17   caused members of the public to believe Plaintiff does operate medical facilities

18   and is engaged in conducting medical services.

19       202.   As a result of OCChick's actions, Plaintiff has and continues to suffer

20   injury including loss of sales and profits.

21   **Fourteenth Cause of Action**

22   **Violation of the Lanham Act**

23   **(Against AllenGillespie)**

24       203.   Plaintiff hereby incorporates Paragraphs 1 through 202, inclusive,

25   herein by reference as though set forth in full.

26       204.   On or about March 4, 2010, AllenGillespie (a LATIMES.COM user

27   identified by screen name AllenGillespie) published the following on the website

28

First Amended Complaint for Lanham
Act Violation

of LATIMES.COM: "The comments supporting the disreputable medical facility described in this article generally appear to have been written by the same person."

205. This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

206. The publication AllenGillespie made was of and concerning Plaintiff and was so understood by those who read the publication.

207. AllenGillespie, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

208. Specifically, AllenGillespie has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

209. Plaintiff is informed and believes that AllenGillespie's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

210. Plaintiff is informed and believes that AllenGillespie, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

211. As a result of AllenGillespie's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

## Fifteenth Cause of Action

## Violation of the Lanham Act

## (Against dhaettig)

212. Plaintiff hereby incorporates Paragraphs 1 through 211, inclusive, herein by reference as though set forth in full.

213. On or about March 4, 2010, dhaettig an anonymous user identified by screen name dhaettig ("Dhaettig") published the following on the website of

First Amended Complaint for Lanham Act Violation

LATIMES.COM: "[T]hose billboards and ads are like spam..... It doesn't solve the obesity problem. Getting this procedure done doesn't teach people about portion control or good nutrition, or get to the psychological issues behind overeating."

214.   This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

215.   The publication dhaettig made was of and concerning Plaintiff and was so understood by those who read the publication.

216.   dhaettig, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

217.   Specifically, dhaettig has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

218.   Plaintiff is informed and believes that dhaettig's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

219.   Plaintiff is informed and believes that Defendant, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

220.   As a result of dhaettig's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

### Sixteenth Cause of Action

### Violation of the Lanham Act

### (Against Baseballhead)

221.   Plaintiff hereby incorporates Paragraphs 1 through 220, inclusive, herein by reference as though set forth in full.

222.   On or about March 4, 2010, Baseballhead (a LATIMES.COM user identified by screen name Baseballhead) published the following on the website of

36          First Amended Complaint for Lanham
            Act Violation

LATIMES.COM: "Hiltzik didn't shut down their previous surgical venture, he wasn't the one who had a 22-page report made out detailing all the violations at the surgical center that they're accountable for... For the more discriminating consumers who suffer from obesity and are looking at surgical options, Hiltzik's column is a terrific reason to investigate Lap Band more thoroughly %u2014 and then look elsewhere %u2014 before putting their health and wallets on the line."

223.    This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

224.    The publication Baseballhead made was of and concerning Plaintiff and was so understood by those who read the publication.

225.    Baseballhead, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

226.    Specifically, Baseballhead has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

227.    Plaintiff is informed and believes that Baseballhead's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

228.    Plaintiff is informed and believes that Baseballhead, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

229.    As a result of Baseballhead's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

### Seventeenth Cause of Action
### Violation of the Lanham Act
### (Against mattemons)

230.   Plaintiff hereby incorporates Paragraphs 1 through 229, inclusive, herein by reference as though set forth in full.

231.   On or about March 4, 2010, mattemons (a LATIMES.COM user identified by screen name mattemons) published the following on the website of LATIMES.COM: "There are plenty of reputable healthcare providers and facilities in the area that are highly qualified to perform these procedures. Why would anyone want to take a chance by going to a facility with such a shady past?"

232.   This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

233.   The publication mattemons made was of and concerning Plaintiff and was so understood by those who read the publication.

234.   mattemons, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

235.   Specifically, mattemons has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

236.   Plaintiff is informed and believes that mattemons' statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

237.   Plaintiff is informed and believes that mattemons, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

238.   As a result of mattemons' actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

First Amended Complaint for Lanham Act Violation

## Eighteenth Cause of Action
## Violation of the Lanham Act
## (Against JulyPostOp)

239.   Plaintiff hereby incorporates Paragraphs 1 through 238, inclusive, herein by reference as though set forth in full.

240.   On or about March 4, 2010, JulyPostOp (a LATIMES.COM user identified by screen name JulyPostOp) published the following on the website of LATIMES.COM: "I was a patient who had so many test [sic] ordered for me that I had to call other doctors just to confirm. When I attended seminars at three different centers, I was told that none of these tests was necessary, and had my syrgery [sic] with just the tests that the Lap Band professors perform. Very disappointing that there are so many idiots, myself included, who look at the ads and think this is the real deal. The surgery is great. Just do it elsewhere.  July"

241.   On or about March 4, 2010, JulyPostOp published the following on the website of LATIMES.COM: "The biggest scam ever. I went there because they are from my country. I trust them. They charge my insurance $70,000 for surgery cost $18,000 cash. My isurance say [sic] too much. My whole life I only get one million, they take 10%.  Mohammed"

242.   This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

243.   The publications JulyPostOp made were of and concerning Plaintiff and were so understood by those who read the publication.

244.   JulyPostOp, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

245.   Specifically, JulyPostOp has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

First Amended Complaint for Lanham Act Violation

246.   Plaintiff is informed and believes that JulyPostOp's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

247.   Plaintiff is informed and believes that JulyPostOp, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

248.   As a result of JulyPostOp's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

<u>**Nineteenth Cause of Action**</u>

<u>**Violation of the Lanham Act**</u>

<u>**(Against DrBruin2)**</u>

249.   Plaintiff hereby incorporates Paragraphs 1 through 248, inclusive, herein by reference as though set forth in full.

250.   On or about March 4, 2010, DrBruin2 (a LATIMES.COM user identified by screen name DrBruin2) published the following on the website of LATIMES.COM: "This company should be closed down permanently and all of their licenses should be revoked."

251.   This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

252.   The publication DrBruin2 made was of and concerning Plaintiff and was so understood by those who read the publication.

253.   DrBruin2, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

254.   Specifically, DrBruin2 has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

40        First Amended Complaint for Lanham
Act Violation

255.   Plaintiff is informed and believes that DrBruin2's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

256.   Plaintiff is informed and believes that DrBruin2, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

257.   As a result of DrBruin2's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Twentieth Cause of Action**

**Violation of the Lanham Act**

**(Against RUJoking?!)**

258.   Plaintiff hereby incorporates Paragraphs 1 through 257, inclusive, herein by reference as though set forth in full.

259.   On or about March 4, 2010, RUJoking?! (a LATIMES.COM user identified by screen name RUJoking?!) published the following on the website of LATIMES.COM: "Mr. Hiltzik's articles here are doing a public service to aid law enforcement in shutting down these quacks as soon as possible."

260.   This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

261.   The publication RUJoking made was of and concerning Plaintiff and was so understood by those who read the publication.

262.   RUJoking?!, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

263.   Specifically, RUJoking?!  has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

41          First Amended Complaint for Lanham
                 Act Violation

264.   Plaintiff is informed and believes that RUJoking?!'s statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

265.   Plaintiff is informed and believes that RUJoking?!, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

266.   As a result of RUJoking?!'s actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Twenty-First Cause of Action**

**Violation of the Lanham Act**

**(Against InstructorP)**

267.   Plaintiff hereby incorporates Paragraphs 1 through 266, inclusive, herein by reference as though set forth in full.

268.   On or about March 4, 2010, InstructorP (a LATIMES.COM user identified by screen name InstructorP) published the following on the website of LATIMES.COM: "Thank you Mike for exposing this fraud and the few customers who would rather take the easy dangerous approach to losing weight instead of just plain old exercise! $18,000 for a surgical procedure by discredited doctors should be on 60 minutes or another expose show."

269.   This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

270.   The publication InstructorP made was of and concerning Plaintiff and was so understood by those who read the publication.

271.   InstructorP, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

First Amended Complaint for Lanham Act Violation

272.   Specifically, InstructorP has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

273.   Plaintiff is informed and believes that InstructorP's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

274.   Plaintiff is informed and believes that InstructorP, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

275.   As a result of InstructorP's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

### Twenty-Second Cause of Action

### Violation of the Lanham Act

### (Against 1Friend)

276.   Plaintiff hereby incorporates Paragraphs 1 through 275, inclusive, herein by reference as though set forth in full.

277.   On or about March 5, 2010, 1Friend (a LATIMES.COM anonymous user identified by screen name 1Friend) published the following on the website of LATIMES.COM: "A typical california [sic] insurance rip-off scam."

278.   This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

279.   The publication 1Friend made was of and concerning Plaintiff and was so understood by those who read the publication.

280.   1Friend, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

First Amended Complaint for Lanham Act Violation

281.   Specifically, 1Friend has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

282.   Plaintiff is informed and believes that 1Friend's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

283.   Plaintiff is informed and believes that 1Friend, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

284.   As a result of 1Friend's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

### Twenty-Third Cause of Action
### Violation of the Lanham Act
### (Against darmaggi)

285.   Plaintiff hereby incorporates Paragraphs 1 through 284, inclusive, herein by reference as though set forth in full.

286.   On or about March 5, 2010, darmaggi (a LATIMES.COM user identified by screen name darmaggi) published the following on the website of LATIMES.COM: "Just the ever presence of that annoying and simplistic ad in their multiform media campaign was enough to cause concern and create doubt as to the quality and veracity of who they are and the kind of work they are really performing.  With any luck you may have helped put some obviously unscrupulous medical practitioners out of business, and in the process saved some lives, and saved us all from over exposure to those obnoxious ads.  When the medial [sic] boards removed their certifications they just reconstituted under new names without losing too much time or money, but hopefully, you have connected the dots for those concerned, between the Omidi's [sic] and their odious ad campaign,

44      First Amended Complaint for Lanham
        Act Violation

1   which would probably be much more costly to retool and relaunch than their actual

2   medical corporation."

3       287.   This comment was published in response to and directly below the

4   March 4, 2010 published column written by HILTZIK.

5       288.   The publication darmaggi made was of and concerning Plaintiffs and

6   was so understood by those who read the publication.

7       289.   darmaggi, thusly, in connection with goods or services used a false or

8   misleading representation of fact which was likely to cause confusion, to cause

9   mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

10      290.   Specifically, darmaggi has sought to equate Plaintiff's business with a

11   former outpatient surgery center even thought Plaintiff does not own or operate

12   any medical facilities.

13      291.   Plaintiff is informed and believes that darmaggi's statements have

14   deceived or are likely to deceive a substantial portion of the audience reading those

15   statements.

16      292.   Plaintiff is informed and believes that darmaggi, by its actions, have

17   caused members of the public to believe Plaintiff does operate medical facilities

18   and is engaged in conducting medical services.

19      293.   As a result of darmaggi's actions, Plaintiff has and continues to suffer

20   injury including loss of sales and profits.

21                          **Twenty-Fourth Cause of Action**

22                          **Violation of the Lanham Act**

23                          **(Against RamonaInCorona)**

24      294.   Plaintiff hereby incorporates Paragraphs 1 through 293, inclusive,

25   herein by reference as though set forth in full.

26      295.   On or about March 7, 2010, RamonaInCorona (a LATIMES.COM

27   anonymous user identified by screen name RamonaInCorona) published the

28   following on the website of LATIMES.COM: "[T]here are PLENTY of other

                    45         First Amended Complaint for Lanham
                               Act Violation

surgeons out in LA that practice at hospitals designated as Bariatric Center [sic] of Excellence. If you have the choice, I'm not sure why anyone would choose TopSurgeons. This is your life folks and if you are taking it seriously enough to go through major surgery, take the extra step and go to a reputable facility."

296.   This comment was published in response to and directly below the March 4, 2010 published column written by HILTZIK.

297.   The publication RamonaInCorona made was of and concerning Plaintiff and was so understood by those who read the publication.

298.   RamonaInCorona, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

299.   Specifically, RamonaInCorona has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

300.   Plaintiff is informed and believes that RamonaInCorona's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

301.   Plaintiff is informed and believes that RamonaInCorona, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

302.   As a result of RamonaInCorona's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

### Twenty-Fifth Cause of Action

### Violation of the Lanham Act

#### (Against dianne.m.daniels)

303.   Plaintiff hereby incorporates Paragraphs 1 through 302, inclusive, herein by reference as though set forth in full.

46        First Amended Complaint for Lanham
          Act Violation

304.   On or about April 18, 2010, dianne.m.daniels (a LATIMES.COM user identified by screen name dianne.m.daniels) published the following on the website of LATIMES.COM: "Please, let's make this more about the fact that this 'physician' lied about his qualifications and experience and that the information about his lack of knowledge should have been easier to find. It is tragic that this young man died because of medical incompetence - but it was not the lap band that killed him."

305.   This comment was published in response to and directly below the April 18, 2010 published column written by HILTZIK.

306.   The publication dianne.m.daniels made was of and concerning Plaintiff and was so understood by those who read the publication.

307.   dianne.m.daniels, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

308.   Specifically, dianne.m.daniels has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

309.   Plaintiff is informed and believes that dianne.m.daniels' statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

310.   Plaintiff is informed and believes that dianne.m.daniels, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

311.   As a result of dianne.m.daniels' actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

47      First Amended Complaint for Lanham
        Act Violation

## Twenty-Sixth Cause of Action
## Violation of the Lanham Act
## (Against LAX.Prepster)

312.   Plaintiff hereby incorporates Paragraphs 1 through 311, inclusive, herein by reference as though set forth in full.

313.   On or about April 18, 2010, LAX.Prepster (a LATIMES.COM anonymous user identified by screen name LAX.Prepster) published the following on the website of LATIMES.COM: "I have a feeling if you were to dive deeper into this group as well as others, you'll probably find, these so called surgeons do not even have prviledges [sic] at any local hospitals (to admit in case of complications) which right there is a red flag.  There's much controversy if these Lap Bands should be performed on an outpatient basis. I'm sure there still [sic] a large group of surgeons out there who insist on keeping patients in the hospital at least a night or two for observation, especially in those cases, [sic] where there's diabetes, hypertension, breathing issues, history of infections etc. involved as no two patients are the same.  There are many serious issues with performing this less invasive surgery over the laparascopic [sic] bypass."

314.   This comment was published in response to and directly below the April 18, 2010 published column written by HILTZIK.

315.   The publication LAX.Prepster made was of and concerning Plaintiff and was so understood by those who read the publication.

316.   LAX.Prepster, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

317.   Specifically, LAX.Prepster has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

First Amended Complaint for Lanham Act Violation

318.   Plaintiff is informed and believes that LAX.Prepster's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

319.   Plaintiff is informed and believes that LAX.Prepster, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

320.   As a result of LAX.Prepster's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

### Twenty-Seventh Cause of Action
### Violation of the Lanham Act
### (Against Isabelle1106)

321.   Plaintiff hereby incorporates Paragraphs 1 through 320, inclusive, herein by reference as though set forth in full.

322.   On or about April 19, 2010, Isabelle1106 (a LATIMES.COM user identified by screen name Isabelle1106) published the following on the website of LATIMES.COM: "Is this insurance fraud too? If Mr. Brooks was 6'6 and 300lbs his BMI would only be 34.7. In order for insurance to pay, a patient must have a BMI of 40 or greater or 35 with some sort of co-morbidity (sleep apnea, diabetes, hypertension). Someone should look into the information submitted to the insurance company. Based on his height and weight given Mr. Brooks wouldn't have even qualified for surgery."

323.   This comment was published in response to and directly below the April 18, 2010 published column written by HILTZIK.

324.   The publication Isabelle1106 made was of and concerning Plaintiffs and was so understood by those who read the publication.

325.   Isabelle1106, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

49        First Amended Complaint for Lanham
          Act Violation

326.    Specifically, Isabelle1106 has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

327.    Plaintiff is informed and believes that Isabelle1106's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

328.    Plaintiff is informed and believes that Isabelle1106, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

329.    As a result of Isabelle1106's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

<u>**Twenty-Eighth Cause of Action**</u>

<u>**Violation of the Lanham Act**</u>

<u>**(Against AlanSmyth1)**</u>

330.    Plaintiff hereby incorporates Paragraphs 1 through 329, inclusive, herein by reference as though set forth in full.

331.    On or about April 21, 2010, AlanSmyth1 (a LATIMES.COM user identified by screen name AlanSmyth1) published the following on the website of LATIMES.COM: "The 1 800 GET THIN or GET SLIM group have had so many different surgeons go through their facility. How can all these sub-standard surgeons continue to practice in a facility that continues to change their [sic] name? … Unfortunately, innocent patients will be mesmerized by their continuous billboard and tv ads. '1 800 GET SLIM-Y and SHADY' is more appropriate for this group."

332.    This comment was published in response to and directly below the April 18, 2010 published column written by HILTZIK.

333.    The publication AlanSmyth1 made was of and concerning Plaintiff and was so understood by those who read the publication.

50          First Amended Complaint for Lanham Act Violation

334.   AlanSmyth1, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

335.   Specifically, AlanSmyth1 has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

336.   Plaintiff is informed and believes that AlanSmyth1's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

337.   Plaintiff is informed and believes that AlanSmyth1, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

338.   As a result of AlanSmyth1's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

<u>**Twenty-Ninth Cause of Action**</u>

<u>**Violation of the Lanham Act**</u>

<u>**(Against Ed Wood)**</u>

339.   Plaintiff hereby incorporates Paragraphs 1 through 338, inclusive, herein by reference as though set forth in full.

340.   On or about December 19, 2010, Ed Wood (a LATIMES.COM user identified by screen name Ed Wood) published the following on the website of LATIMES.COM: "Thanks to Hiltzik.  This is the best public service LAT columnists can provide: expose corruption and incompetence, Unfortunate that this type of topic will attract a lot of comments by shills for the Omidi family, and also by the opportunistic competitors to these fine gentlemen.  Not to diminish the surgery itself, because I'm familiar with one person who had it, using a surgeon well ranked by her group insurer (not the Omidi family)…"

51          First Amended Complaint for Lanham
            Act Violation

341.   This comment was published in response to and directly below the December 19, 2010 published column written by HILTZIK.

342.   The publication Ed Wood made was of and concerning Plaintiff and was so understood by those who read the publication.

343.   Ed Wood, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

344.   Specifically, Ed Wood has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

345.   Plaintiff is informed and believes that Ed Wood's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

346.   Plaintiff is informed and believes that Ed Wood, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

347.   As a result of Ed Wood's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Thirtieth Cause of Action**

**Violation of the Lanham Act**

**(Against KatherineLicariVenturoso)**

348.   Plaintiff hereby incorporates Paragraphs 1 through 347, inclusive, herein by reference as though set forth in full.

349.   On or about December 19, 2010, KatherineLicariVenturoso (a LATIMES.COM user identified by screen name KatherineLicariVenturoso) published the following on the website of LATIMES.COM: "These doctors are CROOKS who have had their licenses suspended or revoked... and THEY are hiring the surgeons who do the procedure? DON'T DO THE SURGERY WITH

CROOKS!!!...If you are considering surgery, DO NOT CHOOSE YOUR DOCTOR BY BILLBOARDS...GO THROUGH YOUR INSURANCE...AND CHECK OUT THEIR REFERENCES."

350.   This comment was published in response to and directly below the December 19, 2010 published column written by HILTZIK.

351.   The publication KatherineLicariVenturoso made was of and concerning Plaintiff and was so understood by those who read the publication.

352.   KatherineLicariVenturoso, thusly, in connection with goods or services used a false or misleading representation of fact which was likely to cause confusion, to cause mistake, or deceive as to the origin or approval of Plaintiff and Plaintiff's business.

353.   Specifically, KatherineLicariVenturoso has sought to equate Plaintiff's business with a former outpatient surgery center even thought Plaintiff does not own or operate any medical facilities.

354.   Plaintiff is informed and believes that KatherineLicariVenturoso's statements have deceived or are likely to deceive a substantial portion of the audience reading those statements.

355.   Plaintiff is informed and believes that KatherineLicariVenturoso, by its actions, have caused members of the public to believe Plaintiff does operate medical facilities and is engaged in conducting medical services.

356.   As a result of KatherineLicariVenturoso's actions, Plaintiff has and continues to suffer injury including loss of sales and profits.

**Prayer for Relief**

Wherefore Plaintiff prays for judgment as follows:

1.   Defendants are enjoined from making false and misleading statements against Plaintiff;

2.      Defendants are ordered to reimburse Plaintiff for any damages suffered by Plaintiff in an amount to be proven at trial;

3.      Defendants' be ordered to reimburse Plaintiff for reasonable attorney fees and the cost of suit herein pursuant to 15 USC § 1117; and,

4.      For such other and further relief as the Court may determine is just and proper.


Dated this day of March 30, 2011


**SILVERMAN & ASSOCIATES**


Robert B. Silverman
Attorneys for Plaintiff


54          First Amended Complaint for Lanham
            Act Violation