UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 1 800 GET THIN, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael Hiltzik, an individual; Los Angeles Times Communications, LLC; Stuart Pfeifer, an individual; SNAPSHOTS, an individual; Adrian_Dallas, an individual; jkrischel, an individual; neoserf, an individual; paulmayer, an individual; dalefogden, an individual; wtharvey, an individual; matt_powers, an individual; callcenterjohnny, an individual; Ebuckly, an individual; bigsouthern, an individual; OCChick, an individual; AllenGillespie, an individual; dhaettig, an individual; Baseballhead, an individual; mattemons, an individual; JulyPostOp, an individual; DrBruin2, an individual; RUJoking?!, an individual; InstructorP, an individual; 1Friend, an individual; darmaggi, an individual; RamonaInCorona, an individual; dianne.m.daniels, an individual; LAX.Prepster, an individual; Isabelle1 106, an individual; AlanSmythl, an individual; Ed Wood, an individual; KatherineLicariVenturoso, an individual; Does 1-10, inclusive,<br><br>    Defendants. | Case No. 2:11-CV-0505-ODW (Ex)<br>Assigned to the Honorable<br>Otis D. Wright II<br><br>**[PROPOSED] ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date: May 23, 2011<br>Time:    1:30 p.m.<br>Courtroom:  11<br><br>Action Filed: January 18, 2011 |

1  The Motion To Dismiss First Amended Complaint brought by defendants
2  Los Angeles Times Communications LLC, Michael Hiltzik, and Stuart Pfeifer
3  (collectively, "Times Defendants") came on for hearing on May 23, 2010, before
4  the Honorable Otis D. Wright II, United States District Court Judge. Kelli L. Sager
5  of Davis Wright Tremaine LLP appeared on behalf of the Times Defendants.
6  Robert Silverman of Silverman & Associates appeared on behalf of plaintiff 1 800
7  GET THIN, LLC.

8  The Court, having read and considered the pleadings, records, files, and
9  arguments of counsel, HEREBY ORDERS:

10  The Times Defendants' Motion to Dismiss Plaintiff's First Amended
11  Complaint is GRANTED, without leave to amend.

12  The Court finds that plaintiff's claim for violation of the Lanham Act against
13  the Times defendants fails as a matter of law for each of the following reasons:

14  1.  The Times Defendants' reference to "1-800-GET-THIN" in discussing
15      the widespread billboards and other advertisements promoting Lap-
16      Band surgery was a nominative fair use, which cannot give rise to any
17      Lanham Act claim. See New Kids on the Block v. News Am.
18      Publications, Inc., 971 F.2d 302, 307 (9th Cir. 1992).

19  2.  Plaintiff cannot state a claim for commercial disparagement under the
20      Lanham Act for each of the following reasons:

21      (a)  The Times Defendants' news reports and commentary are
22           beyond the scope of the Lanham Act, which limits
23           disparagement claims to "commercial advertising and
24           promotion." See 15 U.S.C. § 1125(a)(1); see also Coastal
25           Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725,
26           734 (9th Cir. 1999).

27      (b)  The Times Defendants' statements about plaintiff's marketing of
28           Lap-Band surgery are protected under the First Amendment.

1

[PROPOSED] ORDER
DWT 16936089v1 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Case 2:11-cv-00505-ODW -E   Document 5-1   Filed 04/25/11   Page 3 of 5   Page ID #:165

|   |   |   |
|---|---|---|
| 1 |   | See New York Times v. Sullivan, 376 U.S. 254, 285 (1964). |

See <u>New York Times v. Sullivan</u>, 376 U.S. 254, 285 (1964). The statements set forth in the First Amended Complaint do not state or suggest that 1 800 Get Thin, LLC "performs" surgeries or was responsible for any patient deaths, nor can this be reasonably implied from the column when read in context. <u>See, e.g.</u>, <u>Forsher v. Bugliosi</u>, 26 Cal. 3d 792 (1980); <u>Thomas v. Los Angeles Times Communications LLC</u>, 189 F. Supp. 2d 1005 (2002), <u>affirmed without opinion</u> (9th Cir. Sept. 6, 2002). Nothing from any other article or column published by the Times Defendants is identified as a basis for a commercial disparagement claim, nor is there anything published that is shown to be false and defamatory about plaintiff.

(c) Plaintiff cannot evade the pleading and proof requirements for a state law trade libel claim by labeling it as a violation of the Lanham Act. In addition to the constitutional defenses for libel claims, plaintiff must specifically plead and prove special damages, which it has not and cannot do. See <u>Pridonoff v. Balokovich</u>, 36 Cal. 2d 788, 792, 228 P.2d 6 (1951); <u>Mann v. Quality Old Time Serv., Inc.</u>, 120 Cal. App. 4th 90, 109, 15 Cal. Rptr. 3d 215 (2004)).

4. To the extent plaintiff is attempting to state a claim for dilution, that claim is barred for two reasons:

(a) The section of the Lanham Act that provides a claim for trademark dilution expressly exempts any form of news reporting and commentary, fair use, and noncommercial use; consequently, plaintiff's assertion of "dilution" arising from the Times Defendants' publications is barred. 15 U.S.C. § 1125(c).

2

[PROPOSED] ORDER
DWT 16936089v1 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(b)  Plaintiff has not and cannot allege that its unregistered mark had the requisite degree of fame required for this claim. 15 U.S.C. § 1125(c)(2)(A); see also Top Tobacco, L.P. v. North Atlantic Op. Co., 509 F.3d 380, 384 (7th Cir. 2007); Avery Dennison Corp. v. Sumpton, 189 F.3d 868, 875 (9th Cir. 1999).

5. Because nothing in the FAC identifies any specific statements or implications in articles authored by defendant Stuart Pfeifer that it claims are actionable, or describe any other purportedly actionable conduct by him, plaintiff's claim against Mr. Pfeifer is dismissed for this additional reason.

Dated: _____, 2011

_____
Honorable Otis D. Wright, II
United States District Judge

3

[PROPOSED] ORDER
DWT 16936089v1 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Respectfully submitted,

DATED: April 25, 2011

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ALONZO WICKERS IV
LISA J. KOHN

LOS ANGELES TIMES COMMUNICATIONS LLC
KARLENE GOLLER


By: _____s/ Kelli L. Sager_____
　　　　　　　Kelli L. Sager

Attorneys for Defendants LOS ANGELES TIMES COMMUNICATIONS LLC, MICHAEL HILTZIK, and STUART PFEIFER

4

[PROPOSED] ORDER
DWT 16936089v1 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899