DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 120162)
     kellisager@dwt.com
ALONZO WICKERS IV (State Bar No. 169454)
     alonzowickers@dwt.com
LISA J. KOHN (State Bar No. 260236)
     lisakohn@dwt.com
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800 / Fax:  (213) 633-6899

LOS ANGELES TIMES COMMUNICATIONS LLC
KARLENE GOLLER (State Bar No. 147065)
     karlenegoller@latimes.com
202 West First Street
Los Angeles, California  90012
Telephone:  (213) 237-3760 / Fax:  (213) 237-3810

Attorneys for Defendants LOS ANGELES TIMES
COMMUNICATIONS LLC, MICHAEL HILTZIK, and
STUART PFEIFER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| 1 800 GET THIN, LLC,<br><br>              Plaintiff,<br><br>       vs.<br><br>Michael Hiltzik, an individual; Los Angeles Times Communications, LLC; Stuart Pfeifer, an individual; SNAPSHOTS, an individual; Adrian_Dallas, an individual; jkrischel, an individual; neoserf, an individual; paulmayer, an individual; dalefogden, an individual; wtharvey, an individual; matt_powers, an individual; callcenterjohnny, an individual; Ebuckly, an individual; bigsouthern, an individual; OCChick, an individual; AllenGillespie, an individual; dhaettig, an individual; Baseballhead, an individual; mattemons, an individual; JulyPostOp, an individual; DrBruin2, an individual; RUJoking?!, an individual; InstructorP, an individual; 1Friend, an individual; darmaggi, an individual; RamonaInCorona, an individual; dianne.m.daniels, an individual; LAX.Prepster, an individual; Isabellel 106, an individual; AlanSmythl, an individual; Ed Wood, an individual; KatherineLicariVenturoso, an individual; Does 1-10, inclusive,<br><br>              Defendants. | Case No. 2:11-CV-0505-ODW (Ex)<br>Assigned to the Honorable<br>Otis D. Wright II<br><br>**TIMES DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date:      May 23, 2011<br>Time:                  1:30 p.m.<br>Courtroom:        11<br><br>Action Filed:  January 18, 2011<br><br>[Response To Plaintiff's Objections To Defendants' Request For Judicial Notice And Plaintiff's Counter Request For Judicial Notice Concurrently Filed.] |

# TABLE OF CONTENTS

Page

I.      SUMMARY OF ARGUMENT ................................................................. 1

II.     PLAINTIFF MISSTATES THE STANDARD FOR 12(B)(6) MOTIONS ................................................................................................ 3

III.    PLAINTIFF'S LANHAM ACT CLAIM SHOULD BE DISMISSED. ........... 3

        A.      The Times Defendants' Use Was a Non-Actionable Nominative Fair Use. ................................................................. 3

        B.      Plaintiff's Trade Disparagement Claim Fails As A Matter Of Law. .......................................................................................... 5

                1.      The Times' Publications Are Not "Advertising Or Promotion." ............................................................... 5

                2.      The First Amendment Bars Plaintiff's Claim. .............. 9

                3.      Plaintiff Has Not And Cannot Allege Special Damages. ...................................................................... 11

        C.      The Rogers Test Bars Any False Endorsement Claim. ...................... 11

        D.      Plaintiff's "Sock Puppeteering" Argument Is A Red Herring. .......... 12

IV.     CONCLUSION ................................................................................ 12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

CASES

Architectural Mailboxes v. Epoch Design,
    2011 WL 1630809 (S.D. Cal., April 28, 2011)................................................. 4, 5

Ashcroft v. Iqbal,
    556 U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ....................................... 3

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..................................... 3

Bolger v. Youngs Drug Prods.,
    463 U.S. 60, 77 L. Ed. 2d 469, 103 S. Ct. 2875 (1983) ....................................... 7

Bonin v. Calderon,
    59 F.3d 815 (9th Cir. 1995) ................................................................................ 3

Burnett v. Twentieth Century Fox,
    491 F. Supp. 2d 962 (C.D. Cal. 2007) ................................................................ 9

Capcom v. MKR Group,
    No. 08-0904, 2008 WL 4661479 (N.D. Cal., October 20, 2001) ....................... 4

Clegg v. Cult Awareness Network,
    18 F.3d 752 (9th Cir. 1994) ................................................................................ 3

Coastal Abstract Serv., Inc. v. First American Title Ins. Co.,
    173 F.3d 725 (9th Cir. 1999)....................................................................... 6, 10

Condit v. Star Editorial, Inc.,
    259 F. Supp. 2d 1046 (E.D. Cal. 2003)............................................................... 5

Conley v. Gibson,
    355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .................................................. 3

Daily Herald Co. v. Munro,
    838 F.2d 380 (9th Cir. 1988).............................................................................. 7

E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.,
    547 F.3d 1095 (9th Cir. 2008) ......................................................................... 12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Finance Express v. Nowcom Corp.,
    564 F. Supp. 2d 1160 (C.D. Cal. 2008)...............................................................8

Forsher v. Bugliosi,
    26 Cal. 3d 792, 163 Cal. Rptr. 628 (1980)........................................................10

Greenbelt Coop. Publ'g Ass'n v. Bresler,
    398 U.S. 6, 90 S. Ct. 1537, 26 L. Ed. 2d 6 (1970)............................................10

Guess, Inc. v. Superior Court,
    176 Cal. App. 3d 473, 222 Cal. Rptr. 79 (1986)................................................11

Guglielmi v. Spelling-Goldberg Prods.,
    25 Cal. 3d 860, 160 Cal. Rptr. 352 (1979)..........................................................8

Harte-Hanks Communications, Inc. v. Connaughton,
    491 U.S. 657, 109 S. Ct. 2678, 105 L. Ed. 2d 562 (1989)...................................8

Hilton v. Hallmark Cards,
    599 F.3d 894 (9th Cir. 2010)...............................................................................8

Hoffman v. Capital Cities/ABC,
    255 F.3d 1180 (9th Cir. 2001)..............................................................................7

Jack Russell Terrier Network v. Am. Kennel Club, Inc.,
    407 F.3d 1027 (9th Cir. 2005)..............................................................................6

KEMA, Inc. v. Koperwhats,
    2010 U.S. Dist LEXIS 90803 (N.D. Cal. 2010)...................................................4

Knievel v. ESPN,
    393 F.3d 1068 (9th Cir. 2005)..............................................................................9

Kournikova v. General Media Communs., Inc.,
    278 F. Supp. 2d 1111 (C.D. Cal. 2003)................................................................7

Mann v. Quality Old Time Serv., Inc.,
    120 Cal. App. 4th 90, 15 Cal. Rptr. 3d 215 (2004)...........................................11

Mattel, Inc. v. MCA Records,
    296 F.3d 894 (9th Cir. 2002)................................................................................2

Moss v. U.S. Secret Serv.,
    572 F.3d 962 (9th Cir. 2009)................................................................................3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Murray v. CNBC,
   86 F.3d 858 (9th Cir. 1996)...................................................................... 4

New Kids on the Block v. News America Publ., Inc.,
   971 F.2d 302 (9th Cir. 1992)............................................................... 4, 5

New.Net, Inc. v. Lavasoft,
   356 F. Supp. 2d 1090 (C.D. Cal. 2004)................................................... 5

New York Times v. Sullivan,
   376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964) ....................... 10

Playboy Enters. v. Netscape Commun. Corp.,
   354 F.3d 1020 (9th Cir. 2004)............................................................ 8, 9

Pridonoff v. Balokovich,
   36 Cal. 2d 788, 228 P.2d 6 (1951) ...................................................... 11

Stewart v. Rolling Stone LLC,
   181 Cal. App. 4th 664, 105 Cal. Rptr. 3d 98 (2010)................... 1, 8, 9

Thomas v. Los Angeles Times Comm. LLC,
   189 F. Supp. 2d 1005 (C.D. Cal. 2002), afff'd without opinion, 45 Fed.
   Appx. 801 (9th Cir. Sept. 6, 2002) ...................................................... 10

Time, Inc. v. Hill,
   385 U.S. 374, 87 S. Ct. 534, 17 L. Ed. 2d 456 (1967) ...................... 2, 8

Toyota Motor Sales, U.S.A., Inc. v. Tabari,
   610 F.3d 1171 (9th Cir. 2010)................................................................ 4

Waits v. Frito-Lay, Inc.,
   978 F.2d 1093 (9th Cir. 1992)............................................................. 11

**STATUTES**

15 U.S.C. § 1125(a)(1) ............................................................................ 4

15 U.S.C. § 1125(a)(1)(A)................................................................. 4, 12

15 U.S.C. § 1125(a)(1)(B)................................................................... 5, 6

§ 43(a) of the Lanham Act ..................................................................... 5, 6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

RULES

Federal Rule of Civil Procedure 11 ..................................................................... 8, 10

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 3

CONSTITUTIONAL PROVISIONS

United States Constitution, First Amendment.................................................. passim

TIMES DEFENDANTS' REPLY ISO MOTION TO DISMISS
DWT 17033157v3 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# I. SUMMARY OF ARGUMENT

In a desperate attempt to avoid dismissal of its meritless Lanham Act claim, plaintiff's opposition concocts entirely new facts and a new claim not found in the FAC. Plaintiff's convoluted new theory appears to be that the Times Defendants' articles and columns about the ubiquitous 1-800-Get-Thin advertising campaign for Lap-Band surgery, and about the deaths of patients who underwent the surgery, are conspiratorially linked to advertisements on The Times' website. Thus, according to plaintiff, The Times' publications must be treated as "commercial speech," because the website also contains advertisements placed by "competitors" – Lap-Band surgeons and surgery centers.[1] But assuming that plaintiff had alleged such a claim – which it did not[2] – it cannot salvage its meritless Lanham Act claim.

First, plaintiff now appears to concede, as it must, that it cannot state a claim under the Lanham Act based on The Times' publications, let alone base a claim on the only two statements specifically identified in the First Cause of Action. As the Ninth Circuit has made clear, nominative uses of trademarks, like the references to "1-800-GET-THIN" in The Times' articles and columns, are not prohibited under infringement laws, and are outside the Lanham Act's limits on "commercial advertising or promotion." See Motion at 8-11, 14-16; see also Section III.A. infra.

Second, plaintiff's new assertion that ads purchased by third parties somehow changes the First Amendment protections for the Times Defendants' publications is equally baseless. As one California Court of Appeal stated unequivocally last year, "there is no legal precedent for converting noncommercial speech into commercial speech merely based on its proximity to the latter." Stewart v. Rolling Stone LLC,

---

[1] Plaintiff's theory glosses over the fact that, as it has emphatically stated, it is merely a marketing company, and it does not run surgery centers or perform surgeries. Thus, by its own admission, these advertisers are not its "competitors."

[2] The FAC does not contain any allegations about website advertising, nor does it even mention "keywords," which plaintiff alleges are used by advertisers to position their web ads to appear with content related to the item advertised.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

181 Cal. App. 4th 664, 689, 105 Cal. Rptr. 3d 98 (2010) (emphasis added).  The United States Supreme Court and other courts similarly have rejected the notion that publishers lose their constitutional protections if they sell ads or are profit-making enterprises.  See, e.g., Time, Inc. v. Hill, 385 U.S. 374, 397, 87 S. Ct. 534, 17 L. Ed. 2d 456 (1967); see also Section III.B.1, infra.  Because the Times Defendants' publications are not "commercial speech," plaintiff must meet the rigorous First Amendment tests for claims based on allegedly false speech.  It cannot do so.

Indeed, plaintiff's opposition does not even try to explain – as it must – how the two statements identified in its single Lanham Act claim against the Times Defendants could conceivably be read to imply that plaintiff performs surgeries or was responsible for the deaths of Lap-Band patients.  Nor can its conclusory allegations about other, unidentified "false statements" state any injurious falsehood claim.  For this reason, and because plaintiff's disguised trade-libel claim does not and cannot allege special damages with particularity, it should be dismissed.

Third, plaintiff virtually ignores the controlling law on "false designation of origin" claims, which also are limited by the First Amendment.  The reference to 1-800-GET-THIN clearly is relevant to The Times' news reports and columns about the controversial Lap-Band surgery centers and marketing campaign, and the publications do not "explicitly mislead[] as to the source or origin" of plaintiff's services.  Mattel, Inc. v. MCA Records, 296 F.3d 894, 902 (9th Cir. 2002).

Similarly, plaintiff's spurious allegations that Michael Hiltzik is the "source" of anonymous postings attributed to the "Doe" defendants, does not state any claim under the Lanham Act, nor are any of its other baseless personal attacks on Mr. Hiltzik relevant to any issue raised by the Motion.

Finally, plaintiff still has not made any specific allegations of any kind about Stuart Pfeifer's involvement.  Because the suit against Mr. Pfeifer clearly was in bad faith, the claim against him should be dismissed without leave to amend, and sanctions awarded against plaintiff and its counsel for this abuse of process.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.  PLAINTIFF MISSTATES THE STANDARD FOR 12(B)(6)  MOTIONS.

Plaintiff cites an outdated standard from a 1957 Supreme Court case in claiming that this Court cannot resolve this matter at the pleading stage.  Opp. at 7, citing Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  In 2007, the Supreme Court expressly overturned the standard plaintiff relies on:  "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough" and "has earned its retirement."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Instead, the Supreme Court held that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  550 U.S. at 556.  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  In 2009, the Supreme Court reiterated its more stringent test, holding that the plaintiff must "'state a claim to relief that is plausible on its face,'" and stating that courts must "draw on [their] judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).  See also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("the non-conclusory 'factual content,' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief").  Plaintiff cannot meet this standard, let alone satisfy the heightened scrutiny required in cases implicating First Amendment rights.  Motion at 6 & n.14.  Thus, the FAC should be dismissed without leave to amend.[3]

### III.  PLAINTIFF'S LANHAM ACT CLAIM SHOULD BE DISMISSED.

**A.     The Times Defendants' Use Was a Non-Actionable Nominative Fair Use.**

Plaintiff fails to come to grips with the underlying flaw in its Lanham Act claim:  the "use" of the 1-800-GET-THIN trademark to "communicat[e] ideas or

---

[3] See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (leave to amend may be denied if futile); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994) (dismissal without leave proper where plaintiff not entitled to relief).

TIMES DEFENDANTS' REPLY ISO MOTION TO DISMISS
DWT 17033157v3 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

express[] points of view," as in The Times' publications, is <u>not</u> <u>prohibited</u> by the Lanham Act, and in fact, is not a "trademark use" at all. The Ninth Circuit's decision in <u>New Kids on the Block v. News America Publ., Inc.</u>, 971 F.2d 302, 308 (9th Cir. 1992), is directly on point. There, as here, the plaintiff argued that the defendants' for-profit newsgathering and publication were a trademark violation. 971 F.3d at 309. The Ninth Circuit squarely rejected the claim, finding that the defendants' publications did not violate the Lanham Act. <u>Id.</u> Plaintiff cannot evade this controlling decision, or the other authorities cited in the Motion, which make clear that this kind of nominative fair use is not actionable. Motion at 8-11.[4]

Plaintiff's assertion that nominative fair use does not apply if there is any allegation of "falsity" (Opp. at 14) misstates the law. Although an element of falsity is a <u>prerequisite</u> for certain claims under Section 1125(a)(1), that is merely a threshold requirement, not the sole element needed to state an infringement claim. 15 U.S.C. § 1125(a)(1). To state a claim under Section 1125(a)(1)(A), plaintiff also must show that the use of its mark by the defendant suggested <u>a false endorsement of the defendant's goods or services by the plaintiff.</u> <u>See</u> <u>New Kids</u>, 971 F.2d at 308.[5] Here, there is no possibility that the Times Defendants' critical references would suggest to readers that 1 800 GET THIN, LLC endorses The Times or its

_____

[4] This determination of nominative fair use can and should be made at the pleading stage. <u>See, e.g.</u>, <u>Architectural Mailboxes v. Epoch Design</u>, 2011 WL 1630809, *4 (S.D. Cal., April 28, 2011) ("courts may resolve these issues at the pleading stage"); <u>Capcom v. MKR Group</u>, No. 08-0904, 2008 WL 4661479, *13 (N.D. Cal., October 20, 2001) (granting a motion to dismiss trademark claim based on nominative fair use defense); <u>see</u> <u>also</u> Motion at 13 n.21.

[5] Plaintiff's cases – <u>KEMA, Inc. v. Koperwhats</u>, 2010 U.S. Dist LEXIS 90803 * 10 (N.D. Cal. 2010) and <u>Toyota Motor Sales, U.S.A., Inc. v. Tabari</u>, 610 F.3d 1171, 1176 (9th Cir. 2010) – do not stand for the proposition that any allegation of "falsity" by the plaintiff is enough to overcome a nominative fair use defense (Opp. at 14); in both cases, there were allegations that the manner in which the defendants used the plaintiffs' marks suggested plaintiffs' endorsement. Nor does <u>Murray v. CNBC</u>, 86 F.3d 858, 861 (9th Cir. 1996) support plaintiff's position: It does not even concern nominative fair use, and the Ninth Circuit affirmed a motion to dismiss plaintiff's claims for trademark infringement and unfair competition, because the parties' services were unrelated. <u>Id.</u>

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

publications;[6] and even plaintiff <u>concedes</u> that it could not make such a claim.  Opp. at 19.  Similarly, plaintiff's attempt to rely on its baseless assertion that anonymous posters on The Times' website are so-called "sock puppets" or disguised "competitors" (Opp. at 16) is completely irrelevant:  neither allegation shows any false endorsement <u>by plaintiff</u> of someone else's goods or services, nor could the negative comments posted on the website remotely suggest <u>any</u> "endorsement." Because the publications at issue only refer to plaintiff's trademark in the context of commentary or news reporting, its Lanham Act claim is barred.

**B.     Plaintiff's Trade Disparagement Claim Fails As A Matter Of Law.**

Plaintiff cannot state a claim under Section 1125(a)(1)(B), which allows trade disparagement-type claims only in very limited circumstances not applicable here.

**1.     The Times' Publications Are Not "Advertising Or Promotion."**

Plaintiff ignores the legislative history of the Lanham Act and Ninth Circuit law, which clearly limit product disparagement claims under the Act to statements made in "commercial advertising or promotion."  15 U.S.C. § 1125(a)(1)(B).  As Judge Gary Feess of this District noted, "the Lanham Act's prohibition against false advertising 'has never been applied to stifle criticism of the goods or services of another by one, such as a consumer advocate, who is not engaged in marketing or promoting a competitive product or service.'"  <u>New.Net, Inc. v. Lavasoft</u>, 356 F. Supp. 2d 1090, 1117-1118 (C.D. Cal. 2004) (citation omitted).  To the contrary, "the legislative history of section 43(a) of the Lanham Act makes plain" that "'[t]he section is <u>narrowly drafted</u> to encompass <u>only clearly false and misleading commercial speech</u>.'"  <u>Id.</u>  (citation omitted; emphasis added).[7]

---

[6] In <u>Architectural Mailboxes</u>, the court found no likelihood of confusion because "every statement" made regarding the plaintiff's product was "negative and a criticism."  2011 WL 1630809 at *3.  Consequently, the court found that this did not suggest any "'affiliation connection or sponsorship' between [defendant] and Plaintiff's products."  <u>Id.</u>  <u>See also</u> <u>New Kids</u>, 971 F.2d at 308-09.

[7] <u>See also</u> <u>Condit v. Star Editorial, Inc.</u>, 259 F. Supp. 2d 1046, 1053 (E.D. Cal. 2003) ("[i]n the Ninth Circuit, a news report including the publication of a

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff has not met and cannot meet the test set forth by the Ninth Circuit for determining whether an allegedly false representation was made in "commercial advertising or promotion."  15 U.S.C. § 1125(a)(1)(B); Coastal Abstract Serv., Inc. v. First American Title Ins. Co., 173 F.3d 725, 735 (9th Cir. 1999).[8]  Most obviously, plaintiff has not and cannot allege that these defendants – a newspaper and its journalists – are in commercial competition with plaintiff, a marketing company.  At most, plaintiff alleges that the Times Defendants "assist" plaintiff's competitors (apparently by allowing them to advertise on The Times' website).  But it is not and cannot be disputed that the Times Defendants are not "competitors" of plaintiff; indeed, even the advertisers identified by plaintiff – Lap-Band surgeons and surgery centers – do not "compete" with plaintiff, which by its own admission does not engage in any surgery and does not own or operate surgical centers! Plaintiff's claim under Section 1125(a)(1)(B) fails for this reason alone.

The crux of plaintiffs' opposition then focuses on its allegation that The Times' articles and columns are "commercial speech" that does not have full First

---

person's trademark is not commercial speech, nor does it constitute a use in connection with commercial advertising or promotion under Section 43(a)").

[8] Plaintiff must show the statements were: "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services;" and "(4) disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry."  Coastal Abstract, 173 F.3d at 734.

Plaintiff takes language out of context from Coastal Abstract, claiming that anything that injures plaintiff in its business is a "competitive injury" that is within the "commercial advertising and promotion" test.  Opp. at 10.  This conflates two different requirements.  A plaintiff must have a "competitive injury" to have standing to bring this kind of claim.  See, e.g., Jack Russell Terrier Network v. Am. Kennel Club, Inc., 407 F.3d 1027, 1037 (9th Cir. 2005) (Section 1125(a)(1)(B) requires plaintiff to show: "(1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is 'competitive,' or harmful to the plaintiff's ability to compete with the defendant").  As a separate requirement, Section 1125(a)(1)(B) is limited in its application to misrepresentations made in "commercial advertising and promotion," and does not apply to editorial comment and reporting, as is at issue here.  Motion at 14-15.

TIMES DEFENDANTS' REPLY ISO MOTION TO DISMISS
DWT 17033157v3 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Amendment protection.  Opp. at 9-15, 18, 21-23.[9]  But commercial speech is speech that "does no more than propose a commercial transaction."  Bolger v. Youngs Drug Prods., 463 U.S. 60, 66, 77 L. Ed. 2d 469, 103 S. Ct. 2875 (1983).  Attempts to expand this limited definition consistently have been rejected by the Ninth Circuit.  For example, in Hoffman v. Capital Cities/ABC, 255 F.3d 1180, 1185-1186 (9th Cir. 2001), the Ninth Circuit reversed the district court's ruling that a magazine that included a digitally-altered photograph of Dustin Hoffman wearing a designer dress and heels was commercial speech.  Even though the magazine contained a "shopper's guide" that instructed readers where they could purchase the dress and shoes, the court explained that the feature "is a combination of fashion photography, humor, and visual and verbal editorial comment on classic films and famous actors."  Id. at 1185.  The court declared that "there are commonsense differences between speech that does no more than propose a commercial transaction and other varieties, and common sense tells us this is not a simple advertisement."  Id. at 1186 (citations omitted).[10]

Similarly, The Times' articles and columns do not merely propose a commercial transaction.  Instead, the publications provide information and commentary on issues of significant public concern – the lax regulation of privately owned surgery centers, plaintiff's controversial marketing of Lap-Band surgery, a letter from Los Angeles County's top health official to the Food and Drug Administration criticizing the 1-800-GET-THIN advertising campaign, and the

---

[9] At its core, the opposition misunderstands the nature of "commercial speech," and improperly conflates this issue with mere "falsity."  See, e.g., Opp at 12 ("Defendants' alleged news articles are commercial speech because they are false, misleading, and designed to endorse competitors").

[10] See also Daily Herald Co. v. Munro, 838 F.2d 380, 384 n.4 (9th Cir. 1988) ("[n]ewsgathering is not commercial speech"); Kournikova v. General Media Communs., Inc., 278 F. Supp. 2d 1111, 1128 (C.D. Cal. 2003) (because a magazine cover and article relating to plaintiff "are not simple advertisements, they are entitled to the First Amendment's full protection").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

deaths of patients following the surgery, among other things.  RJN, Exs. 1-8.

No doubt recognizing that its "commercial speech" claim cannot apply to The Times' articles and columns, plaintiff now has concocted an entirely new theory: that third-party advertising on The Times' website somehow converts the articles and columns from "speech" to "commercial speech."  See, e.g., Opp. at 1, 3, 6, 10-11, 14, 21-24.  Notably, the FAC does not contain a single factual allegation about advertising of any kind, nor does it mention plaintiff's new "theory" – that advertisers use keyword searches to place ads on the website in proximity to The Times' articles and columns on Lap-Band surgery.  But even if plaintiff could plead some factual predicate for this eleventh-hour claim without violating F.R.C.P. 11, it still would fail as a matter of law.  The overwhelming weight of authority makes clear that speech is not rendered "commercial" by the mere fact that it relates to an advertisement, or makes a profit for the publisher.  Time, 385 U.S. at 397 ("that books, newspapers, and magazines are published and sold for profit does not prevent them from being a form of expression whose liberty is safeguarded by the First Amendment"); Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 667, 109 S. Ct. 2678, 105 L. Ed. 2d 562 (1989) ("[i]f a profit motive could somehow strip communications of the otherwise available constitutional protection, our cases from New York Times to Hustler Magazine would be little more than empty vessels"); Hilton v. Hallmark Cards, 599 F.3d 894, 905 n.7 (9th Cir. 2010) (defendant's work was "sold for a profit, but that does not make it commercial speech for First Amendment purposes"); Guglielmi v. Spelling-Goldberg Prods., 25 Cal. 3d 860, 868, 160 Cal. Rptr. 352 (1979) ("[t]he First Amendment is not limited to those who publish without charge").  See also Stewart, 181 Cal. App. 4th at 689.

The keyword-advertising cases plaintiff cites are easily distinguishable.  Both Finance Express v. Nowcom Corp., 564 F. Supp. 2d 1160 (C.D. Cal. 2008), and Playboy Enters. v. Netscape Commun. Corp., 354 F.3d 1020 (9th Cir. 2004), involve claims of "initial interest confusion" based on advertising triggered on a

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

search-engine website when users entered certain search terms.  The defendant in Finance Express was a competitor of plaintiff's that paid search engines for its advertisements to appear when users searched for plaintiff's mark.  564 F. Supp. 2d at 1177.  The defendant in Playboy was a search-engine company that required adult-oriented companies to link their banner advertisements to a list of words including the plaintiff's marks, "Playboy" and "Playmate."  354 F.3d at 1023.  Both cases were brought against advertisers, like the surgeons/surgery centers plaintiff identifies as having advertised on The Times' website; neither case involved a claim against the publisher of a constitutionally protected work, like the Times Defendants here.[11]  Moreover, the speech giving rise to those cases was the advertising itself, not news articles adjacent to advertising, as plaintiff alleges here. In short, plaintiff's newly-concocted claim that The Times' publications are "commercial speech" has no basis in fact or law, and should be rejected.[12]

## 2.   The First Amendment Bars Plaintiff's Claim.

Plaintiff repeatedly insists that all of its allegations must be "accepted as TRUE for purposes of this Motion." E.g., Opp. at 3, 9, 12-16, 19, 21 (original emphasis).  But this Court need not accept legal conclusions cast in the form of alleged "facts" (see Section II, supra), and it may consider documents incorporated into the complaint by reference (Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)), such as the articles at issue.  See RJN, Exs. 1-8.  Here, the Court need only review the one column that forms the sole basis for this lawsuit to determine that

---

[11] The general concept of an advertiser purchasing space near editorial content that is related in some way to the advertiser's industry is hardly new.  This Court can take judicial notice of the fact that ads for airlines and hotels typically are found in the Travel section of the paper; motion picture studios place ads in the Calendar section.  That does not mean that a newspaper critic's review of a movie is "commercial speech," merely because it appears on a page with an advertisement for the movie (or even a competing movie).  Nor does proximity suggest that the critic has endorsed the advertised films.  See Stewart, supra.

[12] Plaintiff does not dispute, because it cannot, that The Times is not legally responsible for third-party material that is posted on its website.  Motion at 4 n.11.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the statements there are protected by the First Amendment as a matter of law.  See

Burnett v. Twentieth Century Fox, 491 F. Supp. 2d 962, 973 (C.D. Cal. 2007)

(granting defendants' motion to dismiss plaintiff's Lanham Act claims after

reviewing television program that formed the basis of lawsuit).

Plaintiff does not dispute that this Court is constitutionally required to

examine the specific statements at issue to determine if they are actionable.  New

York Times v. Sullivan, 376 U.S. 254, 285, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964).

Nor does plaintiff dispute that the First Amendment bars injurious falsehood claims

that purport to arise from attenuated, unreasonable interpretations of a publication.[13]

Yet plaintiff does not provide any basis for its unreasonable and attenuated

claim that the two statements identified, both from Mr. Hiltzik's December 19,

2010 column, give rise to some defamatory implication about plaintiff.  To the

contrary, it is clear that neither statement makes any false allegation about plaintiff,

let alone a false and defamatory statement of fact sufficient to overcome the Times

Defendants' constitutional protections.  Motion at 19-20.  Because plaintiff has not

identified any actionable statement in any of the Times Defendants' columns and

articles – or, for that matter, among the comments posted by anonymous readers[14] –

its purported disparagement claim should be dismissed with prejudice.[15]

---

[13] Motion at 19, citing Forsher v. Bugliosi, 26 Cal. 3d 792, 163 Cal. Rptr. 628
(1980); Thomas v. Los Angeles Times Comm. LLC, 189 F. Supp. 2d 1005 (C.D.
Cal. 2002), afff'd without opinion, 45 Fed. Appx. 801 (9th Cir. Sept. 6, 2002).

[14] Plaintiff's opposition claims that its FAC alleges that comments posted by
"defendants SNAPSHOTS, Adrian-Dallas, neoserf and dalefogden" were actually
made by Michael Hiltzik.  Opp. at 13.  This is false; the FAC does not identify any
"unknown defendants" as Mr. Hiltzik, nor could it under Rule 11.  Moreover, the
statements attributed to these "defendants" under plaintiff's second, third, fifth, and
seventh causes of action are statements of opinion and/or rhetorical hyperbole,
which are not actionable.  See Coastal Abstract, 173 F.3d at 730-31 (statements of
opinion cannot give rise to liability under the Lanham Act); Greenbelt Coop. Publ'g
Ass'n v. Bresler, 398 U.S. 6, 14, 90 S. Ct. 1537, 26 L. Ed. 2d 6 (1970) ("rhetorical
hyperbole" and "loose and figurative language" are constitutionally protected).

[15] Plaintiff devotes only four lines of its 25-page opposition to its claim
against Mr. Pfeifer, asserting ambiguously that he "engaged in the same conduct [as
Mr. Hiltzik]."  Opp. at 6.  But nothing in the FAC or the opposition sets forth a

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### 3.      Plaintiff Has Not And Cannot Allege Special Damages.

In response to the Times Defendants' argument that this lawsuit is merely a disguised trade libel claim, plaintiff responds testily that defendants cannot "dictate what causes of actions the Plaintiff is entitled to file." Opp. at 20. This sophistry ignores the well-established principle that First Amendment protection does not depend on the labels given to causes of action; regardless of what plaintiff "files," the Court should impose the statutory and constitutional requirements based on the gravamen of the claim rather than its label. See Motion at 17-18.

Here, plaintiff's claim against the Times Defendants is based on nothing more than the publication of a purportedly false statement. No matter what the label given to it, the claim is, at its core, a trade libel claim, which cannot survive without pleading and proof of specific special damages. Guess, Inc. v. Superior Court, 176 Cal. App. 3d 473, 479, 222 Cal. Rptr. 79 (1986). A "general allegation of loss of a prospective … sale, or profit will not suffice." Pridonoff v. Balokovich, 36 Cal. 2d 788, 792, 228 P.2d 6 (1951). A plaintiff "may not rely on a general decline in business arising from the falsehood, and must instead identify particular customers and transactions of which [they] were deprived as a result of the [trade] libel." Mann v. Quality Old Time Serv., Inc., 120 Cal. App. 4th 90, 109, 15 Cal. Rptr. 3d 215 (2004). Because plaintiff has not and clearly cannot provide specific allegations (or proof) of special damages resulting from any actionable statement published by the Times Defendants, its claim must be dismissed.

### C.      The Rogers Test Bars Any False Endorsement Claim.

Plaintiff's opposition largely abandons its false endorsement claim, conceding that the Times Defendants' articles and columns do not assert or suggest that plaintiff endorses The Times. Opp. at 19. Since this is the only "false

---

purportedly false statement made by Mr. Pfeifer, or describes any other conduct by Mr. Pfeifer that it claims is actionable. For this additional reason, plaintiff's claim against Mr. Pfeifer must be dismissed without leave to amend.

TIMES DEFENDANTS' REPLY ISO MOTION TO DISMISS
DWT 17033157v3 0026175-000388

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

endorsement" claim recognized under the Lanham Act (see Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1110 (9th Cir. 1992)), plaintiff's concession defeats any attempt to state a claim under Section 1125(a)(1)(A).  In any event, plaintiff effectively concedes that it cannot meet the two-part test for false endorsement claims based on expressive works (Motion at 11-13).[16]  Thus, any "false endorsement" claim fails.

**D.     Plaintiff's "Sock Puppeteering" Argument Is A Red Herring.**

Plaintiff makes a variety of baseless accusations against Mr. Hiltzik in an effort to distract this Court from the legal issues presented by this Motion.  Opp. at 3-5.  Among other things, plaintiff asserts that Mr. Hiltzik engaged in "sock puppeteering" – anonymously posting comments about his own columns – although there is no explanation why this baseless claim has any bearing on the Motion.  Indeed, even if Mr. Hiltzik had posted any of the comments attributed to the 29 other defendants, no Lanham Act claims would arise because he is not plaintiff's "competitor," and is not engaged in "commercial advertising or promotion."  None of the comments are actionable under the First Amendment, and none suggests an "endorsement" by plaintiff; thus, they provide no basis for a Lanham Act claim.

## IV.  CONCLUSION

Plaintiff's meritless Lanham Act claim seeks to extend the scope of the Lanham Act to include any news report or commentary that criticizes any trademarked product or service.  There is no legal support for this remarkable expansion of the law, or for plaintiff's newly-minted theory that would convert any newspaper, magazine, or broadcast containing advertising into "commercial speech."  This Court should dismiss plaintiff's lawsuit without leave to amend.

DATED:  May 9, 2011          By:_____/s/_____
                                          Kelli L. Sager

---

[16] Plaintiff's assertion that the Rogers test only applies  to "works of art or literary pieces" (Opp. at 16) is flatly wrong.  See, e.g., E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc., 547 F.3d 1095, 1099-1100 (9th Cir. 2008) (video games).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

TIMES DEFENDANTS' REPLY ISO MOTION TO DISMISS
DWT 17033157v3 0026175-000388