DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 120162)
   kellisager@dwt.com
ALONZO WICKERS IV (State Bar No. 169454)
   alonzowickers@dwt.com
LISA J. KOHN (State Bar No. 260236)
   lisakohn@dwt.com
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800 / Fax:  (213) 633-6899

LOS ANGELES TIMES COMMUNICATIONS LLC
KARLENE GOLLER (State Bar No. 147065)
   karlenegoller@latimes.com
202 West First Street
Los Angeles, California  90012
Telephone:  (213) 237-3760 / Fax:  (213) 237-3810

Attorneys for Defendants MICHAEL HILTZIK,
STUART PFEIFER, and LOS ANGELES TIMES
COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| 1 800 GET THIN, LLC,<br><br>       Plaintiff,<br><br>    vs.<br><br>Michael Hiltzik, an individual; Los Angeles Times Communications, LLC; Stuart Pfeifer, an individual; SNAPSHOTS, an individual; Adrian_Dallas, an individual; jkrischel, an individual; neoserf, an individual; paulmayer, an individual; dalefogden, an individual; wtharvey, an individual; matt_powers, an individual; callcenterjohnny, an individual; Ebuckly, an individual; bigsouthern, an individual; OCChick, an individual; AllenGillespie, an individual; dhaettig, an individual; Baseballhead, an individual; mattemons, an individual; JulyPostOp, an individual; DrBruin2, an individual; RUJoking?!, an individual; InstructorP, an individual; 1Friend, an individual; darmaggi, an individual; RamonaInCorona, an individual; dianne.m.daniels, an individual; LAX.Prepster, an individual; Isabellel 106, an individual; AlanSmythl, an individual; Ed Wood, an individual; KatherineLicariVenturoso, an individual; Does 1-10, inclusive,<br><br>       Defendants. | Case No. 2:11-CV-0505-ODW (Ex)<br>Assigned to the Honorable<br>Otis D. Wright II<br><br>**DEFENDANTS' <u>EX PARTE</u> APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR LEAVE TO AMEND FOR FAILURE TO COMPLY WITH L.R. 7-3 AND THIS COURT'S CIVILITY RULES; OR, IN THE ALTERNATIVE, FOR AN ORDER CONTINUING HEARING ON THE MOTION TO AUGUST 29, 2011; REQUEST FOR SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL OF RECORD; SUPPORTING DECLARATIONS OF KELLI L. SAGER AND LISA J. KOHN WITH EXHIBITS A-H**<br><br>Action Filed:  January 18, 2011 |

Pursuant to Central District of California Rule 7-19 and <u>Mission Power Eng'g Co. v. Continental Casualty Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995), defendants Los Angeles Times Communications LLC, Michael Hiltzik, and Stuart Pfeifer (collectively, the "Times Defendants") submit this <u>ex parte</u> Application for an order striking plaintiff 1 800 GET THIN, LLC's ("Plaintiff") Motion For Leave To File Second Amended Complaint (the "Motion") in its entirety, on the grounds that Plaintiff's counsel filed the Motion in violation of this Court's rules, and has made serious misrepresentations to this Court.  As set forth in the attached Memorandum and accompanying declarations, Plaintiff's counsel, Robert Silverman, not only failed to "meet and confer" with counsel for the Times Defendants before filing the pending Motion, as required under L.R. 7-3, but he has <u>lied</u> to this Court about doing so.  Mr. Silverman did not "meet and confer" about the substance of the Motion; to the contrary, he never even disclosed, let alone discussed, the basis for the Motion before filing it with this Court.

Moreover, in a deliberate transgression of this Court's Civility and Professionalism Guidelines, Mr. Silverman waited until  6:30 p.m. on the Friday before the Fourth of July holiday weekend to file the Motion, then scheduled the hearing on minimum notice, in a calculated effort to prejudice the ability of the Times Defendants to respond to his voluminous pleading.

Without relief from this Court, the Times Defendants will have less than five business days to respond to the Motion – which seeks leave to file an amended complaint that is more than <u>150 pages long</u>.  Immediately upon learning of the eleventh-hour filing, counsel for the Times Defendants contacted Mr. Silverman to ask that he either withdraw the improper Motion, or agree to continue the hearing date to August 29 – the first date that the Motion could be heard if he complied with Rule 7-3.  He did not even bother to respond, forcing the Times Defendants to file this Application.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mr. Silverman's deliberate and calculated disregard of this Court's rules should not be countenanced.  Consequently, this Court should strike Plaintiff's Motion in its entirety, and order Mr. Silverman to refile it only after he complies with L.R. 7-3.  In the alternative, this Court should continue the hearing on the Motion to August 29, 2011, which is the first day that Mr. Silverman could have scheduled the Motion for hearing if he complied with this Court's rules.

Pursuant to Local Rule 7-19.2, written notice of this Application was given to Robert Silverman, counsel for plaintiff 1 800 GET THIN, LLC, on Saturday, July 2. See Declaration of Kelli L. Sager ("Sager Decl.") at ¶ 12; Ex. F.  Plaintiff's counsel, Mr. Silverman, is registered for ECF service for this case.  Thus, copies of this Application and supporting documents will be delivered electronically to him.

This Application is based on the accompanying Memorandum of Points and Authorities; the Declarations of Kelli L. Sager and Lisa J. Kohn with Exhibits A-H; the concurrently-lodged [Proposed] Order; on all matters of which judicial notice may be taken; and on such argument as may be presented at the hearing on this Application, if any.

DATED:  July 5, 2011          DAVIS WRIGHT TREMAINE LLP
                              KELLI L. SAGER
                              ALONZO WICKERS IV

                              LOS ANGELES TIMES COMMUNICATIONS LLC
                              KARLENE GOLLER


                              By: _____ /s/ Kelli L. Sager _____
                                            Kelli L. Sager

                              Attorneys for Defendants MICHAEL HILTZIK,
                              STUART PFEIFER, and LOS ANGELES TIMES
                              COMMUNICATIONS LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page

I.     INTRODUCTION......................................................................................... 1

II.    EX PARTE RELIEF IS APPROPRIATE........................................................ 2

III.   SANCTIONS SHOULD BE IMPOSED AGAINST PLAINTIFF. ............... 5

IV.   CONCLUSION ............................................................................................ 6

EX PARTE APPLICATION
DWT 17532796v1 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

In a desperate move by the counsel for the two brothers who are behind Plaintiff 1 800 GET THIN, who have already had one related state lawsuit dismissed last week and another tentatively dismissed,[1] Plaintiff 1 800 GET THIN, LLC, whose own operative complaint is facing a pending motion to dismiss, improperly filed a Motion For Leave To File Second Amended Complaint (the "Motion").  In what can be described only as blatant gamesmanship, the Motion was electronically filed approximately 6:30 p.m. on the Friday before a holiday weekend, and a hearing scheduled on minimum notice for August 1, 2011.  Even more shocking than this disregard of the Central District Civility guidelines, however, was the express misrepresentation made by Plaintiff's counsel, Robert Silverman, who filed a declaration claiming that he had "met and conferred" with the Times Defendants' counsel "at least ten days" before he filed the Motion.  <u>That statement was false – Mr. Silverman never discussed the substance of the Motion with Defendants' counsel, nor did he even disclose the substance of the Motion before it was filed.  See</u> Declaration of Robert B. Silverman ("Silverman Decl.") ¶ 1; <u>see</u> also Declaration of Kelli L. Sager ("Sager Decl.") at ¶¶ 3-11.  Defendants Los Angeles Times Communications LLC, Michael Hiltzik, and Stuart Pfeifer (collectively, the "Times Defendants") seek <u>ex parte</u> relief from this Court because the hearing currently is set for August 1, 2011, which would make the Times Defendants' response due on Monday, July 11, <u>five business days</u> after receiving the Motion to file a <u>157-page</u> proposed second amended complaint ("SAC").  <u>See</u> Sager Decl. at ¶ 13.  Mr. Silverman's deliberate violation of this Court's rules, which would prejudice the Times Defendants' ability to respond to his Motion,

---

[1] See Declaration of Lisa J. Kohn (Kohn Decl.) at ¶¶ 2-3 and Exhibits G-H.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

should not be permitted, and Mr. Silverman should be sanctioned for his bad faith conduct.

## II.      EX PARTE RELIEF IS APPROPRIATE

As a threshold matter, the Times Defendants cannot rely on regular noticed motion procedures to address the current situation because Local Rule 6-1 would require defendants to give plaintiff at least 28 days notice of its proposed motion. This means that the earliest possible hearing date on which the Times Defendants' proposed motion could be heard under the regular noticed motion procedures would be more four weeks after their deadline for responding to plaintiff's Motion.

In Mission Power Eng'g Co. v. Continental Casualty Co., 883 F. Supp 488, 492 (C.D. Cal. 1995), the court set forth a two-part test to determine whether a moving party is entitled to ex parte relief.  Under the Mission Power test, the moving party must show (1) that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) that the moving party is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  The Times Defendants easily meet both elements of the Mission Power test.

First, as indicated above, the relief sought here cannot be obtained through the regular noticed motion process.  For that reason alone, the Times Defendants would be irreparably prejudiced if they are not permitted to seek relief by ex parte application.  Furthermore, the bad-faith tactics engaged in by Mr. Silverman would require Defendants to respond to the Motion and its 157-page proposed Second Amended Complaint in less than five business days, insufficient time for them to review, research, and respond to the new claims Plaintiff is proposing.[2]

---

[2] Plaintiff's counsel filed its Motion on Friday, July 1, 2011, at approximately 6:30 p.m.  The Motion seeks leave to file a 157-page amended complaint adding Defendants and alleging new causes of action for purported violations of the Sherman Act and the Racketeer Influenced and Corrupt Organizations ("RICO") Act.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Second, the problem at hand was created solely by the improper conduct of Plaintiff's counsel, Robert Silverman, and not by the Times Defendants or their counsel. As set forth in the concurrently-filed Declaration of Kelli L. Sager, Mr. Silverman has made serious misrepresentations to this Court about his purported compliance with L.R. 7-3, which requires a moving party to engage in a substantive "meet and confer" session with the opposing party <u>at least</u> ten days before filing the motion. Mr. Silverman <u>never</u> met and conferred with Defendants' counsel about the pending Motion, and misled this Court when he said that he had done so. Silverman Decl. ¶ 1; Sager Decl. ¶ 3.

The only communications between counsel for the parties concerning a proposed motion to again amend the Complaint in this action was an exchange of emails more than a month ago. Specifically: on June 1, 2011, the Times Defendants' lead counsel, Kelli Sager, received an email from Mr. Silverman which was titled "Meet and Confer – Amended Complaint," Mr. Silverman purported to give "Notice" of his intent to file an <u>ex parte</u> application, but his email did not give any information about the substance of the application, nor did it even identify <u>which</u> of the several pending lawsuits he has filed against The Times Defendants was the subject of the email. Sager Decl. ¶ 5, Exh. A. In response to Ms. Sager's request to explain the basis of the proposed <u>ex parte</u> application (Sager Decl. ¶ 6, Exh. B), Mr. Silverman responded that the "bassis [sic] for the Amendedment [sic] is to add additioal [sic] causes of actions and to clarify current causes of actions" (Sager Decl. ¶ 7, Exh. D). On June 2, Ms. Sager responded to Mr. Silverman by email, pointing out that he had still not provided any information about the substance of the intended <u>ex parte</u> application, or the basis for further amending the complaint in this matter. Sager Decl. ¶ 8, Exh. E.

<u>Ms. Sager never received any response to the June 2 email.</u> Sager Decl. ¶ 9. Mr. Silverman <u>never</u> contacted the Times Defendants' counsel to schedule a "meet and confer" pursuant to Local Rule 7-3, nor did the Times Defendants' counsel

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

have <u>any</u> further communications of any kind concerning any application or motion to file a Second Amended Complaint.  The substance of the purported application or Motion <u>never</u> was disclosed to the Times Defendants' counsel.  <u>Id.</u>

Consequently, Mr. Silverman's representation to this Court that the parties "met and conferred" about his Motion, as required by Local Rule 7-3, is entirely <u>false</u>.  His blatant misrepresentation to this Court is, by itself, grounds to strike the Motion, and to sanction Mr. Silverman for his conduct.

Furthermore, a month after Mr. Silverman provided "notice" of Plaintiff's proposed <u>ex</u> <u>parte</u> application, he improperly filed the Motion after close of business on July 1, 2011, the Friday night before a holiday weekend.  Mr. Silverman noticed the hearing on the Motion for August 1, 2011 – on minimum notice, also in disregard of this Court's civility guidelines"[3] – which would make Defendants' response due next Monday, July 11.  Counsel for the Times Defendants promptly contacted Plaintiff's counsel on July 2, 2011 to request that Plaintiff withdraw its Motion, or reschedule it for a hearing no sooner than August 29, 2011.  <u>See</u> Sager Decl. at ¶ 12, Exh. F.  The Times Defendants' have not received any response from Plaintiff's counsel.  <u>Id.</u> at ¶ 12.   Accordingly, the Times Defendants have no option but to seek <u>ex</u> <u>parte</u> relief.

Without relief from this Court, Defendants will be prejudiced in their ability to respond to the Motion and proposed pleading, which is more than 150 pages long and contains two new proposed "claims" against the Defendants – an antitrust claim and a RICO claim.  Because Mr. Silverman's tactics do not permit the Times Defendants to file a noticed motion to strike the Motion or continue the hearing

---

[3] The guidelines state:  "We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond" and "We will not serve papers in order to take advantage of an opponent's known absence from the office or at a time or in a manner designed to inconvenience an adversary, such as late on Friday afternoon or the day preceding a secular or religious holiday."  U.S. District Court for the Central District of California, Civility and Professionalism Guideline B.3.1 and B.3.3.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

date, this ex parte application is the only means for the Times Defendants to obtain relief from this Court.  The Times Defendants accordingly seek that the Motion be stricken in its entirety or – in the alternative – that this Court continue the hearing on the Motion to August 29, 2011 – the first day that Mr. Silverman could have the Motion heard if he had complied with this Court's rules – so that the Times Defendants have adequate time to oppose the Motion.[4]

## III.   SANCTIONS SHOULD BE IMPOSED AGAINST PLAINTIFF.

Plaintiff and its counsel, Robert Silverman, should be sanctioned for this blatant violation of Local Rule 7-3, and for Plaintiff's counsel's bad-faith conduct in misrepresenting to the Court that he had complied with Rule 7-3.  Local Rule 83-7 authorizes (a) monetary sanctions if the Court finds that the conduct was "willful, grossly negligent, or reckless"; (b) "the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith"; and/or (c) "other sanctions as the Court may deem appropriate under the circumstances."  L.R. 83-7; see also Figueroa v. Gates, 2002 U.S. Dist. LEXIS 27908, at *13 (C.D. Cal. Nov. 15, 2002) (awarding reasonable attorneys' fees as sanction for violation of Local Rules, including Rule 7-3).  Here, sanctions are warranted because (1) Plaintiff's counsel failed to discuss the substance of the Motion with the Times Defendants' counsel, in violation of Local Rule 7-3; (2) misrepresented his compliance with Rule 7-3; and (3) filed the Motion in a calculated effort to limit the Times Defendants' opportunity to respond to its Motion and voluminous proposed pleading.  Consequently, the Times Defendants respectfully request that the Court award their attorneys' fees incurred in making

---

[4] The Times Defendants also have a pending Motion To Dismiss before this Court, which was taken under submission on May 23, 2011.  If this Court decides to grant the Motion To Dismiss, Mr. Silverman's request to file an amended pleading will be rendered moot.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

this application, in the amount of at least $2,655.00.  Declaration of Lisa J. Kohn ¶¶ 4-6.

## IV.   CONCLUSION

No doubt Mr. Silverman and his clients are frustrated by the fact that two state court judges already have found their lawsuits against the Times Defendants to be without merit.  No doubt they also recognize, as set forth in the Times Defendants' Motion To Dismiss this action, that the claims already made in this case are without merit.  But their desperate attempt to keep <u>some</u> claim alive – no matter what the claim, and irrespective of this Court's rules – does not permit the kind of transgressions and willful misrepresentations engaged in here.  For all the reasons set forth above, Plaintiff's Motion should be stricken, and Mr. Silverman should be directed that he cannot refile it without compliance with L.R. 7-3.  In the alternative, this Court should continue the hearing on Plaintiff's Motion to August 29, 2011.  And because Mr. Silverman's conduct is an egregious violation of this Court's rules, he and his client should be sanctioned in an amount of not less than $2,655.00.


DATED:  July 5, 2011          DAVIS WRIGHT TREMAINE LLP
                              KELLI L. SAGER
                              ALONZO WICKERS IV

                              LOS ANGELES TIMES COMMUNICATIONS LLC
                              KARLENE GOLLER


                              By: _____/s/ Kelli L. Sager_____
                                                Kelli L. Sager

                              Attorneys for Defendants MICHAEL HILTZIK,
                              STUART PFEIFER, and LOS ANGELES TIMES
                              COMMUNICATIONS LLC

# DECLARATION OF KELLI L. SAGER

## <u>DECLARATION OF KELLI L. SAGER</u>

I, Kelli L. Sager, declare:

1.      I am an attorney admitted to practice before all the courts of the State of California and before this Court.  I am a partner in the law firm of Davis Wright Tremaine LLP ("DWT"), and I am one of the attorneys representing defendants Los Angeles Times Communications LLC, Michael Hiltzik, and Stuart Pfeifer (collectively, the "Times Defendants") in this matter.  The facts stated below are true of my own personal knowledge, and, if called to testify, I could and would competently testify to these facts.

2.      On Friday, July 1, 2011, at approximately 6:30 p.m., counsel for plaintiff 1 800 Get Thin, LLC filed a Motion For Leave To File Second Amended Complaint ("Motion") in the above action.  Because our office was closed for the day, I did not see the Motion or the Declaration of Robert B. Silverman that was filed with it until Saturday, July 2.

3.      In his declaration, Mr. Silverman states:  "More than 10 days prior to the filing of the instant motion, counsel for the parties 'met and conferred' pursuant to Local Rule 7-3."  <u>This statement is false.</u>  Mr. Silverman has <u>never</u> discussed the substance of his Motion with me, nor was I aware that he intended to file this Motion.  Furthermore, I am informed and believe that Mr. Silverman <u>never</u> discussed the substance of the Motion with anyone else in our office, or with Karlene Goller, in-house counsel for the Los Angeles Times.

4.      From May 24, 2011 to June 16, 2011, I was traveling out of the country.  During this period, my email settings notified anyone who emailed me that I would be out of the country and not be returning to the office until June 20, 2011.  I am informed and believe that Mr. Silverman received this out-of-office message on May 26, and was aware at that time that I was out of the country.

5.      On June 1, 2011, I received an email from Mr. Silverman, a true and correct copy of which is attached as Exhibit A.  In that email, which was titled

DECLARATION OF KELLI L. SAGER
DWT 17533135v1 0026175-000388

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"Meet and Confer – Amended Complaint," Mr. Silverman purported to give "Notice" of his intent to file an ex parte application, but his email did not give any information about the substance of the application, nor did it even identify which of the several pending lawsuits he has filed was the subject of the email.

6.     That same day (Pacific time), I responded to Mr. Silverman's email, pointing out that his email was neither sufficient to give "notice" nor an adequate "meet and confer," since it provided no information whatsoever about the substance of the purported application, or even identify the lawsuit involved.  A true and correct copy of my email, sent June 1, 2011, at 3:18 p.m. Pacific time, is attached as Exhibit B.  I then sent a second email, making clear that we would oppose the application given the absence of information.  A true and correct copy of my email sent at 3:19 p.m. Pacific time is attached as Exhibit C.

7.     Approximately two hours later, I received an email from Mr. Silverman identifying the lawsuit as this federal action, and stating that the "bassis [sic] for the Amendedment [sic] is to add additioal [sic] causes of actions and to clarify current causes of actions."  A true and correct copy of Mr. Silverman's email is attached as Exhibit D.

8.     Because I was in a different time zone (eight hours ahead of Los Angeles), I did not see Mr. Silverman's email until June 2 (Pacific time).  At 2:43 p.m. on June 2 (Pacific time), I responded to Mr. Silverman by email, pointing out that he had still not provided any information about the substance of the intended ex parte application, or the basis for further amending the complaint in this matter.  I also pointed out the strict rules in this District governing ex parte applications.  A true and correct copy of my email is attached as Exhibit E.

9.     I never received any response to my June 2 email.  Mr. Silverman never contacted me to schedule a "meet and confer" pursuant to Rule 7-3, nor did we have any further communications of any kind concerning any application or motion to file a Second Amended Complaint.  The substance of the purported

DECLARATION OF KELLI L. SAGER
DWT 17533135v1 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

application or Motion was never disclosed, either in the emails attached to this Declaration or otherwise.  I am informed and believe that Mr. Silverman never had any further communications with any of Defendants' counsel about a proposed application or Motion to file a Second Amended Complaint.

10.     Consequently, Mr. Silverman's representation to this Court that the parties "met and conferred" about his Motion, as required by Local Rule 7-3, is entirely <u>false</u>.

11.     Mr. Silverman's statement that "the parties discussed bringing the instant motion on an ex parte basis" but "[i]t was later decided to file the instant motion on a noticed basis" is disingenuous, at best, since the only communications about any such "motion" were the attached emails, which did not disclose any information about the substance of the motion – and, in fact, Mr. Silverman deliberately ignored my request for information about the substance of his application.

12.     On Saturday, July 2, 2011, I sent an email to Mr. Silverman concerning his misrepresentation to the Court, and about his improper conduct in filing a motion on minimum notice after close of business on the Friday night before a holiday weekend.  A true and correct copy of my email is attached as Exhibit F.  I have not received any response from Mr. Silverman.

13.     Without relief from this Court, Defendants will be prejudiced in their ability to respond to the Motion.  Because the pleading – which is more than 150 pages long – was filed after close of business on the Friday night before a holiday weekend, our office was closed until today.  The Motion is scheduled for hearing on August 1, 2011 – minimum notice, also in disregard of this Court's civility guidelines – which would make Defendants' response due on Monday, July 11.  Defendants' ability to respond to the Motion would be severely hampered if the response was due five business days after the voluminous pleading was received.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DECLARATION OF KELLI L. SAGER
DWT 17533135v1 0026175-000388

Because Mr. Silverman's tactics do not permit us to seek relief by filing a noticed motion, this ex parte application is the only means for Defendants' to seek relief.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this Declaration was executed on the 5th day of July, 2011, in Los Angeles, California.

_____ /s/ Kelli L. Sager _____
Kelli L. Sager

DECLARATION OF KELLI L. SAGER
DWT 17533135v1 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

**From:**    Robert Silverman [silveratty@gmail.com]
**Sent:**    Wednesday, June 01, 2011 2:28 PM
**To:**    Sager, Kelli; Kohn, Lisa
**Subject:** Meet and Confer - Amended Complaint

Dear Counsel:

This is to provide you with Notice that we intend to file an Ex Parte Application to Amend the Complaint. As required, please accept this email as our official meet and confer.

If you are opposing the Ex Parte Application, please specifically provide me with the statement that you would like included in the Ex Parte Application.


Sincerely,

Robert B. Silverman

# EXHIBIT B

| From: | Sager, Kelli |
|---|---|
| Sent: | Wednesday, June 01, 2011 3:18 PM |
| To: | 'silveratty@gmail.com' |
| Cc: | 'karlene.goller@latimes.com'; Kohn, Lisa |

**Subject:** Re: Meet and Confer - Amended Complaint

Mr. Silverman:

Your email does not indicate which of the three pending lawsuits you are talking about, does not provide any explanation of the proposed amendment to whatever case you are referring to, and does not explain any basis for any amendment that you might be considering. For these reasons alone, your purported "meet and confer" email is not that at all, and any filing done where a meet and confer is required will be opposed for that reason alone.

Moreover, as you are aware, I am out of the country, so any purported ex parte filed now is clearly done for the sole purpose of prejudicing our client in my absence, and as such is in bad faith. If you choose to file an ex parte under these circumstances, please be advised that we will be forced to bring your bad faith conduct to the attention of the court, and to request sanctions against you and whichever client you are representing.

I hope you will instead refrain from this nonsense.

Sincerely,

Kelli Sager

---

Sent From Blackberry Wireless.

Kelli L. Sager
Davis Wright Tremaine
(213)633-6821
kellisager@dwt.com

---

**From:** Robert Silverman <silveratty@gmail.com>
**To:** Sager, Kelli; Kohn, Lisa
**Sent:** Wed Jun 01 14:27:46 2011
**Subject:** Meet and Confer - Amended Complaint

Dear Counsel:

This is to provide you with Notice that we intend to file an Ex Parte Application to Amend the Complaint. As required, please accept this email as our official meet and confer.

If you are opposing the Ex Parte Application, please specifically provide me with the statement that you would like included in the Ex Parte Application.

Sincerely,

Robert B. Silverman

7/5/2011

# EXHIBIT C

**From:**   Sager, Kelli
**Sent:**   Wednesday, June 01, 2011 3:19 PM
**To:**    'silveratty@gmail.com'
**Cc:**    'karlene.goller@latimes.com'; Kohn, Lisa
**Subject:** Re: Meet and Confer - Amended Complaint
Ps
To the extent there is any doubt, we will oppose any ex parte brought under these circumstances, and my
emails to you should be included in any papers you choose to file.
Sincerely,
Kelli Sager

_____

Sent From Blackberry Wireless.

Kelli L. Sager
Davis Wright Tremaine
(213)633-6821
kellisager@dwt.com

**From:** Sager, Kelli
**To:** 'silveratty@gmail.com' <silveratty@gmail.com>
**Cc:** 'karlene.goller@latimes.com' <karlene.goller@latimes.com>; Kohn, Lisa
**Sent:** Wed Jun 01 15:17:42 2011
**Subject:** Re: Meet and Confer - Amended Complaint

Mr. Silverman:
Your email does not indicate which of the three pending lawsuits you are talking about, does not provide
any explanation of the proposed amendment to whatever case you are referring to, and does not explain
any basis for any amendment that you might be considering. For these reasons alone, your purported
"meet and confer" email is not that at all, and any filing done where a meet and confer is required will be
opposed for that reason alone.
Moreover, as you are aware, I am out of the country, so any purported ex parte filed now is clearly done
for the sole purpose of prejudicing our client in my absence, and as such is in bad faith. If you choose to
file an ex parte under these circumstances, please be advised that we will be forced to bring your bad
faith conduct to the attention of the court, and to request sanctions against you and whichever client you
are representing.
I hope you will instead refrain from this nonsense.
Sincerely,
Kelli Sager

_____

Sent From Blackberry Wireless.

Kelli L. Sager
Davis Wright Tremaine
(213)633-6821
kellisager@dwt.com

**From:** Robert Silverman <silveratty@gmail.com>
**To:** Sager, Kelli; Kohn, Lisa
**Sent:** Wed Jun 01 14:27:46 2011
**Subject:** Meet and Confer - Amended Complaint

Dear Counsel:

This is to provide you with Notice that we intend to file an Ex Parte Application to Amend the Complaint. As required, please accept this email as our official meet and confer.

If you are opposing the Ex Parte Application, please specifically provide me with the statement that you would like included in the Ex Parte Application.

Sincerely,

Robert B. Silverman

# EXHIBIT D

| From: | Robert Silverman [silveratty@gmail.com] |
|---|---|
| Sent: | Wednesday, June 01, 2011 5:25 PM |
| To: | Sager, Kelli |
| Cc: | karlene.goller@latimes.com; Kohn, Lisa |
| Subject: | Re: Meet and Confer - Amended Complaint |

Dear Ms. Sager:

The Ex Parte Application will seek the Court's approval to Filed a Second Amended Complaint in the Federal Case now pending.  The bassis for the Amendedment is to add additioal causes of actions and to clarify current causes of actions.

Sincerely,

Robert B. Silverman

On Wed, Jun 1, 2011 at 3:19 PM, Sager, Kelli <kellisager@dwt.com> wrote:

> Ps
> To the extent there is any doubt, we will oppose any ex parte brought under these circumstances, and
> my emails to you should be included in any papers you choose to file.
> Sincerely,
> Kelli Sager
>
> _____
>
> Sent From Blackberry Wireless.
>
> Kelli L. Sager
> Davis Wright Tremaine
> (213)633-6821
> kellisager@dwt.com

**From:** Sager, Kelli
**To:** 'silveratty@gmail.com' <silveratty@gmail.com>
**Cc:** 'karlene.goller@latimes.com' <karlene.goller@latimes.com>; Kohn, Lisa
**Sent:** Wed Jun 01 15:17:42 2011
**Subject:** Re: Meet and Confer - Amended Complaint

Mr. Silverman:
Your email does not indicate which of the three pending lawsuits you are talking about, does not
provide any explanation of the proposed amendment to whatever case you are referring to, and does
not explain any basis for any amendment that you might be considering. For these reasons alone, your
purported "meet and confer" email is not that at all, and any filing done where a meet and confer is
required will be opposed for that reason alone.
Moreover, as you are aware, I am out of the country, so any purported ex parte filed now is clearly
done for the sole purpose of prejudicing our client in my absence, and as such is in bad faith. If you
choose to file an ex parte under these circumstances, please be advised that we will be forced to bring
your bad faith conduct to the attention of the court, and to request sanctions against you and whichever
client you are representing.
I hope you will instead refrain from this nonsense.
Sincerely,
Kelli Sager

Sent From Blackberry Wireless.

Kelli L. Sager
Davis Wright Tremaine
(213)633-6821
kellisager@dwt.com

**From**: Robert Silverman <silveratty@gmail.com>
**To**: Sager, Kelli; Kohn, Lisa
**Sent**: Wed Jun 01 14:27:46 2011
**Subject**: Meet and Confer - Amended Complaint

Dear Counsel:

This is to provide you with Notice that we intend to file an Ex Parte Application to Amend the Complaint. As required, please accept this email as our official meet and confer.

If you are opposing the Ex Parte Application, please specifically provide me with the statement that you would like included in the Ex Parte Application.


Sincerely,

Robert B. Silverman

# EXHIBIT E

**From:** Sager, Kelli
**Sent:** Thursday, June 02, 2011 2:43 PM
**To:** 'Robert Silverman'
**Cc:** karlene.goller@latimes.com; Kohn, Lisa
**Subject:** RE: Meet and Confer - Amended Complaint

Mr. Silverman:
I appreciate you disclosing which of your many lawsuits this supposed "notice" concerns, but your email still ignores the rest of my inquiry about the amendments you propose, and the basis for bringing them (particularly at this late date). As such, it does not come close to satisfying the meet and confer requirements in the Central District Rules. I suggest that you re-read the rules concerning your obligations in this regard, as well as reading closely Judge Wright's rules on ex parte applications (and the case cited therein, which makes clear that ex parte applications are disfavored, particularly where the purported "emergency" for which relief is sought is caused by the counsel bringing the application), since you appear to be deliberately flaunting them. Needless to say, this additional "disclosure" (which says nothing of substance) does not change our position on your purported ex parte application, and this email exchange also should be included with anything you choose to file with the court.
Sincerely,
Kelli Sager

**Kelli Sager | Davis Wright Tremaine LLP**
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Robert Silverman [mailto:silveratty@gmail.com]
**Sent:** Wednesday, June 01, 2011 5:25 PM
**To:** Sager, Kelli
**Cc:** karlene.goller@latimes.com; Kohn, Lisa
**Subject:** Re: Meet and Confer - Amended Complaint

Dear Ms. Sager:

The Ex Parte Application will seek the Court's approval to Filed a Second Amended Complaint in the Federal Case now pending. The bassis for the Amendedment is to add additioal causes of actions and to clarify current causes of actions.

Sincerely,

Robert B. Silverman

On Wed, Jun 1, 2011 at 3:19 PM, Sager, Kelli <kellisager@dwt.com> wrote:

Ps
To the extent there is any doubt, we will oppose any ex parte brought under these circumstances, and my emails to you should be included in any papers you choose to file.
Sincerely,
Kelli Sager

7/5/2011

Sent From Blackberry Wireless.

Kelli L. Sager
Davis Wright Tremaine
(213)633-6821
kellisager@dwt.com

---

**From:** Sager, Kelli
**To:** 'silveratty@gmail.com' <silveratty@gmail.com>
**Cc:** 'karlene.goller@latimes.com' <karlene.goller@latimes.com>; Kohn, Lisa
**Sent:** Wed Jun 01 15:17:42 2011
**Subject:** Re: Meet and Confer - Amended Complaint

Mr. Silverman:
Your email does not indicate which of the three pending lawsuits you are talking about, does not provide any explanation of the proposed amendment to whatever case you are referring to, and does not explain any basis for any amendment that you might be considering. For these reasons alone, your purported "meet and confer" email is not that at all, and any filing done where a meet and confer is required will be opposed for that reason alone.
Moreover, as you are aware, I am out of the country, so any purported ex parte filed now is clearly done for the sole purpose of prejudicing our client in my absence, and as such is in bad faith. If you choose to file an ex parte under these circumstances, please be advised that we will be forced to bring your bad faith conduct to the attention of the court, and to request sanctions against you and whichever client you are representing.
I hope you will instead refrain from this nonsense.
Sincerely,
Kelli Sager

_____

Sent From Blackberry Wireless.

Kelli L. Sager
Davis Wright Tremaine
(213)633-6821
kellisager@dwt.com

---

**From:** Robert Silverman <silveratty@gmail.com>
**To:** Sager, Kelli; Kohn, Lisa
**Sent:** Wed Jun 01 14:27:46 2011
**Subject:** Meet and Confer - Amended Complaint

Dear Counsel:

This is to provide you with Notice that we intend to file an Ex Parte Application to Amend the Complaint. As required, please accept this email as our official meet and confer.

If you are opposing the Ex Parte Application, please specifically provide me with the statement that you would like included in the Ex Parte Application.


Sincerely,

Robert B. Silverman


7/5/2011

# EXHIBIT F

| | |
|---|---|
| **From:** | Sager, Kelli |
| **Sent:** | Saturday, July 02, 2011 2:25 PM |
| **To:** | 'Robert Silverman' |
| **Cc:** | Glasser, Jeffrey; Kohn, Lisa; 'Goller, Karlene' |
| **Subject:** | FW: proposed email to Silverman |

Mr. Silverman:

Notwithstanding your evident frustration that you have been unsuccessful thus far in the state court lawsuits against our clients - and we have confidence that the pending federal lawsuit will be dismissed as well - your improper filing of a motion at 6:30 p.m. on the Friday before a holiday weekend, scheduled on minimum notice, sets a new low for inappropriate and unprofessional conduct.

Setting aside the merits of the motion (or lack thereof), it has been filed in clear violation of the Court rules, which require that the parties "meet and confer" at least ten days before the motion is filed, to "discuss thoroughly ... the substance of the contemplated motion."  LR 7-3.  Not only have you failed to comply with Rule 7-3, but you have flatly misrepresented that fact to the Court, by attesting in a declaration that such a "meet and confer" has taken place!  As you know, the only mention you have ever made of seeking to amend the Complaint in the pending federal action was in an email exchange a month ago, when you purported to "give notice" of your intent to file an ex parte application to amend the Complaint, without ever identifying any basis for an amendment or any changes you proposed to make.  I have no doubt that Judge Wright will look askance on your failure to comply with the Rules, and even more so on your deliberate misrepresentation to the Court on that point.

The Court's rules also make clear that setting motions on minimum notice is disfavored - not to mention the gamesmanship engaged in here, where the motion was filed after close of business on the Friday before a holiday weekend.

If you do not immediately withdraw your motion, or reschedule it for a hearing no sooner than August 29, 2011, we will file an ex parte application with the Court on Tuesday, asking Judge Wright to either strike the motion entirely, given your failure to comply with the Rules (and your improper filing of a motion to amend in light of our pending motion to dismiss the current Complaint), or alternatively, we will ask him to reschedule the hearing on your Motion for August 29, 2011.  We will simultaneously ask him to sanction you and your clients for this improper conduct.

I look forward to hearing from you.

Sincerely,
Kelli Sager

**Kelli Sager | Davis Wright Tremaine LLP**
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6821 | Fax: (213) 633-6899
Email: kellisager@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

1

# DECLARATION OF LISA J. KOHN

# DECLARATION OF LISA J. KOHN

I, Lisa J. Kohn, declare:

1.      I am an attorney admitted to practice before all the courts of the State of California and before this Court.  I am an associate at the law firm of Davis Wright Tremaine LLP ("DWT"), and I am one of the attorneys representing defendants Los Angeles Times Communications LLC, Michael Hiltzik, and Stuart Pfeifer (collectively, the "Times Defendants") in this matter.  The facts stated below are true of my own personal knowledge, and, if called to testify, I could and would competently testify to these facts.

2.      DWT represents Los Angeles Times Communications LLC and Michael Hiltzik in <u>Omidi v. Hiltzik, et al.</u>, Case No. BC451424, Los Angeles Superior Court.  On June 27, 2011, Judge Michael Solner, Department 39, granted the Times Defendants' special motion to strike plaintiff's complaint.  A true and correct copy of the Notice of Ruling served upon Robert Silverman, counsel for plaintiff Michael Omidi in that action, is attached as Exhibit G.

3.      DWT also represents Los Angeles Times Communications LLC and Stuart Pfeifer in <u>Omidi v. Pfeifer, et al.</u>, Case No. BC458479, Los Angeles Superior Court.  On June 27, 2011, Judge Rolf Treu, Department 58, issued a tentative order granting the Times Defendants' special motion to strike plaintiff's complaint.  A true and correct copy of the tentative order is attached as Exhibit H.

4.      I spent more than 5 hours preparing the Times Defendants' <u>ex parte</u> Application and supporting papers.  My agreed-upon hourly billing rate for this matter, which includes a discount from my normal billing rate, is $270.00.

5.      Davis Wright Tremaine senior partner Kelli L. Sager also worked on this Application and supporting documents, and communications with plaintiff's counsel, Robert Silverman.  Her agreed-upon hourly billing rate for this matter, which includes a discount from her normal billing rate, is $522.00.  I have reviewed

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ms. Sager's time records, and she spent over 2.5 hours in connection with this Application and related communications with Mr. Silverman.

6.     In total, the Times Defendants have incurred more than $2,655.00 in attorneys' fees and costs in connection with this Application.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this Declaration was executed on the 5th day of July, 2011, in Los Angeles, California.

_____
Lisa J. Kohn

DECLARATION OF LISA J. KOHN
DWT 17532787v1 0026175-000388

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT G

# COPY

**FAX FILE**

1  DAVIS WRIGHT TREMAINE LLP
   KELLI L. SAGER (State Bar No. 120162)
2    kellisager@dwt.com
   ALONZO WICKERS IV (State Bar No. 169454)
3    alonzowickers@dwt.com
   JEFF GLASSER (State Bar No. 252596)
4    jeffglasser@dwt.com
   865 South Figueroa Street, Suite 2400
5  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800/Fax: (213) 633-6899
6
   LOS ANGELES TIMES COMMUNICATIONS LLC
7  KARLENE GOLLER (State Bar No. 147065)
     karlenegoller@latimes.com
8  202 West First Street
   Los Angeles, California 90012
9  Telephone: (213) 237-3760/Fax: (213) 237-3810

10 Attorneys for Defendants
   MICHAEL HILTZIK and LOS ANGELES TIMES
11 COMMUNICATIONS LLC

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                  FOR THE COUNTY OF LOS ANGELES

15

16 MICHAEL OMIDI, MD.,              )  Case No. **BC451424**
                                    )  Assigned to the Hon. Michael C. Solner
17              Plaintiff,          )
                                    )  **NOTICE OF RULING GRANTING**
18      vs.                         )  **DEFENDANTS MICHAEL HILTZIK AND**
                                    )  **LOS ANGELES TIMES**
19 MICHAEL HILTZIK, LOS ANGELES TIMES )  **COMMUNICATIONS LLC'S SPECIAL**
   COMMUNICATIONS LLC, DOES 2 through )  **MOTION TO STRIKE PLAINTIFF**
20 10, inclusive,                   )  **MICHAEL OMIDI'S COMPLAINT**
                                    )
21              Defendants.         )  Action Filed:  December 16, 2010
                                    )
22                                  )
                                    )
23                                  )

24 TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

25         NOTICE IS HEREBY GIVEN that on June 27, 2011, the Special Motion to Strike

26 Plaintiff Michael Omidi's Complaint brought by Defendants Michael Hiltzik and Los Angeles

27 Times Communications LLC came on for hearing before Judge Michael C. Solner in Department

28 39 of the Los Angeles Superior Court.  Robert Silverman appeared for Plaintiff.  Kelli L. Sager

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 28 2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
   Glorietta Robinson

1    and Jeff Glasser appeared for Defendants. Having considered the motions and all supporting and

2    opposing papers, and after hearing argument from counsel, the Court ruled as follows:

3          Defendants' Motion is GRANTED and Plaintiff's Complaint is dismissed. The Court

4    found that Defendants' conduct that was the basis for Plaintiff's claims was in furtherance of free

5    speech, namely, the publication of a column authored by Defendant Hiltzik in The Los Angeles

6    Times, and involved a matter of public interest; consequently, the single claim for defamation

7    falls within the scope of Code of Civil Procedure § 425.16.

8          The Court further found that Plaintiff did not and could not meet his burden of showing a

9    probability of prevailing on his defamation claim, because his claim was barred by the absolute

10   "fair and true report" privilege codified in Civil Code § 47(d). The Court sustained Plaintiff's

11   evidentiary objections to Defendants' Exhibits E, G-M, O.

12

13   DATED:  June 28, 2011    DAVIS WRIGHT TREMAINE LLP
14                            KELLI L. SAGER
                              ALONZO WICKERS IV
15                            JEFF GLASSER

16                            LOS ANGELES TIMES COMMUNICATIONS LLC
                              KARLENE GOLLER
17
                             By: _Kelli Sager_
18                               Kelli L. Sager

19                            Attorneys for Defendants
                              MICHAEL HILTZIK and LOS ANGELES TIMES
20                            COMMUNICATIONS LLC

21

22

23

24

25

26

27

28

1

NOTICE OF RULING
DWT 17490849v1 0026175-000386

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On June 28, 2011, I served the foregoing document(s) described as: **NOTICE OF RULING GRANTING DEFENDANTS MICHAEL HILTZIK AND LOS ANGELES TIMES COMMUNICATIONS LLC'S SPECIAL MOTION TO STRIKE PLAINTIFF MICHAEL OMIDI'S COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

**Robert B. Silverman, Esq.**
**SILVERMAN & ASSOCIATES**
**25 S. Oak Knoll, Suite 504**
**Pasadena, CA  91101**
**Tel: (626) 529-4202**
**Fax: (888) 308-5099**

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on June 28, 2011, at Los Angeles, California.

☑    State         I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐    Federal       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| CAROLINA SOLANO | *Carolina Solano* |
| Print Name | Signature |

PROOF OF SERVICE
DWT 17333364v1 0026175-000386

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT H

# Civil · Tentative Rulings

## DEPARTMENT 58 LAW AND MOTION RULINGS

If oral argument is desired, kindly refer to CRC 3.1308.

Note the extensive revisions of the Los Angeles Superior Court Local Rules, effective 7-1-11.

This Tentative Ruling is not an invitation nor an opportunity to file further documents relative to the hearing in question. No such filing will be considered by the Court in the absence of permission first obtained following ex parte application therefore.

---

**Case Number:** BC458479     **Hearing Date:** June 29, 2011     **Dept:** 58

JUDGE ROLF TREU
DEPARTMENT 58

---

Hearing Date: Wednesday, June 29, 2011
Calendar No: 9
Case Name: Omidi v. Pfeifer, et al.
Case No.: BC458479
Motion: Special Motion to Strike
Moving Party: Defendants, Stuart Pfeifer and Los Angeles Times Communications, LLC
Opposing Party: Plaintiff, Julian Omidi
Notice: OK

Tentative Ruling: Defendant's Special Motion to Strike is Granted.

---

Allegations of the Complaint –
Plaintiff, Julian Omidi filed this action against Defendants, Stuart Pfeifer and Los Angeles Times Communications, LLC (collectively the "Times") for defamation. Plaintiff alleges that, during medical school, he was charged with commercial burglary for stealing exams. He pled guilty, but the Court was to hold the plea pending Plaintiff's completion of certain terms and conditions, at which time the charges would be dismissed. The Court did not properly handle the dismissal, which problem was corrected prior to Defendant's publication of the statements at issue; the Court, on its own motion, corrected the mistake and dismissed the case retroactively.

Plaintiff did not list the "conviction" on his medical board application because Plaintiff believed the dismissal had been handled properly, and believed there was no conviction to list. The medical board attempted to use the conviction against Plaintiff during proceedings, but the Superior Court instructed the Board it could not do so, because there was never a conviction and the case had been dismissed.

The crux of Plaintiff's complaint against Defendant is the following:
25. In the February 11, 2011 article, PFEIFER specifically stated "The medical board
also accused him [Plaintiff] of failing to disclose that he had pleaded guilty to
commercial burglary in Orange County in 1991. That burglary conviction was
dismissed at Omidi's request in 2006."

26. Plaintiff within 20 days of obtaining knowledge of the article provided a written
request for a retraction. The retraction was based upon the fact that while the
Medical Board of California accused Plaintiff of failing to disclose such information,
the Superior Court of California Ordered the Medical Board to remove such
accusations as Plaintiff was NEVER convicted of a crime and therefore there was NO
justification for the Medical Board to assert such accusations or rely on such
statements.

27. The publication of the alleged criminal conduct by PFEIFER clearly identified the
Plaintiff by name in the same paragraph and in immediate sentences. As such said
statement is clearly of and concerning the Plaintiff and would clearly be understood
by any reader of the publication to be about the Plaintiff.

28. The statement of material fact by PFEIFER disparaged Plaintiff in that it falsely
indicated that Plaintiff was convicted of a crime and/or criminal conduct. As such,
Plaintiff herein alleges that this constitutes libel per se.

29. PFEIFER knew or should have known that such accusation by the Medical Board
was in fact false, as PFEIFER had in his possession the Medical Board Accusation
and all other information pertaining to the Medical Board investigation and actions.
In addition, PFEIFER and/or the LAT actually linked the article to the Medical Board
website and/or the Disciplinary Report, when the LAT posted the column on-line. As
such, PFEIFER knew or should have known that said statements of material fact,
conviction of a crime, were in fact false or PFEIFER made such statements with
reckless disregard for its truth or falsity all in an effort to defame the Plaintiff

30. In response to the demand for the retraction and/or correction, PFEIFER and/or
LAT posted the following statement
"FOR THE RECORD:
Lap-Band lawsuits: A Business article that appeared online Feb. 10 and in
print Feb. 11 about lawsuits filed against marketing company 1-800-GET-
THIN reported that the Medical Board of California, in revoking Julian
Omidi's license to practice medicine, accused him of failing to disclose that he had
attended UC Irvine, which expelled him in 1990, and that he pleaded guilty to
commercial burglary in Orange County in 1991. Both of these accusations were
made by the board, but a subsequent court proceeding found that Omidi reasonably
relied on the advice of his attorneys in failing to disclose the burglary conviction,
which was dismissed after he completed probation and community service. In its
final order revoking Omidi's license, the medical board included references to the
burglary for "historical context," but the revocation itself was based on Omidi's
failure to disclose his attendance at UCI."

31. Plaintiff herein alleges that this statement is NOT a retraction nor does it correct
the record. Plaintiff herein alleges that neither PFEIFER nor the LAT should be
afforded any of the protections of the Civil Code in association with the issuance of
a retraction as the retraction itself continues to assert that Plaintiff was convicted of
a crime. By issuing this retraction, PFEIFER and/or LAT fail to recognize or
appreciate the fact that Plaintiff has NEVER been convicted of any crime. Plaintiff's
case was DISMISSED nunc pro tunc such that the DISMISSAL supersedes any entry
of guilt. Plaintiff herein alleges that any statement by anybody to the effect that

Plaintiff was convicted of a crime is libelous. The fact that PFEIFER and LAT issued a retraction that reiterated their prior statement that Plaintiff was in fact convicted of a crime, continues the publication of the defamatory statements. The fact that PFEIFER and LAT continue to assert that this was the statement of a third party, does NOT exonerate PFEIFER or LAT of the fact that the statement is libelous. In fact, the California Superior Court specifically Ordered the Medical Board of California to remove any findings associated with the conviction of a crime as the case was DISMISSED without any judgment of guilt.

Special Motion to Strike –
1. Request for Judicial Notice –
Defendants seek judicial notice of:
A. 2/03/11 article;
B. 2/05/11 article;
C. 2/11/11 article;
D. 3/22/11 article;
E. 3/25/11 retraction;
G. Decision After remand from Superior Court in Medical Board proceedings; Second Amended Accusation in Medical Board proceedings;
H. Report – Indeterminate Sentence, or Other Sentence Choice, in Plaintiff's criminal action; Defendant's Wavier of Constitutional Rights for Guilty Plead to Misdemeanor, in Plaintiff's criminal case; Minute Orders from Plaintiff's Criminal Case; Case Docket Sheet for Plaintiff's Criminal Case; Felony Complaint in Plaintiff's Criminal Case;
I. Apple itunes webpage showing Dr. 90210 season three can be purchased;
J. TLC webpage concerning "Big Medicine: Most Effective Weight Loss Surgery";
K. Medical Board of CA Fictitious Name Permit Applications for Top Surgeons, Inc., etc.;
L. Secretary of State Ownership records listing Julian Omidi as the chief executive officer of Top Surgeons, LLC, etc.;
M. Fictitious Business Name Statements;
N. Cached copy of 1-800-GET-THIN websites;
P. Complaint in Faitro v. Top Surgeons, Inc.;
Q. Complaint and exhibits filed in Beverly Hills Surgery Center, LLC v. Smith.

Plaintiff filed an opposition to the RJN. Plaintiff objects to judicial notice of Exhibit F. However, Defendant did not seek judicial notice of Exhibit F. Plaintiff opposes Defendant's decision to "conceal" the 11/30/06 dismissal of the conviction. This is not a ground to oppose judicial notice, but instead a reason to include the 11/30/06 dismissal with the opposition.

Plaintiff argues numerous documents are irrelevant and/or lack authentication. The objections are overruled. To the extent Plaintiff objects to judicial notice of the billboard and flyer, judicial notice is not sought, so the objections are not well-taken.

The Court grants judicial notice of each of the documents at issue. The Court takes judicial notice that the documents are what they are, only, and not of the truth of the matter asserted in the documents.

2. Evidentiary Objections –
Defendants filed evidentiary objections with their reply. The objections are ruled on as follows:
1. Sustained;
2. Sustained;
3. Sustained;

4. Sustained;
5. Sustained;
6. Sustained;
7. Sustained;
8. Sustained;
9. Sustained;
10. Sustained;
11. Overruled.

3. Chronology –
In order to fully evaluate this case, the Court has considered the chronology of events that occurred. The pertinent events were as follows:
• Fall of 1986, Plaintiff begins attending UC-Irvine undergrad;
• February of 1990, the subject incident occurs, pursuant to which Plaintiff is later accused of stealing exams;
• May of 1990, Plaintiff is dismissed, with cause, from UCI;
• 12/28/90, Plaintiff is charged with violating several penal code sections relating to burglary; the charges are felony charges;
• 12/03/91, Plaintiff withdrew his not guilty pleas and pleaded guilty to three counts; the three counts were reduced to misdemeanors; Plaintiff was ordered to complete 200 hours of community service and, at the end of six months, he could withdraw his guilty plea and a plea of nolo contendere would be entered; a hearing was set for 6/26/92;
• Plaintiff signed a waiver form and admission of guilt on 12/03/91;
• On 6/26/92, the Court entered an order relating to probation for three years, but failed to discuss the entry of dismissal that was contemplated by the 12/03/91 order;
• In the interim, Plaintiff began college anew, attending community colleges and ultimately Cal State Los Angeles;
• In August of 1992, Plaintiff began medical school at St. Louis University in Missouri; Plaintiff used none of his credits from UC Irvine to apply to medical school;
• In February of 1997, Plaintiff signed a Petition for dismissal;
• On 4/08/97, the Court granted an Order on the petition, pursuant to which the plea of guilty was set aside and vacated, a plea of not guilty was entered, and the complaint was dismissed;
• Plaintiff sought the advice of Attorney Robert Croissant, who told him he need not reveal his undergrad attendance at UC Irvine or his conviction on his medical license application;
• Croissant also filed an amended petition on 5/20/97; the amended petition sought to have Plaintiff's plea of nolo contendre (sic) withdrawn;
• The Court issued an Order granting the Petition on 5/23/97;
• Plaintiff successfully completed a residency program in dermatology;
• On 1/11/00, Plaintiff applied with the California Medical Board for a physician and surgeon's license; the application required Plaintiff to list all colleges and universities attended; Plaintiff did not list UCI;
• The application also sought information about convictions; Plaintiff listed "no" in response to the question;
• Plaintiff obtained his license on 3/24/00;
• In September of 2006, Plaintiff hired an attorney to file a motion under Penal Code §1385 to have the dismissal made nunc pro tunc as of 6/26/92; the motion was granted on 11/30/06;
• On 9/26/07, the CA Medical Board issued an order revoking Plaintiff's medical license due to failure to disclose attendance at UCI and also failure to disclose the criminal conviction;
• On 8/20/08, the Superior Court issued a writ of mandamus; the Court noted

many of the foregoing facts, and then concluded, "...this order is effective, and it means that it can no longer be said that petitioner was convicted of the crimes referred to above. Accordingly, the court finds that discipline based on B&P Code section 2236 is not supported (sic) the weight of the evidence.";
• On 5/20/09, the Board issued its decision after remand. The Board reiterated all of the facts relating to the conviction and the order setting aside the conviction, but then indicated the facts were only being discussed for purposes of setting forth the history of the matter, and the facts relating to the conviction would not be considered in light of the Superior Court's ruling granting the writ of mandate;
• The Board, however, again decided to revoke Plaintiff's license, this time relying solely on the fact that Plaintiff had failed to disclose his attendance at UCI;
• On 2/03/11, Defendants printed the first article at issue here. The article criticized the lap band procedure and the advertising of the procedure;
• On 2/05/11, Defendants printed the second article. The article reported on the deaths of two patients after the lap band procedure;
• On 2/11/11, Defendants printed the third article. The article reported a fourth patient had died following surgery, and reported on the lawsuit arising out of the patient's death. The article contained the following language:
o The medical board revoked Julian Omidi's license to practice on June 19, 2009, citing his 'penchant for dishonesty.' A medical board accusation said Omidi had failed to disclose on his medical license application that he had attended UC Irvine, which expelled him in 1990 for participating in the theft of exams. The medical board also accused him of failing to disclose that he had pleaded guilty to commercial burglary in Orange County in 1991. That burglary conviction was dismissed at Omidi's request in 2006.
• On 3/22/11, Defendants printed the fourth article. It again was simply critical of the procedure and reported on the deaths from the procedure;
• On 3/25/11, Defendants printed a retraction in their "For the record" section. The retraction reads as follows:
o Lap-Band lawsuits: A Business article that appeared online Feb. 10 and in print Feb. 11 about lawsuits filed against marketing company 1-800-GET-THIN reported that the Medical Board of California, in revoking Julian Omidi's license to practice medicine, accused him of failing to disclose that he had attended UC Irvine, which expelled him in 1990, and that he pleaded guilty to commercial burglary in 1991. Both of these accusations were made by the board, but a subsequent court proceeding found that Omidi reasonably relied on the advice of his attorneys in failing to disclose the burglary conviction, which was dismissed after he completed probation and community service. In its final order revoking Omidi's license, the medical board included references to the burglary for 'historical context,' but the revocation itself was based on Omidi's failure to disclose his attendance at UCI.

4. Initial Burden –
Defendants are moving to strike Plaintiff's lawsuit, contending it is barred by CCP §425.16, the "anti-slapp" lawsuit. Defendant has the initial burden, per §425.16(b)(1), to establish the lawsuit arises out of protected activity. §425.16(e) defines protected activity to include statements in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest.

Defendants adequately show that the statements at issue here were made in connection with an issue of public interest; the statements were made in a newspaper and concern issues surrounding obesity, treatment for obesity, and qualifications of doctors performing the subject surgeries. The statements also related to judicial and other proceedings. Notably, Plaintiff does not make a real argument to the contrary; he argues only that the statements were false, and therefore are not protected. This argument, however, confuses the first prong of the test with the second prong of the test, and is irrelevant in determining whether

Defendants met their initial burden.

5. Likelihood of prevailing on the merits –
Because Defendants adequately established this lawsuit implicates protected
speech, the burden shifts to Plaintiff to show a likelihood of prevailing on the merits.
Defendants argue Plaintiff cannot do so. The following issues are presented by way
of the motion:
• Is the original article protected by the "fair and true report" privilege?
• Is the retraction protected by the "fair and true report" privilege?
• Is the statement in the original article substantially true?
• Is the statement in the retraction substantially true?
• To the extent the initial statement could potentially give rise to liability, does the
retraction bar liability?

Notably, the parties agreed, per stipulation, that the fifth argument will not be
considered at this time. Only the first four issues are subject to consideration at this
time.

a. Definitions of "Fair and True Report" privilege and "substantially true" –
Civil Code §47(d) sets for the "fair and true report" privilege. It provides:
A privileged publication or broadcast is one made:
(d)
(1) By a fair and true report in, or a communication to, a public journal, of (A) a
judicial, (B) legislative, or (C) other public official proceeding, or (D) of anything
said in the course thereof, or (E) of a verified charge or complaint made by any
person to a public official, upon which complaint a warrant has been issued.

Notably, whether the "fair and true report" privilege applies is a question of law for
the Court to determine. McClatchy Newspapers, Inc. v. Superior Court (1987) 189
Cal.App.3d 971, 976. The "fair and true report" privilege applies as long as the
"gist" or "sting" of the article is true; the details do not have to be 100% accurate
to apply the privilege. See Handelsman v. San Francisco Chronicle (1970) 11
Cal.App.3d 381, 386-387.

Similarly, the "substantially true" defense applies when applies so long as the
alleged libel published does not have a different effect on the mind of the reader
from that which the pleaded truth would have produced. See Masson v. New Yorker
Magazine, 501 U.S. 496, 517 (1991).

b. Application of doctrines to this case –
Defendants cite several cases from other jurisdictions holding that when a
conviction is expunged, the conviction does not literally cease to exist, and a
newspaper that publishes information about the conviction cannot be held liable for
defamation. See, for example, G.D. v. Kenny, 2011 N.J. LEXIS 87, Rzeznik v. Chief
of Police of Soughampton, 373 N.#.2d 1128, 1133-1134 (1978), Bahr v. Statesman
Journal Co., 624 P.2d 664-666-667 (1981), and Lovejoy v. Linehan, 2011 N.H.
LEXIS 13.

Plaintiff argues the foregoing cases do not apply to this case because his conviction
was not expunged; rather, it was retroactively dismissed nunc pro tunc and never
existed. The Court understands the distinction; however, Plaintiff fails to show the
distinction affects the legal analysis or reasoning of the cases above; the reasoning
of the cases is that an expungement (or, in this case, retroactive dismissal) has
certain legal effects, but does not literally re-create history. A publication such as
the Times is reporting historical truth; it is not reporting legal effect and is not
engaging in an actual fiction.

Plaintiff makes much of the Superior Court's order in the writ proceeding, wherein the Court stated the conviction "does not exist." However, Plaintiff ignores much of the ruling, including the bottom paragraph of the first page, which reads, "Petitioner Omidi was in fact convicted of misdemeanor crimes in December, 1991, in Orange County Superior Court. Defendant pled guilty to the crimes of conspiracy to cheat or defraud, burglary and receipt of stolen property, all as misdemeanors. Defendant was placed on probation and ordered to complete community service. Pursuant to the minute order...Those attempts were all botched. Relief under P.C. 1203.4 would not relieve petition of the need to disclose his convictions in any event."

Thus, even the Court's ruling acknowledges that the conviction was a real and actual thing, and that it truly did happen as a historical event. The Court, however, then goes on to state the legal effect of the retroactive dismissal; the legal effect is that it "did not happen." Notably, the Court's decision was being made in the context of challenging an administrative proceeding wherein the administrative body had relief on the conviction in making its decision. The Court's point in saying the conviction "did not happen" is a legal statement; the Court is saying that the administrative body cannot consider the conviction because it was vacated nunc pro tunc effective the date of entry. The Court was not, however, making a literal statement that the conviction "did not happen." If it were doing so, even it would not have included all the information about the date of conviction, etc., in making its ruling.

Plaintiff simply cites no authority holding that a retroactive dismissal is different from an expungement in the context of a defamation action. While the two have legally different effects, it does not seem that either can operate to change the course of history.

Defendants adequately showed that their statements were substantially true and they are entitled to the defenses set forth above. Plaintiff failed to provide any evidence or argument to the contrary. The motion to strike is granted.