Name ROBERT B. SILVERMAN, SILVERMAN & ASSOC.
Address 25 S. OAK KNOLL AVE., SUITE 504
City, State, Zip PASADENA, CA 91101
Phone (626) 529-4202
Fax (888) 308-5099
E-Mail SILVERATTY@GMAIL.COM

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1 800 GET THIN, LLC<br><br>PLAINTIFF(S),<br>v.<br>MICHAEL HILTZIK, an individual, et. al.<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>CV11-0505-ODW(Ex)<br><br>NOTICE OF APPEAL |

NOTICE IS HEREBY GIVEN that _____1 800 GET THIN, LLC_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Order granting Motion to Dismiss w/prejud

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on ___July 25, 2011___. Entered on the docket in this action on ___July 25, 2011___.

A copy of said judgment or order is attached hereto.

August 24, 2011                              [signature]
Date                                         Signature
                                             ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the
        attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number
        of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

## PARTIES TO THE JUDGMENT/ORDER AND NAMES AND ADDRESSES OF ATTORNEYS FOR EACH PARTY
## SERVICE LIST

SILVERMAN & ASSOCIATES
Robert B. Silverman SBN 170517
25 S. Oak Knoll Ave., Suite 504
Pasadena, Ca 92683
Tel: 626-529-4202
Fax: 888-308-5099
Email: silveratty@gmail.com

ATTORNEYS FOR PLAINTIFF/APPELLANT
1 800 GET THIN, LLC


DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 1201 62)
kellisager dwt.com
ALoNzo wP c KERs I v (State Bar NO. 169454)
alonzowickers dwt.com
LISA J. KOHN (p ta te Bar No. 260236)
lisakohn@dwt.com
865 South Figueroa Street, Suite 2400
Los Angeles, California 900 17-2566
Telephone: (213) 633-6800 1 Fax: (213) 633-6899

KARLENE GOLLER (State Bar No. 147065)
karlene oller@latimes.com
202 West f: irst Street
Los Angeles, California 900 12
Telephone: (213) 237-3760 I Fax: (21 3) 237-3810

ATTORNEYS FOR DEFENDANTS
LOS ANGELES TIMES COMMUNICATIONS LLC
MICHAEL HILTZIK
STUART PFEIFER



O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 1800 GET THIN, LLC<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Michael Hiltzik, an individual; Los Angeles Times Communications, LLC; Stuart Pfeifer; etc., et al.,<br><br>　　　　　Defendants. | CASE NO. CV11-00505 ODW (PJWx)<br><br>ORDER GRANTING WITH PREJUDICE DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) [5, 17, 18] |

## I. INTRODUCTION

On April 25, 2011, Defendants, Michael Hiltzik, Los Angeles Times Communications, LLC, and Stuart Pfeifer, filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 5.) In response, 1 800 GET THIN, LLC, ("Plaintiff") filed an Opposition on May 2, 2011, and Defendants countered by filing their Reply on May 9, 2011. (Dkt. Nos. 12, 14.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court GRANTS Defendants' request.

## II. BACKGROUND

Plaintiff, 1 800 GET THIN, operates a marketing service that operates the toll free number "1 800 GET THIN" to individuals seeking to lose weight. (FAC ¶ 2.) Individuals who call this number receive a free seminar about the Lap Band surgical procedure. (FAC ¶ 2.) Currently, Plaintiff is in the process of registering its trademark "1 800 GET THIN." (FAC ¶ 2.)

Plaintiff alleges that Defendant, the Los Angeles Times, has published seven negative articles about Plaintiff's business and posted those articles on its website, latimes.com. (FAC ¶¶ 38, 39.) The authors of these articles were Defendant's employees, Defendant Michael Hiltzik and Defendant Stuart Pfeiffer. (FAC ¶¶ 38, 39.) Plaintiff alleges that Mr. Hiltzik is of questionable character and that he was motivated to write the articles because of a personal vendetta he has against Plaintiff. (FAC ¶¶ 43-60.) Moreover, Plaintiff alleges that the Los Angeles Times was motivated to publish the articles because it receives advertising fees from Plaintiff's competitors. (Opp'n at 6.) One such article was a December 19, 2010 piece written by Defendant Hiltzik which reads in part:

> "Renteria's death may finally prompt California's medical regulators to take a close look at the weight loss surgeries marketed by an outfit called Top Surgeons through the 1 800 GET THIN number . . . The Medical Board of California informed Renteria's family [on] July 27 that it was reviewing the medical care she had received from Dr. Atul Madan, who is identified by the coroner as her surgeon at a Beverly Hills clinic connected to the billboard campaign."

(FAC ¶¶ 79, 80.) Plaintiff does not allege that the article contains any patently false information, rather Plaintiff alleges that the article will mislead readers into believing that Plaintiff is a provider of medical services and was responsible for the harm suffered to patients such as Mr. Renteria. (FAC ¶ 90; Opp'n at 5.)

As a result of these articles, Plaintiff alleges it has suffered a loss of sales. (FAC ¶ 92.) In response, Plaintiff filed a Complaint against Defendants on January 18, 2011. (Dkt. No. 1.) On March 31, 2011, Plaintiff amended its Complaint to name parties, who in response to the articles, posted comments on the latimes.com website which Plaintiff

construed as being false or misleading.[1] (Dkt. No. 4.) Plaintiff's alleges a Lanham Act violation against Defendants arguing the articles and comments have diminished the goodwill of the "1800 GET THIN" trademark. (Opp'n at 2.)

### III. Legal Standard

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id*. (citation and quotations omitted).

### IV. DISCUSSION

Plaintiff brings a cause of action against Defendants for violation of 15 U.S.C. § 1125 of the Lanham Act. Specifically, Plaintiff cites violations of 15 U.S.C. §§

---

[1] Defendants who posted their comments on the latimes.com website are known exclusively by their screen names. (FAC ¶ 41.) One such Defendant, whose screen name is "Adrian_Dallas," wrote in response to an article: "And I don't want to be inundated in the months and years to come by the inevitable sad little lawsuits of those fleeced by the clearly (almost?) criminal con-men who own 1-800-GET-THIN. (FAC ¶ 104.) Plaintiff alleges that this Defendant has falsely equated Plaintiff's business with being a provider of medical services. (FAC ¶ 108.)

Case 2:11-cv-00505-ODW -E   Document 27   Filed 07/25/11   Page 4 of 7   Page ID #:1156

1125(a)(1)(A) and (a)(1)(B).[2] (Opp'n at 2.) These sections of the Lanham Act provide trademark holders of unregistered marks similar protections as holders of registered marks. 15 U.S.C. §§ 1125.

### A. 15 U.S.C. § 1125(a)(1)(A) - False Designation of Origin

The Court begins by analyzing Defendants' nominative fair use defense which is an affirmative defense to trademark infringement. Where a defendant uses a trademark to describe plaintiff's product rather than its own product, that defendant is entitled to the nominative fair use defense. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1009 (9th Cir. 2001). The nominative fair use defense acknowledges that it is practically impossible to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose without using the mark. *Brother Records v. Jardine*, 318 F.3d 900, 908 (9th Cir. 2003). In *New Kids on the Block v. News America Pub., Inc*, the 9th Circuit articulated three requirements to satisfy a nominative fair use defense. 971 F.2d 302, 308 (9th Cir. 1992). These requirements are:

> 1) The product or service in question must be one not readily identifiable without use of the trademark; 2) only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and 3) the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement of the trademark holder.

---

[2] These sections read:

> [A]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or misleading representation of fact, which --
>
> (A) is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association, of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographical origin of his or her or another person's goods, services, or commercial activities shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

1  *Id.* In this case, Defendants argue that Plaintiff's claim should be dismissed because its
2  use of Plaintiff's trademark was a nominative fair use. (Mot. at 8-11.) Plaintiff argues
3  that it is entitled to relief because Defendants' references will mislead the public to
4  believe that Plaintiff is a provider of medical services, when in reality, Plaintiff is a
5  marketing service.[3] (FAC ¶ 90.)

6      As a preliminary matter, the Court finds the nominative fair use defense applicable
7  to this case because Defendants have used Plaintiff's claimed trademark "1800 GET
8  THIN" to refer to Plaintiff's marketing service and not to their own products or services.
9  Here, the three requirements of the nominative fair use defense have been satisfied by
10 Defendants. First, Defendants could not have referred to Plaintiff's marketing service
11 without invoking the "1800 GET THIN" trademark as Plaintiff's marketing service is not
12 readily identifiable without reference to the trademark. Second, Defendants' mere print
13 reference to "1800 GET THIN" was used no more than reasonably necessary to allude
14 to Plaintiff's service. Finally, Defendants have not done anything that would suggest
15 Plaintiff has sponsored or endorsed Defendants' use of Plaintiff's claimed trademark
16 because the articles and comments, by Plaintiff's own admission, do not portray Plaintiff
17 in a positive light. *Id.* at 304 (holding there was no endorsement where plaintiff was
18 portrayed, at least in part, in an unflattering manner).

19     Assuming in the alternative that Defendants do not qualify for the nominative fair
20 use defense, the Court still finds Plaintiff's argument without merit. The mere fact that
21 people could read Defendants' articles or comments and conclude that Plaintiff engages
22 in medical procedures is too speculative. Plaintiff has not proffered to the Court
23 sufficient allegations to demonstrate that Defendants' articles and comments were
24 causing individuals to arrive at such a conclusion.[4] Rather, Plaintiff has submitted to the

---

[3] Plaintiff further argues in its Opposition that Defendant "Hiltzik falsely stated Top Surgeons is not a sponsor of 1 800 GET THIN," thus making Defendant liable under the Lanham Act. (Opp'n at 5.) Assuming this allegation is distinct from Plaintiff's other allegations, the Court finds that a successful nominative fair use by Defendants will serve as a successful defense against it.

[4] In fact, of the twenty nine user comments posted on the latimes.com website, no more than two of them even seem to suggest that Plaintiff is a provider of medical services. Perhaps the only user who arrived at such a conclusion (with maybe the exception of Adrian_Dallas) was Defendant "AlanSmyth1"

Court critiques of the medical services that were offered in connection with Plaintiff's marketing service. The Court thus finds that Plaintiff has failed to state a claim and, therefore, Plaintiff's § 1125(a)(1)(A) cause of action is **DISMISSED**.

### B. 15 U.S.C. § 1125(a)(1)(B) - False Advertising

This section of the Lanham Act makes a false representation actionable when made "in commercial advertising or promotion." *Coastal Abstract Serv., Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999). Defendants argue that their references to Plaintiff's claimed trademark do not constitute commercial speech and therefore are not subject to § 1125(a)(1)(B). (Mot. at 15.) The Court agrees.

In the Ninth Circuit, a news report including the publication of a person's trademark is not commercial speech nor does it constitute a use in connection with commercial advertising or promotion under the Lanham Act. *Condit v. Star Editorial, Inc.*, 259 F. Supp 2d 1046, 1053 (E.D Cal. 2003) (citing *Hoffman v. Capital Cities/ABC, Inc.*, 255 F,3d 1180, 1186 (9th Cir. 2001)). Therefore, Defendants' references to Plaintiff's trademark do not constitute false advertising under the Lanham Act because the Los Angeles Times publications are outside the scope of § 1125(a)(1)(B). Moreover, the Court finds that Plaintiff's allegations are too speculative to state a claim, as for the reasons stated above. Thus Plaintiff's § 1125(a)(1)(B) claim is **DISMISSED**.

---

who wrote:

> "The 1800 GET THIN or GET SLIM group have had so many different surgeons go through their facility. How can these sub-standard surgeons continue to practice in a facility that continues to change their [sic] name? . . . Unfortunately, innocent patients will be mesmerized by their continuous billboard and tv ads. '1 800 GET SLIM-Y and SHADY' is more appropriate for this group."

(FAC ¶ 331.) Given that Plaintiff is actually the marketing service for the Lap Band procedure, and operates as the channel by which people obtain the medical procedure, it should not be surprising that a couple of individuals would view Plaintiff as the actual medical provider. Assuming there are a handful of "confused" individuals out there, there is no reason to believe from Plaintiff's allegations that the article, and not Plaintiff's own business activities, is responsible for such confusion.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss with prejudice, as providing Plaintiff an opportunity to amend its Complaint would be futile. Plaintiff's Motion for Leave to File Second Amended Complaint is accordingly **DENIED**. [17] And Defendants' ex parte application to strike the present motion was voluntarily withdrawn and is **MOOT**. [18]

**IT IS SO ORDERED.**

July 25, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

# PARTIES TO THE JUDGMENT/ORDER AND NAMES AND ADDRESSES OF ATTORNEYS FOR EACH PARTY
## SERVICE LIST

SILVERMAN & ASSOCIATES
Robert B. Silverman SBN 170517
25 S. Oak Knoll Ave., Suite 504
Pasadena, Ca 92683
Tel: 626-529-4202
Fax: 888-308-5099
Email: silveratty@gmail.com

ATTORNEYS FOR PLAINTIFF/APPELLANT
1 800 GET THIN, LLC


DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 1201 62)
kellisager dwt.com
ALoNzo wP c KERs I v (State Bar NO. 169454)
alonzowickers dwt.com
LISA J. KOHN (p ta te Bar No. 260236)
lisakohn@dwt.com
865 South Figueroa Street, Suite 2400
Los Angeles, California 900 17-2566
Telephone: (213) 633-6800 1 Fax: (213) 633-6899

KARLENE GOLLER (State Bar No. 147065)
karlene oller@latimes.com
202 West f: irst Street
Los Angeles, California 900 12
Telephone: (213) 237-3760 I Fax: (21 3) 237-3810

ATTORNEYS FOR DEFENDANTS
LOS ANGELES TIMES COMMUNICATIONS LLC
MICHAEL HILTZIK
STUART PFEIFER