O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 1800 GET THIN, LLC, | CASE CV 11-00505 ODW (PJWx) |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS [28] |
| v. | |
| Michael Hiltzik, an individual; Los Angeles Times Communications, LLC; Stuart Pfeifer; etc., et al., | |
| Defendants. | |

## I. INTRODUCTION

Currently before the Court is Defendants, Michael Hiltzik, Los Angeles Times Communications, LLC, and Stuart Pfeifer's, Motion for Attorneys' Fees and Costs. (Dkt. No. 28.) The Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **DENIES** Defendants' Motion.

## II. BACKGROUND

On July 25, 2011, this Court granted Defendants' Motion to Dismiss with prejudice

1

1800 GET THIN's ("Plaintiff") First Amended Complaint. (Dkt. No. 27.) The Court held Plaintiff's trademark infringement allegations, that Defendants' references to Plaintiff's trademark were false and misleading, were not sufficiently pled and failed to state a claim under the Lanham Act. (Dkt. No. 27.) As a result, Defendants have filed the instant motion requesting costs and attorneys' fees. (Dkt. No. 28.) Defendants seek $97,200.65 in defending against Plaintiff's trademark infringement claims, and an additional $11,506.50 for the fees incurred in connection with the instant motion. (Mot. at 1.)

### III.    LEGAL STANDARD

Under the "American Rule," each side to a lawsuit bears the costs of their own attorneys' fees unless a statute or private agreement provides otherwise. *Carbonell v. INS,* 429 F.3d 894, 897-98 (9th Cir. 2005). The Lanham Act permits an award of attorneys' fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). While the term "exceptional" is not defined by statute, "this requirement is met when the case is either 'groundless, unreasonable, vexatious, or pursued in bad faith.'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir.2002). Moreover, district courts are vested with the inherent power to issue sanctions in the form of attorneys' fees. *See Tumpap v. Aurora Loan Servs. LLC*, CIVIL NO. 10-00325 SOM-RLP, 2011 U.S. Dist. LEXIS 78701, at *15 (D. Haw. May 24, 2011). The Ninth Circuit requires a specific finding of bad faith before a court may issue these sanctions pursuant to its powers. *Id.* (citing *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001)).

### IV.    DISCUSSION

Defendants seek attorneys' fees in this case pursuant to the Lanham Act, or alternatively, through the Court's inherent powers. The Court will address each in turn.

    **a.    Lanham Act - 15 U.S.C. § 1117(a)**

Defendants aver Plaintiff's Lanham Act claims were "without merit." (Mot. at 6.) Therefore, Defendants argue, this litigation is one of the "exceptional cases" which justifies an award of attorneys' fees. (Mot. at 2.) The Court, however,

disagrees with Defendants' position.

To bolster their assertion that Plaintiff's claims were without merit, Defendants argue that the Lanham Act "was never intended to apply to use of a trademark in news reporting activities." (Mot. at 8.) However, the Court believes that this statement is overreaching. Although the nominative fair use defense was designed in part to preserve First Amendment interests, the nominative fair use doctrine does not appear to provide blanket protection for news reporting. Indeed, the court in *New Kids on the Block v. News America Pub., Inc.*, seemed to suggest that the nominative fair use defense would not apply to cases where the use was "false or misleading." 971 F.2d 302, 307-08 (9th Cir. 1992).[1] Given the fact that Plaintiff alleged that Defendants' use was false and misleading, the Court does not find that Plaintiff's claim was completely without merit just because Plaintiff's allegations were found insufficient to state a claim. *See Ant v. McPartlin*, CV 09-7672 PSG (Rzx), 2010 U.S. Dist. LEXIS 122456, at *18-19 (C.D. Cal. Nov. 2, 2010) (noting that a party being entitled to judgement does not mean opposing party's claims were groundless otherwise the "'exceptional' case requirement in the statute would be a nullity.").

Moreover, Defendants argue that Plaintiff's allegations were found to be "too speculative" and insufficient to state a claim, which entitles Defendants to attorneys' fees. (Mot. at 7-8.) The Court declines, however, to use this as the standard to characterize an "exceptional case." There is nothing "exceptional" about failing to state a claim, in fact, it is a regular occurrence within the federal court system.

Finally, Defendants argue this case is "exceptional" because Plaintiff engaged in abusive litigation tactics which was done in bad faith. (Mot. at 9.) Specifically, Defendants argue that Plaintiff filed a convoluted Complaint, filed five lawsuits

---

[1] *See also, Eastwood v. National Enquirer*, 123 F.3d 1249, 1250-51 (9th Cir. 1997) (noting Clint Eastwood's award under Lanham Act for National Enquirer's fabrication of a purported interview with him). The Court is in no way suggesting that the instant case is in any way analogous to *Eastwood*. Rather, the Court is using this case as an illustration that a colorable argument could be made against a publisher for a false and misleading use under the Lanham Act. Given the Court's ruling to grant Defendants' Motion to Dismiss, a similar case filed by Plaintiff, or a party like Plaintiff, would not be given the same latitude in the future as this case received.

against Defendants,[2] and filed a Motion to Amend on minimum notice. (Mot. at 9-11.) Although the Court agrees with Defendants that Plaintiff's Complaint was cumbersome to read, subpar lawyering is not the standard to find an "exceptional case."

Moreover, of the five lawsuits filed against Defendants, two of them are filed by parties that are wholly independent of 1800 GET THIN's marketing service.[3] It should be noted, however, all these other lawsuits were neither decided before this Court, nor has the Court read the pleadings associated with them. Lastly, considering Plaintiff's filing on minimum notice, the Court does not believe this warrants an award of attorneys' fees. This case is easily distinguishable from *Sci. Weight Loss, LLC v. U.S. Med. Care Holdings*, *LLC*, which Defendants cite in their Motion. Case No. CV 08-2852 PSG (FFMx), 2009 U.S. Dist. LEXIS 64061, at *13 (C.D. Cal. July 15, 2009) (finding an exceptional case where "Plaintiffs greatly multiplied the burden of defending [the] lawsuit by repeatedly filing 'emergency' motions). Here, Plaintiff was not alleged to have filed any emergency motions nor have Defendants alleged Plaintiff to have repeatedly filed baseless motions except for one Motion to Amend.

For the above mentioned reasons, the Court **DENIES** Defendants' Motion to obtain attorneys' fees under the Lanham Act.

### b. The Court's Discretion

The Court in this instance declines to use its discretion to award Defendants attorneys' fees.

---

[2] Defendants do not argue that 1800 GET THIN has brought five separate lawsuits against Defendants. Rather, Defendants argue that individuals and entities connected to 1800 GET THIN have brought five separate lawsuits against Defendants.

[3] With its familiarity with this case, the Court does not believe, nor do Defendants assert, that Beverly Hills Surgery Center LLC ("Beverly Surgery") is in any way owned or operated by 1800 GET THIN. Because Beverly Surgery and 1800 GET THIN are two distinct parties, the Court does not find it reasonable to attribute Beverly Surgery's lawsuits to 1800 GET THIN. Therefore, the Court will take into consideration the instant case as well as the two lawsuits filed by the Omidi brothers.

## V. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion to for Attorneys' fees.

**IT IS SO ORDERED**.

September 13, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE